UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE KARAS**

---------------------------------------------------------

THE VILLAGE OF CHESTNUT RIDGE, THE
VILLAGE OF MONTEBELLO, THE VILLAGE
OF POMONA, THE VILLAGE OF WESTLEY HILLS,
MILTON B. SHAPIRO and DR. SONYA SHAPIRO,

NOTICE OF REMOVAL

07 CIV. 9278

Petitioners/Plaintiffs,

-against-

Case No.: 07 CIV

THE TOWN OF RAMAPO, THE TOWN BOARD OF
THE TOWN OF RAMAPO, THE PLANNING BOARD
OF THE TOWN OF RAMAPO, YESHIVA CHOFETZ
CHAIM OF RADIN, SCENIC DEVELOPMENT, LLC
and THE BOARD OF APPEALS OF THE TOWN OF
RAMAPO, and MOSDOS CHOFETZ CHAIM, INC.

Respondents/Defendants.

---------------------------------------------------------x

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Defendant Mosdos Chofetz Chaim, Inc. is a Respondent/Defendant in the civil action, the Amended Petition and Amended Summons first naming Mosdos Chofetz Chaim, Inc. be filed on September 26, 2007 in the Supreme Court of the State of New York, Westchester County, under Index No. 04-16876 (the "Instant Action"), the original action having been commenced on October 13, 2004. Pursuant to the provisions of Section 1441(b), 1443 and 1446 of Title 28 of the United States Code, Defendant Mosdos Chofetz Chaim, Inc. ("Mosdos") removes this action to the United States District Court for the Southern District of New York, which is the judicial district in which the action is pending.

1.  The grounds for removal of this action is that a federal question, of which the federal district court would have original jurisdiction, under 28 U.S.C. 1331, is presented.

A.  In particular, Mosdos is a religious corporation, Yeshiva (religious school) and a congregation whose members are of a protected racial class being Jewish

3

residents who are engaged in the specific activity of holding, improving and leasing real property covered by Section 1982 of Title 42 of the United States Code. Mosdos's rights pursuant to the Fair Housing Act (42 U.S.C. §3604, et seq.) are being abridged as a result of Plaintiffs/Petitioner's ("Plaintiffs") acts of discrimination against Mosdos, including the commencement of the instant lawsuit which was motivated to coerce, intimidate or deter Defendant from providing housing in violation of the Fair Housing Act. Mosdos is being denied the same rights in the aforesaid activities as is enjoyed by other citizens in the County of Rockland County and the State of New York. *See Sofarelli v. Pinellas County, et al*, 931 F.2d 718 (11th Cir. 1991) (holding that the filing of a State Court lawsuit as a means to coerce, intimidate or deter one from moving into a certain neighborhood thus violating the Fair Housing Act is grounds for removal in and of itself).

B. Mosdos is a religious corporation, Yeshiva, (*religious school*) and a congregation whose members are of a protected racial class being Jewish residents who were engaged in religious activities and religious practice in accordance with their sincerely held beliefs. Due to Plaintiffs/Petitioner's ("Plaintiffs") acts of discrimination against said Defendant, Defendant, through the instant lawsuit which was motivated to coerce, intimidate and deter Defendant from practicing his religion in "violation of the Exercise Clause, First Amendment, United States Constitution" and is being denied his religious practice and use of his religious facilities. Therefore, removal is appropriate.

C. In addition, removal of the instant Action is also proper under Section 1441 and 1443 of Title 28 of the United States Code since the property involved in this matter and referenced in the Complaint as the "Nike Site" was the subject matter of litigation in, the United States District Court under Docket No. 97 Civ. 4021 (CM) (LMS) entitled Yeshiva Chofetz Chaim Radin, Inc., Israel Gruener and Berel Shakovin, Plaintiffs v. The Village of New Hempstead by its Board of

4

Trustees of the Village Of New Hempstead, Lawrence Dessau, Individually and as Mayor, William Moriarty, Individually and as Deputy Building Inspector, Defendants. This Court has jurisdiction over specified issues regarding said property.

D. In addition, the instant action presents issues under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*, the rights of which are being impeded by Plaintiff/Petitioners' commencement of this lawsuit.

2. This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because the Plaintiffs' initial pleadings bringing Mosdos Chofetz Chaim, Inc. into the jurisdiction of the Court (i.e., Amended Notice of Petition and Petition as well as the Amended Summons and Complaint) in this action were served no earlier than on September 26, 2007. This Notice of Removal is filed within thirty (30) days of receipt of the Plaintiffs' Amended Notice of Petition and petition as well as Amended Summons and Complaint by Defendant and is, therefore, timely filed under 28 U.S.C. § 1446(b).

3. All state court pleadings served on the Defendant at the time of removal, consisting of a Notice of Petition and Petition and Summons and Complaint, are attached.

Dated: October 17, 2007  
Goshen, NY

Yours, etc.,

_____  
Joseph J. Haspel (JJH-5753)  
Attorneys for Defendant Mosdosa Chofetz Chaim, Inc.  
40 Matthews Street  
Suite 201  
Goshen, NY 10924  
845-294-8950

TO: Zarin & Steinmetz  
Attorneys for Petitioners/Plaintiffs 81 Main Street, Suite 415  
White Plains, NY 10601

John N, Toriello, Esq.
Attorneys for Town of Ramapo Holland and Knight, LLP
195 Broadway, 24th Floor New York, NY 10007-3189

Terry Rice, Esq. Rice & Amon
Attorneys for Scenic Development, LLC Four Executive Boulevard, Suite 100
Suffern, NY 10901

Town of Ramapo Office of the Town Attorney Attorneys for Town of Ramapo and Planning Board 237 Route 59 Suffern, NY 10901

Ferrick, Lynch & MacCartney. Attorneys for Yeshiva Chofetz Chaim Inc.
96 South Broadway Nyack NY 10960

County Clerk of the County of Westchester 111 Dr. Martin King, Jr. Boulevard
White Plains, NY 10601

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------x

| | |
|---|---|
| THE VILLAGE OF CHESTNUT RIDGE, THE VILLAGE OF MONTEBELLO, THE VILLAGE OF POMONA, THE VILLAGE OF WESLEY HILLS, MILTON B. SHAPIRO and DR. SONYA SHAPIRO,<br><br>  Petitioners/Plaintiffs,<br><br>- against -<br><br>THE TOWN OF RAMAPO, THE TOWN BOARD OF THE TOWN OF RAMAPO, THE PLANNING BOARD OF THE TOWN OF RAMAPO, YESHIVA CHOFETZ CHAIM OF RADIN, SCENIC DEVELOPMENT, LLC, and THE BOARD OF APPEALS OF THE TOWN OF RAMAPO, and MOSDOS CHOFETZ CHAIM, INC.,<br><br>  Respondents/Defendants. | Index No. 04-16876<br><br>Assigned Judge:<br>Hon. Francis A. Nicolai<br><br>**<u>AMENDED SUMMONS</u>**<br><br>Plaintiffs designate Westchester County as the place of trial. Venue is based upon the judicial district where the determination complained of was made. |

---------------------------------------x

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the Amended Verified Complaint in this action and to serve a copy of your Answer, or, if the Amended Verified Complaint is not served with this Amended Summons, to serve a Notice of Appearance, on the Plaintiffs' attorneys within 20 days after the service of this Amended Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Amended Verified Complaint.

Dated: White Plains, New York
September 26, 2007

                              Respectfully submitted,

                              ZARIN & STEINMETZ

By: _____
Michael D. Zarin
*Attorneys for Petitioner/ Plaintiff Villages*
81 Main Street, Suite 415
White Plains, New York 10601
(914) 682-7800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------x

THE VILLAGE OF CHESTNUT RIDGE, THE
VILLAGE OF MONTEBELLO, THE VILLAGE
OF POMONA, THE VILLAGE OF WESLEY HILLS,     :  Index No. 04-16876
MILTON B. SHAPIRO and DR. SONYA SHAPIRO,
                                            :  Assigned Judge:
                Petitioners/Plaintiffs,    :  Hon. Francis A. Nicolai

     - against -                         :  NOTICE OF AMENDED
                                               VERIFIED PETITION
THE TOWN OF RAMAPO, THE TOWN                :
BOARD OF THE TOWN OF RAMAPO, THE
PLANNING BOARD OF THE TOWN OF               :
RAMAPO, YESHIVA CHOFETZ CHAIM OF
RADIN, SCENIC DEVELOPMENT, LLC, and THE     :
BOARD OF APPEALS OF THE TOWN OF RAMAPO,
and MOSDOS CHOFETZ CHAIM, INC.,             :

                Respondents/Defendants. :
---------------------------------------------------------------x

      **PLEASE TAKE NOTICE**, that upon the Amended Verified Petition of Petitioners, verified on the 23rd day of December 2004, and upon all pleadings and proceedings previously had and filed herein, including, the Memorandum of Law in Support of Petitioners' Article 78 Petition dated October 12, 2004; the Affidavit of Robert H. Frankl, sworn to October 5, 2004; the Affidavit of Jerome Kobre, sworn to October 6, 2004; the Affidavit of Jeffrey Osterman, sworn to September 29, 2004; the Affidavit of Bernard Adler, sworn to October 6, 2004; the Affidavit of Jay B. Rosenstein, sworn to September 14, 2004; the Affidavit of Robert Moskowitz, sworn to September 22, 2004, the Affidavit of Milton B. Shapiro and Dr. Sonya Shapiro, sworn to September 30, 2004, and all exhibits annexed thereto, application will be made to the Supreme Court of the State of New York, County of Westchester, at 111 Dr. Martin Luther

King, Jr. Boulevard, White Plains, New York on the 17th day of October, 2007, at 9:30 o'clock in the forenoon, or as soon thereafter as counsel can be heard, for a judgment granting the relief requested in the Amended Verified Petition, and

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Section 7804(c) of the Civil Practice Laws and Rules ("CPLR"), a Verified Answer and supporting affidavits, if any, must be served at least five (5) days before the return date of this application and that, pursuant to CPLR Section 7804(c), Respondents are directed to file a certified copy of the proceedings to be considered herein.

Dated: White Plains, New York
       September 26, 2007

                                            Respectfully submitted,

                                            ZARIN & STEINMETZ

                                    By:     _____
                                            Michael D. Zarin
                                            *Attorneys for Petitioners/Plaintiffs*
                                            81 Main Street, Suite 415
                                            White Plains, New York 10601
                                            (914) 682-7800

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------x

THE VILLAGE OF CHESTNUT RIDGE, THE
VILLAGE OF MONTEBELLO, THE VILLAGE
OF POMONA, THE VILLAGE OF WESLEY HILLS,
MILTON B. SHAPIRO and DR. SONYA SHAPIRO,

                        Petitioners/Plaintiffs,

- against -

THE TOWN OF RAMAPO, THE TOWN
BOARD OF THE TOWN OF RAMAPO, THE
PLANNING BOARD OF THE TOWN OF
RAMAPO, YESHIVA CHOFETZ CHAIM OF
RADIN, SCENIC DEVELOPMENT, LLC, and THE
BOARD OF APPEALS OF THE TOWN OF RAMAPO,
and MOSDOS CHOFETZ CHAIM, INC.,

                        Respondents/Defendants.
------------------------------------------x

Index No. 04-16876

Assigned Judge:
Hon. Francis A. Nicolai

AMENDED VERIFIED
PETITION
AND COMPLAINT

       Petitioners/Plaintiffs the Village of Chestnut Ridge, the Village of Montebello, the Village of Pomona, and the Village of Wesley Hills (collectively, the "Villages"), by their attorneys, Zarin & Steinmetz, and Jay B. Rosenstein, Robert Moskowitz, Milton B. Shapiro and Dr. Sonya Shapiro (collectively with the Villages, the "Petitioners/Plaintiffs"), by their attorneys Ross & Gess, Attorneys, P.C., as and for their Amended Verified Petition and Complaint herein, respectfully allege, as follows:

## SUMMARY OF ACTION

       1.    Petitioners/Plaintiffs bring this hybrid action against the Town of Ramapo and the Town Board of the Town of Ramapo (collectively, the "Town" or "Ramapo") to have the Town's recently enacted Adult Student Housing Law declared void and unconstitutional.

2. Petitioners/Plaintiffs seek, among other things, a determination pursuant to CPLR Article 78 that the Town Board's environmental review of the Adult Student Housing Law was arbitrary, capricious and an abuse of discretion under the New York State Environmental Quality Review Act ("SEQRA"), N.Y. Envtl. Conserv. Law § 8-0101, et seq.

3. Petitioners/Plaintiffs also seek a determination that the Town Planning Board's issuance of a negative declaration for its first Adult Student Housing site plan application located on a site in the Town of Ramapo (the "Nike Site") was arbitrary, capricious and an abuse of discretion under SEQRA.

4. On or about January 29, 2004, the Town adopted a Comprehensive Plan, following completion of a Generic Environmental Impact Statement of the Comprehensive Plan. The Comprehensive Plan proposed a series of major zoning changes in areas throughout the unincorporated portion of the Town. These changes involved primarily the rezoning of residential districts to significantly increased density, and to convert certain non-residential districts to higher density residential districts.

5. On or about May 27, 2004, Petitioner/Plaintiff Villages, together with the Villages of Airmont, Suffern and Sloatsburg, commenced a lawsuit against the Town in the Supreme Court of New York, Westchester County, Index No. 04-08424 ("Ramapo I"). Ramapo I, which is still pending, was brought pursuant to Article 78 of the Civil Practice Law and Rules, seeking to annul, vacate and set aside the Resolution adopting the Comprehensive Plan and SEQRA Findings of even date, on the grounds that the Town violated SEQRA.

6. In Ramapo I, the Petitioner Villages asserted that the Town violated SEQRA by failing to take the required "hard look" at the potential impacts of the Comprehensive Plan, failing to consider reasonable alternatives to the adoption of the Comprehensive Plan,

2

improperly deferring analysis and resolution of impacts to the infrastructure, especially traffic, sewage, water and school systems, for review at a later time, and improperly segmenting review of known projects related to and dependent on the zoning changes set forth in the Comprehensive Plan.

7. Indeed, the Town Supervisor had stated on various occasions that the rezonings contemplated under the Comprehensive Plan would be proposed, studied and enacted in a comprehensive manner, not individually or in piecemeal fashion, so that their entire impact could be properly evaluated.

8. Yet, at the Town's first opportunity to follow through on these representations, on or about June 15, 2004, the Town proposed and enacted a zoning law allowing significantly higher density residential development throughout the Town, in a piecemeal fashion, without fully analyzing the environmental impacts from this zoning law and without studying it in conjunction with the other proposed rezonings.

9. The first zoning law enacted was the Adult Student Housing Law, Local Law No. 9-2004 ("Adult Student Housing Law"), permitting married adult student multi-family high-density housing in most single-family residential zones throughout the unincorporated portion of the Town of Ramapo. (See generally Adult Student Housing Law, Exh. "1"). This new high-density housing was to be allowed as an "accessory use" to a post-secondary educational institution so long as the educational institution occupies only ten (10) per cent of the site.

10. The substantial increase in development proposed under the Adult Student Housing Law would be located directly abutting Petitioners/Plaintiffs' borders, and would have significant potential adverse impacts on the character and/or infrastructure of the petitioning

communities, including the straining of already overburdened water supply and sewage systems, severe increases in traffic generation, and substantial increases in population and density.

11. Yet, the Town determined in issuing a determination of non-significance under SEQRA that the Adult Student Housing Law would not result in even one potential significant environmental impact, avoiding the need to prepare an environmental impact statement as required by law.

12. In its haste to enact the Adult Student Housing Law, as well as expedite various higher density development proposals already pending before the Law was even enacted, the Town simply ignored and failed to examine adequately any of the obvious potential environmental impacts the Law would have on Petitioners/Plaintiffs and their related communities.

13. The Town also failed to provide a reasoned elaboration to support its Negative Declaration, as well as improperly delegated its decision-making responsibilities under SEQRA to its consultant.

14. The Town also improperly segmented its review by deferring its analysis of the potential impacts from specific, definitive project proposals for married adult student multi-family housing before the Town at the time it enacted its Adult Student Housing Law.

15. In particular, at the time the Town was considering the Adult Student Housing Law, there was already a pending application by Respondent/Defendant Yeshiva Chofetz Chaim for a sixty (60) unit housing development, which would increase the housing density at that site by over 750%.

16. Shortly following the enactment of the Adult Student Housing Law, Respondent/Defendant Yeshiva Chofetz Chaim resubmitted its site plan application to

Respondent/Defendant Town Planning Board for the same project at a site known as the Nike Site.

17. Shortly thereafter, in order to enact the additional zoning provisions proposed in the Comprehensive Plan, which were not otherwise enacted as part of the Adult Student Housing Law, the Town issued a "Draft Supplemental Environmental Impact Statement Assessing Comprehensive Plan Recommendations" and proposed new Comprehensive Zoning Law.

18. While Respondent/Defendant Chofetz Chaim's application was pending before the Town under the recently enacted Adult Student Housing Law, the Town completed its environmental review of the new Comprehensive Zoning Law, which supposedly incorporated, inter alia, the Adult Student Housing Law as Section 376-1215.

19. Contrary to any after-the-fact representations the Town may assert, the Town's supplemental environmental review relating to the enactment of its new Comprehensive Zoning Law failed to cure – let alone address – the deficiencies in the Town's previously issued negative declaration and flawed environmental review of its already enacted Adult Student Housing Law.

20. In fact, Town representatives repeated on several occasions during its supplemental review under SEQRA that it would not accept any comments concerning the potential environmental impacts of the Adult Student Housing Law since such Law had already been enacted.

21. Not wasting any time, approximately one week after issuing its SEQRA Findings concerning its supplemental review of its new Comprehensive Zoning Law and despite repeated assurances by the Town that any development application under the new Zoning would

be subject to a more detailed site specific environmental review, the Town Planning Board, without any meaningful environmental review, issued yet another determination of no environmental significance. This time the Town Planning Board closed the environmental review process on the pending adult student housing site plan application of Respondent/Defendant Chofetz Chaim for the Nike Site.

22. The Town Planning Board's cursory examination and negative declaration issued in connection with Respondent/Defendant Chofetz Chaim's application for a substantially higher density sixty (60) unit multi-family housing development under the Adult Student Housing Law was arbitrary, capricious and an abuse of discretion, and respectfully must be declared null and void.

23. The Town's flawed environmental review and Negative Declaration of its Adult Student Housing Law must also be annulled and vacated, and the Town must be required to undertake a more detailed and informative analysis and evaluation of the real and undisputed impacts.

24. The Town also failed to properly enact the Adult Student Housing Law in accordance with Municipal Home Rule Law and General Municipal Law. The Town did not hold another public hearing or refer the Adult Student Housing Law to the County Planning Department after making substantial changes to the Adult Student Housing Law. These substantial changes were included in the final version of the Adult Student Housing Law after the public hearing and after referring the Adult Student Housing Law to the County, preventing the public and the County from commenting on the substantial changes and their potential impacts.

25. The Adult Student Housing Law also amounts to impermissible spot zoning. The Adult Student Housing Law specifically singles out individual lots for this use, presumably requested by the property owners, to the detriment of surrounding property owners. The Adult Student Housing Law further impermissibly carves out an exception to one of the Adult Student Housing Law's requirements, which is applicable solely to one particular parcel, the Nike Site.

26. Petitioners/Plaintiffs also seek a declaratory judgment declaring the Adult Student Housing Law unconstitutional.

27. The Adult Student Housing Law violates the Due Process Clauses of the United States and New York State Constitutions by limiting the application of the Adult Student Housing Law to only married students.

28. The Adult Student Housing Law also violates the Establishment Clause of the First Amendment to the United States Constitution. The Adult Student Housing Law has the purpose and effect of promoting religion and fosters the excessive entanglement of the government with religion by, inter alia, providing aid and preference to those engaged in full time study consistent with recognized religious practice or belief.

29. The Adult Student Housing Law was also not enacted pursuant to the Town's police powers, and is not rationally related to a legitimate governmental purpose. The Adult Student Housing Law is not in conformance with the Town's recently enacted Comprehensive Plan. It allows impermissible spot zoning, forbids development on properties that are assembled from smaller lots, and was enacted in response to the threat of litigation rather than in furtherance of the health, safety and welfare of the Town's residents. Thus, the Adult