236. The SEIS issued for the Comprehensive Zoning Law did not cure -- let alone address -- the prior deficient environmental review of the Adult Student Housing Law.

237. By the Town's own admission, the SEIS was not meant to address the Adult Student Housing Law as this Law had been previously enacted. The Town specifically refused to take or respond to comments made on the SEIS pertaining to the Adult Student Housing Law.

238. To the extent that the SEIS may have indirectly related to the Adult Student Housing Law, the SEIS, by its own terms, only reviewed the general traffic impacts from four sites that the Town suspected might seek to be developed as adult student housing, as part of the overall future build conditions along with other potential developments. Even this purported review was completely inadequate.

239. The SEIS failed to address any of the other at least 96 sites identified by the Town as potentially eligible for development under the Adult Student Housing Law.

240. The SEIS also continued to ignore and failed to take the requisite "hard look" at any of the significant potential adverse impacts, which the Adult Student Housing Law might cause, including, but not limited to, impacts relating to community character, schools, and infrastructure from the vastly increased housing density permitted under the Adult Student Housing Law.

241. The SEIS also did not cure the prior inadequate review of the potential traffic, safety, water and sewer impacts from the Adult Student Housing Law for the four sites, and ignored numerous other potentially impacted traffic intersections.

242. Finally, the SEIS constituted improper segmentation as it continued to fail to evaluate the site specific impacts with respect to the known pending application from Defendant Chofetz Chaim for adult student housing at the Nike Site.

243. The Town's failure to satisfy its obligations as lead agency under SEQRA was arbitrary, capricious and an abuse of discretion and its adoption of the SEQRA Findings and alleged re-adoption of the Adult Student Housing Law as part of the Comprehensive Zoning Law, must be annulled and vacated, and no activities permitted.

244. The SEIS for the new Comprehensive Zoning Law cannot be used and did not cure the prior deficiencies in the environmental review of the Adult Student Housing Law and the alleged re-enactment of the Adult Student Housing Law as part of the new Comprehensive Law is null and void.

## SIXTH CAUSE OF ACTION
(Violation of SEQRA Procedures)

245. Petitioners/Plaintiffs repeat and reallege paragraphs 1 through 244 as if fully set forth herein.

246. SEQRA mandates strict and literal compliance with its procedures to ensure that agencies will err on the side of meticulous care in their environmental review.

247. SEQRA requires that the lead agency consider the substantive public comments received on a DEIS and respond to such comments in the FEIS. Lead agencies may not ignore public comments on a DEIS. See ECL § 8-0109.

248. If a lead agency determines to hold a public hearing on a DSEIS, then the lead agency must allow the public the opportunity to comment at the public hearing.

249. During the public hearing on the DSEIS for the new Comprehensive Zoning Law, the Town repeatedly stated that this public hearing was not for comments on the Adult Student Housing Law as that Law was already enacted.

250. In the FSEIS for the new Comprehensive Zoning Law, the Town refused to respond to comments on the Adult Student Housing Law as that Law was already enacted and not part of the SEIS for the new Comprehensive Zoning Law.

251. The Town violated the requirements of SEQRA when it failed to hold the required public hearing under SEQRA in connection with the DSEIS for the alleged re-adoption of the Adult Student Housing Law and failed to respond to comments on the Adult Student Housing Law in the FSEIS.

### SEVENTH CAUSE OF ACTION
(Impermissible Spot Zoning)

252. Petitioners/Plaintiffs repeat and reallege paragraphs 1 through 251 as if fully set forth herein.

253. The Adult Student Housing Law requires that "no structure shall be located within five hundred feet (500) of abutting land within a village which is residentially zoned at a density of one dwelling unit per acre or less."

254. Yet, the Adult Student Housing Law carves out an exception to this buffering requirement applicable the Nike Site. The Adult Student Housing Law contains no explanation for this exemption except that the Nike Site cannot meet the buffering requirement. This is clearly beneficial to the property owner who would otherwise not be able to apply for this high density housing.

255. The Nike Site is completely surrounded by low density single-family residences.

256. Creating different zoning requirements for individual properties that are otherwise part of a class or that are similarly situated to other properties is spot zoning.

257. The Town stated the Adult Student Housing Law is specifically applicable to four (4) named Sites: the Nike Site, Patrick Farm Site, Highview Road Site and Spruce Road Site. Each of these Sites is surrounded by single-family zoning districts. Application of the Adult Student Housing Law to the specified Sites constitutes spot zoning since the use is for the benefit of specific property owners to the detriment of the surrounding single family property owners and is contrary to the Comprehensive Plan.

258. The Adult Student Housing Law should be declared void and illegal as constituting impermissible spot zoning.

### EIGHTH CAUSE OF ACTION
(Violation of Municipal Home Rule Law)

259. Petitioners/Plaintiffs repeat and reallege paragraphs 1 through 258 as if fully set forth herein.

260. The Town enacted the Adult Student Housing Law in violation of the Municipal Home Rule Law.

261. Municipal Home Rule Law Section 20(4) mandates that no local law shall be passed unless it is in final form and on the desks of the legislative body at least seven calendar days prior to its final passage or mailed to the members of the legislative body at least ten calendar days prior to final passage.

262. Municipal Home Rule Law Section 20(5) mandates a public hearing on the proposed local law prior to adoption of the local law.

263. An additional public hearing must be held on a local law if substantial or material changes are made to the local law following the initial public hearing.

46

264. The only public hearing on the proposed Adult Student Housing Law was held on or about June 2, 2004.

265. Following the public hearing, numerous significant changes were made to the Adult Student Housing Law, including, (i) adding a requirement that the students be married; (ii) changing to 30 days from 6 months within which the students must vacate when they are no longer eligible for the housing; (iii) adding a limitation on maximum lot size to 12 acres; (iv) adding a requirement that the project be located on an already existing lot that meets the lot size requirements or be created by subdivision from a larger lot; (v) adding an occupancy limitation of 6 years; and (vi) changing the buffering requirements.

266. These changes to the Adult Student Housing Law were substantial, and required another public hearing prior to adoption of the Adult Student Housing Law. The public had a right to comment on the revised Adult Student Housing Law.

267. The Town failed to hold another public hearing on the Adult Student Housing Law, preventing Petitioners/Plaintiffs and the public from learning about and commenting on the Adult Student Housing Law as actually enacted.

268. In addition, upon information and belief, the Adult Student Housing Law was not in its final form until June 15, 2004, the day of the adoption of the Adult Student Housing Law.

269. At the public hearing held on or about September 27, 2004, on the new Comprehensive Zoning Law, the Town failed and refused to allow public comments on the Adult Student Housing Law, thus the changes to the Adult Student Housing Law were still not presented for public comment.

270. The Adult Student Housing Law should be declared void and invalid for violating the Municipal Home Rule Law.

### NINTH CAUSE OF ACTION
(Violation of General Municipal Law)

271. Petitioners/Plaintiffs repeat and reallege paragraphs 1 through 270 as if fully set forth herein.

272. The Town enacted the Adult Student Housing Law in violation of the General Municipal Law.

273. The General Municipal Law requires that if any substantive or material changes are made to a local law after the County's review, that the local law be resubmitted to the County for further review.

274. Following the County's review and comments on the Adult Student Housing Law, the Town made numerous significant changes to the Adult Student Housing Law.

275. These changes to the Adult Student Housing Law were substantial and required resubmittal to the County for another review pursuant to the General Municipal Law.

276. The Town failed to submit the revised Adult Student Housing Law to the County for further review.

277. The Adult Student Housing Law should be annulled and declared void for failure to comply with the General Municipal Law.

### TENTH CAUSE OF ACTION
(Facial Invalidity of the Adult Student Housing Law – Violation of the Fourteenth Amendment, United States Constitution and Article I, Section 6, New York State Constitution)

278. Petitioners/Plaintiffs repeat and reallege paragraphs 1 through 277 as if fully set forth herein.

279. On its face, the provision of the Adult Student Housing Law, which limits occupancy of adult student housing to "married" adult students and their families and prevents unmarried adult students and their families from occupying adult student housing, does not further a legitimate governmental purpose.

280. On its face, the provision of the Adult Student Housing Law, which limits occupancy of adult student housing to "married" adult students and their families and prevents unmarried adult students and their families from occupying adult student housing, bears no reasonable relation to the ends sought to be achieved by the Adult Student Housing Law.

281. The Adult Student Housing Law discriminates on the basis of familial status.

282. The Adult Student Housing Law amounts to a denial of the right to due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, § 6 of the Constitution of the State of New York.

283. Petitioners/Plaintiffs request a judgment declaring that on its face the limitation of the Adult Student Housing Law to "married" adult students violates the Due Process Clauses of the Fourteenth Amendment to the Constitution of the United States and Article I, § 6 of the Constitution of the State of New York.

ELEVENTH CAUSE OF ACTION
(Facial Invalidity of the Adult Student Housing Law – Violation of the Establishment Clause, First Amendment, United States Constitution)

284. Petitioners/Plaintiffs repeat and reallege paragraphs 1 through 283 as if fully set forth herein.

285. The Adult Student Housing Law does not promote a secular purpose, in that the Planning Board must make a determination as to whether a religious practice or belief is

adequately "recognized" in order to grant a student's request "for good cause" to extend his or her six (6) year residency. Adult Student Housing Law 9-2004(F).

286. This provision in the Adult Student Housing Law has as its principal effect to advance religion.

287. The Adult Student Housing Law also fosters excessive government entanglement with religion.

288. The legislative history shows that the Adult Student Housing Law is drawn to secure for one religious community a unique and significant zoning benefit as it is drafted to benefit four specific properties.

289. The Adult Student Housing Law provides aid and preference to those engaged in full time study consistent with recognized religious practice or belief.

290. The Adult Student Housing Law violates the Establishment Clause of the First Amendment to the Constitution of the United States, and must be annulled.

### TWELFTH CAUSE OF ACTION
(Town Board's Actions Ultra Vires and Void)

291. Petitioners/Plaintiffs repeat and reallege paragraphs 1 through 290 as if fully set forth herein.

292. The Town Board has no inherent power to enact zoning regulations and the Town Board exercises its zoning authority solely through the State's legislative grant of zoning authority as defined and set forth in the Town Law, Article 16.

293. The Town Board is only empowered to enact zoning regulations pursuant to a comprehensive plan, and for the purpose of promoting the health, safety, morals or the general welfare of the community.

294. The Adult Student Housing Law, which permits multi-family housing in any residential zone throughout the Town, is not in accordance with the Town's recently adopted Comprehensive Plan, and is ultra vires.

295. The Comprehensive Plan for the Town of Ramapo, adopted in January 2004, establishes certain areas within the Town for multi-family or high density residential use. The Adult Student Housing Law places multi-family housing outside of these designated areas, and immediately adjacent to single-family residential zoning districts.

296. The Adult Student Housing Law permits married adult student multi-family housing on minimum four-acre sites. Such multi-family housing, pursuant to the Adult Student Housing Law "must be located on an already existing lot which meets the lot size requirements or on a lot created by subdivision from a larger existing lot, and may not be the result of the combination of existing lots which separately fail to meet the lot size requirements."

297. Forbidding adult student multi-family housing on assembled lots, while allowing the housing in "existing" or subdivided lots is not rationally related to, or in furtherance of, the health, safety, morals or general welfare of the community, and is ultra vires.

298. The Adult Student Housing Law permits only married students and their families to reside in the student housing, and forbids unmarried students and their families from residing in the student housing. Such a distinction is not rationally related to, or in furtherance of, the health, safety, morals or general welfare of the community, and is ultra vires.

299. The Town Board enacted the Adult Student Housing Law in response to the pressure of litigation from certain property owners. The Town Board expressly stated that the Adult Student Housing Law was being adopted in response to concerns that litigation would

be brought pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

300. The Adult Student Housing Law was not, therefore, adopted to protect the health, safety and welfare of its citizens, rather the Town adopted the Adult Student Housing Law in response to the pressure of litigation from Town property owners who want to maximize development on their property for economic purposes.

301. The Adult Student Housing Law is ultra vires and should be declared null and void as outside the Town's grant of police powers from the State.

### THIRTEENTH CAUSE OF ACTION
(Violation of SEQRA – Failure to Take Requisite Hard Look At Nike Site Application)

302. Petitioners/Plaintiffs repeat and reallege paragraphs 1 through 301 as if fully set forth herein.

303. The Town Planning Board acted arbitrarily and capriciously and in violation of SEQRA when it issued a Negative Declaration in connection with Respondent/Defendant Chofetz Chaim's Nike Site adult student housing site plan application ("Nike Site Plan Application"). The Town Planning Board conducted an insufficient environmental review.

304. The Town Planning Board failed to comply with its substantive obligation to identify and take a "hard look" at potential significant adverse impacts from the Nike Site Plan Application, including but not limited to, specific impacts resulting from the Application relating to community character, water, sewer, infrastructure, and traffic and safety.

305. The Town Planning Board also failed to set forth the required reasoned elaboration for its determination that the Nike Site Plan Application would not result in even one

potential adverse environmental impact, requiring the preparation of a more detailed environmental impact statement.

306. Contrary to the Town's repeated statements that the Town would require detailed individual assessments for all individual projects under the Adult Student Housing Law, in particular, no such detailed assessments or reports were conducted or required for the Nike Site Plan Application.

307. The Town Planning Board's failure to require or prepare an EIS for the Nike Site Plan Application was arbitrary, capricious, and an abuse of discretion, and the Negative Declaration issued for the application must be vacated.

WHEREFORE, Petitioners/Plaintiffs request a judgment, as follows:

<u>Article 78 Petition:</u>

(1)  annulling and vacating the adoption of the Adult Student Housing Law;

(2)  annulling and vacating the finding of environmental non-significance under SEQRA for the Adult Student Housing Law;

(3)  annulling and vacating any actions taken by any of the Respondents/Defendants in reliance upon the SEQRA negative declaration for the Adult Student Housing Law;

(4)  annulling and vacating the alleged supplemental environmental review as it might relate to the Adult Student Housing Law;

(5)  enjoining Respondents/Defendants from implementing any of the provisions of the Adult Student Housing Law pending a determination of this proceeding;

(6)  declaring the Adult Student Housing Law constitutes impermissible spot zoning;

(7)  declaring the adoption of the Adult Student Housing Law violates the New York State Municipal Home Rule Law;

(8)  declaring the adoption of the Adult Student Housing Law violates the New York State General Municipal Law; and

(9) annulling and vacating the finding of environmental non-significance for Respondent/Defendant Chofetz Chaim's site plan application for adult student housing on the Nike Site and enjoining any further processing of this application pending a determination of this proceeding;

<u>Complaint For Declaratory Judgment:</u>

(10) declaring the Adult Student Housing Law violates the Due Process Clauses of the United States and New York State Constitutions;

(11) declaring the Adult Student Housing Law violates the Establishment Clause of the United States Constitution;

(12) declaring the Adult Student Housing Law was not enacted pursuant to the legislative grant of zoning powers to the Town;

(13) awarding Petitioners/Plaintiffs the costs and disbursements of this action; and

(14) granting such other and further relief as this Court deems just and proper.

Dated: December 23, 2004
White Plains, New York

ZARIN & STEINMETZ

By: _____
Michael D. Zarin
Susan H. Sarch
*Attorneys for Petitioners/Plaintiffs Villages*
81 Main Street, Suite 415
White Plains, New York 10601
(914) 682-7800

Ross & Gess, Attorneys, P.C.
*Attorneys for Individual
    Petitioners/Plaintiffs*
275 North Middleton Road
Pearl River, NY 10965
(845) 735-0088

## VERIFICATION

STATE OF NEW YORK          )
                           )  ss.:
COUNTY OF WESTCHESTER      )

MICHAEL D. ZARIN, being duly sworn, deposes and says:

He is the attorney for Petitioners/Plaintiffs The Villages of Chestnut Ridge, Montebello, Pomona and Wesley Hills in this action and his offices are located in White Plains, Westchester County, New York. He has read the foregoing Amended Verified Petition and Complaint and knows the contents thereof; that the same is true to his knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

The reason why this Verification is made by deponent instead of the Petitioners/Plaintiffs is because Petitioners/Plaintiffs are not within the County of Westchester, which is the County where deponent has his office. Deponent further says that the grounds of his belief as to all matters in the Amended Verified Petition and Complaint not stated to be upon his knowledge are based upon a review of documents and other writings relevant to this action.

_____
MICHAEL D. ZARIN

Sworn to before me
this 23 day of December, 2004

_____
Notary Public

JODY TAMAR CROSS
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02CR6078766
QUALIFIED IN PUTNAM COUNTY
COMMISSION EXPIRES AUGUST 8, 2006