USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

# ZARIN & STEINMETZ
ATTORNEYS AT LAW
81 MAIN STREET
SUITE 415
WHITE PLAINS, NEW YORK 10601

RECEIVED OCT 23 2007

**MEMO ENDORSED**

TELEPHONE: (914) 682-7800
FACSIMILE: (914) 683-5490
WEBSITE: WWW.ZARIN-STEINMETZ.NET

DAVID S. STEINMETZ*
MICHAEL D. ZARIN
DANIEL M. RICHMOND

* ALSO ADMITTED IN D.C.
° ALSO ADMITTED IN CT.
△ ALSO ADMITTED IN N.J.

DAVID J. COOPER
JODY T. CROSS °
JILLIAN K. MOONEY △
KEBRA A. RHEDRICK
BRAD K. SCHWARTZ

MARSHA RUBIN GOLDSTEIN
HELEN COLLIER MAUCH △
SUSAN H. SARCH *
LISA F. SMITH °

OF COUNSEL

October 23, 2007

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re:    *Village of Chestnut Ridge, et al. v. Town of Ramapo, et al.,*
           Sup. Ct. Westchester Cty. Index No. 04-16876, 07 Civ 9278 (KMK)

Your Honor:

       This firm represents Petitioners/Plaintiffs. In a transparent and sanctionable forum shopping expedition, Respondent/Defendant Mosdos Chofetz Chaim, Inc. ("Mosdos"), last week, removed this matter to Federal Court after three years of Supreme Court and Appellate review in State Court. This included injunctive relief in Petitioners' favor.

       Notwithstanding that Mosdos is in complete privity with Respondent Defendant Yeshiva Chofetz Chaim of Radin ("Yeshiva"), the removal is premised on the ruse that Mosdos is a "new" party in this litigation. This letter is submitted pursuant to Part II(A) of Your Honor's Individual Rules of Practice to schedule a Pre-Motion Conference, setting forth the basis for Petitioners' anticipated Motion to challenge the propriety of the subject removal in the first instance or, alternatively, to seek remand pursuant to 28 U.S.C. § 1367(a), together with sanctions.

### This Matter Has Been Actively Litigated in State Court for Three Years

       On October 13, 2004, Petitioners commenced this action to remedy: (i) the unlawful adoption by the Town of Ramapo's ("Town") of a so-called Adult Student Housing Law ("Law"), and (ii) the illegal approval of a Site Plan under the Law ("Site Plan"). The Law permits high density, multi-family development immediately adjacent to and in the midst of the Villages' single-family residential neighborhoods. The Site Plan, the first project under the Law, consists of a 60-unit project on land, again, entirely surrounded by single-family homes in the Villages of Wesley Hills and New Hempstead ("Site").

       The linchpin of Petitioners' claims is that the Town violated State land use review laws, including the State Environmental Quality Review Act ("SEQRA"), by failing to address the significant adverse environmental impacts of the Law and the Site Plan. In a recent Decision and Order in Petitioners' favor, the Second Department found that Petitioners' claims "establish a basis for legitimate concern on the part of the Villages that the development permitted by the adult student housing law will have a substantial detrimental effect on the roads in their community, their shared water supply and sewer

systems, and the character of their neighborhoods." Vill. of Chestnut Ridge, v. Town of Ramapo, __ AD3d __, 841 N.Y.S.2d 321, 338 (2d Dep't Aug. 14 2007). Yeshiva previously removed this matter to Federal Court in 2004, but consented to its remand, acknowledging the preeminence of State Law issues. A copy of the Order of Remand is annexed hereto.

Petitioners also have diligently sought and secured injunctive relief to preserve their claims while they pursue a judgment on the merits. On January 6, 2005, Petitioners moved for a Temporary Restraining Order ("TRO") and Preliminary Injunction, seeking *inter alia*, to enjoin the implementation of the Law and any construction pursuant to it. The Supreme Court granted the TRO on January 18, 2005. On June 16, 2005, the Supreme Court found that Petitioners' Preliminary Injunctive relief was warranted, but dismissed the presently named Petitioners for lack of capacity and standing. Vill. of Chestnut Ridge, et al. v. Town of Ramapo, et al., Index No. 16876/04 (Sup. Ct. Westchester Cty. June 13, 2005). The Second Department reversed this ruling in August, reinstating all but two of Petitioners' claims, and remitting the matter back to the Supreme Court for a determination on the merits. Chestnut Ridge, 841 N.Y.S.2d at 328-340.

Following the Second Department's remittal, on September 11, 2007, the Supreme Court issued another TRO enjoining, *inter alia*, the Law and the Site Plan ("September 11th TRO"), prompting removal by Yeshiva/Mosdos of this case to Federal Court. Pursuant to Federal Rule of Civil Procedure ("FRCP") 65(b), this TRO continues indefinitely since it was issued on notice and following full briefing.[1]

**Respondent/Defendant Yeshiva Initiates a Shell Game To Avoid the TRO**

On or about September 17, 2007, Yeshiva moved to stay enforcement of the September 11th TRO, claiming that it "grants relief regarding real property owned by an entity who is not a party to this proceeding," and seeking leave to appeal on the same basis. Yeshiva claimed that a necessary party was lacking because it had purportedly transferred the Site to a "different" entity -- Mosdos -- more than a year after the underlying litigation commenced. Yeshiva and Mosdos are the same entity. They have two (2) out of three (3) officers in common, the same address, and, until last month, the same counsel. It is also no coincidence, that despite repeated motion practice, it was not until the Second Department Decision and the reinstatement of the TRO, that suddenly the subject conveyance was disclosed to the courts.

In an attempt to short-circuit Yeshiva/Mosdos' gamesmanship, Judge Nicolai, Supreme Court, Westchester County, suggested that for procedural purposes, Petitioners serve an Amended Petition/Complaint, *inter alia*, adding Mosdos as a Respondent/Defendant. Petitioners served the Amended Petition/Complaint on September 26, 2007. In blatant forum shopping, which Petitioners submit is sanctionable pursuant to FRCP 11, Yeshiva/Mosdos now inserts meritless federal claims into their Answer. On October 17, 2007, Counsel for Mosdos filed the subject Notice of Removal.

---

[1] See also 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."); Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 435, 94 S. Ct. 1113, 1122 (1974) (holding that Section 450 "ensures that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal"). In violation of 28 U.S.C.A. Section 1446, which requires a Notice of Removal to include all Orders served in State Court, Yeshiva/Mosdos failed to include the September 11th TRO, which was personally served on it. A copy of the September 11th TRO is annexed hereto.

**This Court Should Refuse Jurisdiction Over the State Claims**

This belated removal violates the spirit, if not the legality, of the temporal limitations on removal set forth in 28 U.S.C. 1446. Moreover, a purported federal question that arises only as a defense to the complaint, such as federal preemption, normally does not trigger removal. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542, 1546 (1987). Yeshiva/Mosdos' reliance on Sofarelli v Pinellas County, 931 F.2d 718 (11th Cir 1991) is also misplaced. The defendant in that case alleged that state court proceedings were being used to prevent it from doing something it was legitimately entitled to do under the Fair Housing Act ("FHA"). In contrast, Yeshiva/Mosdos can claim no right under the FHA or any other law, including, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), to avoid normal State land use review laws.[2] Compare Akhlaghi v. Berry, 294 F. Supp. 2d 1238 (D. Kan. 2003) (removal improper because "[n]either 42 U.S.C. § 1982 nor the [FHA] permit defendants in this case to refrain from paying their rent and, thus, there is nothing about the state court lawsuit itself that will deny defendants their civil rights"). For these reasons alone, the matter should be remanded.

Alternatively, the Court, respectfully, should reject supplemental jurisdiction over the state claims. 28 U.S.C. Section 1367 permits the Court to decline supplemental jurisdiction where "the claim substantially predominates over the claim or claims over which the court has original jurisdiction."[3] "[I]t is fundamental that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Young v. N.Y.C. Trans. Auth., 903 F.2d 146, 163-64 (2d Cir.), cert. denied, 498 U.S. 984, 111 S. Ct. 516 (1990) (citation omitted). Thus, "[w]here the state claims 'constitute the real body of a case' to which federal claims are 'an appendage,' declining jurisdiction under this provision is appropriate to prevent a situation wherein 'permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'" City of New Rochelle v. Town of Mamaroneck, 111 F. Supp. 2d 353, 371 (S.D.N.Y. 2000) (citations omitted). In that case, Judge McMahon remanded the State claims, which also focused on SEQRA and other State land use issues, and stayed the federal claims pending adjudication of similarly unquestionable state law land use issues. Id.

Thank you for your consideration of this matter. We will await notification from the Court of the time and place for the Pre-Motion Conference.

*The Court will hold a pre-motion conference on November 2, 2007, at 11:30. Plaintiffs/petitioners deadline to file a remand motion is stayed until then.*

*SO ORDERED* /s/ 10/26/07

Respectfully,
ZARIN & STEINMETZ

By: /s/ Michael D. Zarin
Michael D. Zarin (MDZ-6692)

---

[2] There can be no dispute that even under RLUIPA, Yeshiva/Mosdos, like any other applicant, is required to submit its development plans under State land use review laws such as SEQRA. See Westchester Day School v. Vill. of Mamaroneck, 2007 WL 3011061, at *7-8 (2d Cir. Oct 17, 2007) (discussing "preclu[sion]" of religious organization[s] from demonstrating substantial burden in the neutral application of legitimate land use restrictions" under RLUIPA).

[3] Where the Court declines to exercise supplemental jurisdiction, it has discretion to remand the case back to state court. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S. Ct 614 (1988) (district courts have "discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.")

MDZ/mth
cc:     (via facsimile)
        Hon. Francis A. Nicolai
        Joseph Haspel, Esq.
        Feerick Lynch MacCartney
        Rice & Amon
        Holland & Knight, LLP
        Frank Brown, Esq.
        Doris Ulman, Esq.
        Warren E. Berbit, Esq.
        Milton Shapiro, Esq.