**Exhibit F**

# CERTIFICATE OF INCORPORATION

-of-

## YESHIVA CHOFETZ CHAIM KIRYAS RADIN

**ROCKLAND COUNTY**
CLERKS OFFICE
(Pursuant to Article 10 of the Religious Corporations Law)

We, the undersigned, all being of full age and at least two thirds of us citizens of the United States, and all of us residing in the County of Rockland, State of New York desiring to form a religious corporation, pursuant to the Religious Corporations Law of the State of New York, do hereby make, sign, acknowledge and file this certificate for that purpose, as follows :

**FIRST:** The name of the proposed religious corporation is **YESHIVA CHOFETZ CHAIM KIRYAS RADIN.**

**SECOND:** The purposes for which this corporation is formed are as follows -

(a) To promote the religious, intellectual, moral and social welfare among its members and their families.

(b) To provide a suitable place of divine worship for its members and others of the Jewish faith.

(c) To establish, maintain and conduct a Yeshiva or Parochial School and classes for the instruction of those of the Jewish Orthodox faith, as taught by the "CHOFETZ CHAIM" (Rabbi Israel Meyer Kagan known as the Chofetz Chaim the leader of orthodox Jewry up to his passing in 1933 ) through his descendants Rabbi Mayer Zaks and Rabbi Aryeh Zaks , in such courses as they may determine .

(d) To acquire, own and maintain real and personal property for the benefit and purposes of the corporation

(e) To purchase and own cemetery plots for the

(g)    To teach and advance the principles of the Jewish faith according to the teachings and directions of the *Chofetz Chaim* ( Rabbi Israel Mayer Kagen *1834-1933* known through our town  by his first book *Guard your Tongue* as the "Chofetz Chaim") as taught by his descendant Rabbi Mayer Zaks and Rabbi Aryeh Zaks

(h)    To do all things necessary to the accomplishment of the foregoing purposes and, if the Trustees so desire, to associate itself with persons and organizations desiring to assist in the  furtherance of the purposes herein set forth.

(h)    That the proposed corporation is to be a non-profit and charitable corporation, and no part of the net earnings of the corporation shall inure to the benefit of any officer, member or employee of said corporation except, his reasonable compensation for the services actually rendered.

(I)    The corporation shall not engage in nor permit any of its funds to be used for the purposes of political propaganda or otherwise attempt to influence legislation

(j)    In the event of dissolution or winding up of the corporation, whether voluntary or involuntary or by operation of law, and subject to the approval of a Justice of the Supreme Court of the State of New York, the property or other assets of the corporation and any proceeds thereof shall be distributed to such non-profit associations which shall have received notice of exemption from Federal Income Taxes under Section 501(c)(3) of the Internal Revenue Code of 1954 (26 U.S.C.A Sec 501(c) (3)), or such corresponding section or sections as may be from time to time in force, as the members of the corporation by majority vote thereof, shall determine, and none of such property, assets or proceeds shall be distributed to, or be divided among any of the members of the corporation.

THIRD.   The principal place of worship of the said corporation shall be located in the County of Rockland, State of New York, at 12 Highview Road, Suffern, New York 10901.

**FOURTH**    That a meeting duly called and noticed duly passed consequently and held in conformity with Article 10 of the Religious Corporation Law, at 112 Highview Road, Suffern, New York, on the 10th day of September 1996, at which a majority of the duly qualified voters, being at least six (6) in number were present, it was duly decided to form this corporation. At said meeting, ARYEH ZAKS, one of the subscribers herein, was the presiding officer and the following subscribers were present and voted thereat:

| NAME | ADDRESS |
|---|---|
| MAYER ZAKS | 19 Arrowhead Lane<br>Suffern, N.Y. 10901 |
| ARYEH ZAKS | 2 N. Southwick Road<br>Suffern, N.Y. 10901 |
| ELLIOT S. BERNEY | 74 EDISON COURT<br>Fairlawn, N.Y. 10952 |

**FIFTH**    That the number of Trustees shall be a minimum of three (3) and a maximum of nine (9)

**SIXTH**    That ELLIOT S BERNEY was elected Trustee to hold office until the first annual meeting, MAYER ZAKS was elected Trustee to hold office until the second annual meeting, and ARYEH ZAKS was elected Trustee to hold office until the third annual meeting

**SEVENTH**    That at each meeting, the date for the annual election of Trustees was fixed as the first day of September of each year

IN WITNESS WHEREOF, we, the undersigned, have appointed and acknowledged as certificate this 4th day of OCTOBER 1996

_(signatures)_

MAYOR ZASS

ELLIOT S. BERENEY

STATE OF NEW YORK }
                          SS:
COUNTY OF ROCKLAND }

on this 11th of October 1996, before me personally came MAYER ZASS, ABVEN ZASS and ELLIOT S. BERENEY to me known and known to me to be the individuals described in and who executed the foregoing instrument, and they duly acknowledged that they executed the same.

_(signature)_

_(notary stamp)_
Notary Public

**Exhibit G**

(Page 1 of 7)

ENVELOPE

ROCKLAND COUNTY, NEW YORK
Edward Gorman
RECORDING CERTIFICATE

INSTRUMENT ID: 2003-00003157

Type of Instrument: CTF    INC

MOSDOS CHOFETZ CHAIM INC
      TO
-----

        Received From: MOSDOS CHOFETZ CHAIM INC
                       82 HIGHVIEW RD
                       SUFFERN NY 10901

    Recording Charge:        48.00    Recording Pages:    7

                    ** EXAMINED AND CHARGED AS FOLLOWS : **
    ** TRANSFER TAX **                    ** MTG/DEED AMOUNT **
              .00                                    .00

RS#:                          Mortgage#:

                              Received Tax on Above Mortgage
Original ID#:                        Basic:         .00
                              Special Addl:          .00
Town:                            Additional:         .00
                          Mortgage Tax Total:        .00

Total Recording Fees:         48.00

                    ** THIS PAGE IS PART OF THE INSTRUMENT **

I HEREBY CERTIFY THAT THE WITHIN AND FOREGOING WAS RECORDED IN THE
CLERK'S OFFICE FOR ROCKLAND COUNTY, NEW YORK

    INSTRUMENT ID#: 2003-00003157
ON (Recorded Date): 01/22/03
       AT (Time): 10:20
    Operator Init: XYZ





EDWARD GORMAN
County Clerk



# CERTIFICATE OF INCORPORATION

## -of –

## *MOSDOS CHOFETZ CHAIM INC.*

(Pursuant to Article 10 of the Religious Corporations law)

We, the undersigned, all being of full age and at least two-thirds of us citizens of the United States, and all of us residing in the, **State of New York** desiring to form a religious corporation, pursuant to the Religious Corporations Law of the State of New York, do hereby make, sign, acknowledge and file this certificate for 'that purpose, as follows:

FIRST:    The name of the proposed religious corporation is:
## *MOSDOS CHOFETZ CHAIM INC.*

SECOND: The purposes for which this corporation is formed are as follows:-

    (a) To promote the religious, intellectual, moral and social welfare among its members, students and their families.

    (b) To promote and expand the study of the principals, culture, traditions and history of the Jewish faith. To establish research facilities and programs to facilitate the foregoing.

    (c) To provide a suitable place of divine worship for its members, and others of the Orthodox Jewish faith.

99. 6

(d) To establish, maintain and conduct a "Yeshiva" or Parochial Schools and classes for the instruction of those of the Jewish Orthodox faith, in such courses as the Trustees may determine.

(e) To establish, maintain a religious educational campus and to conduct religious services, classes and lectures to promote the teachings, customs, mode of worship, and traditions of the orthodox Jewish faith.

(f) To provide for the unique student needs of the married, elderly, poor, aged or infirm members of society who wish to return or remain in the study centers of our faith by joining study groups, or enrolling in religious educational schools and study centers. To assist those who seek an opportunity to begin or continue their education and take part in continuing educational, religious, and social activities by providing housing and support.

(g) To advance and establish programs that provide counseling, shelter, support, or other needed community services using culturally sensitive techniques and methods.

(h) To acquire, own and maintain real and personal property for the benefit and purposes of the corporation.

(i) To assist needy members and their families in their educational or spiritual quests with housing, shelter and other help as needed.

(j) To purchase and own cemetery plots for the burial of "the members of the corporation".

(k) To practice charity according to the principles of the Jewish faith; to assist all those in need, the elderly, poor, sick and needy wherever they may be found, and to provide them with shelter, food, support and other help.

(l) To teach and advance the principles of the Jewish faith according to the teachings and directions of the *Chofetz Chaim* ( Rabbi Israel Mayer Kagan *1834-1933* known through-out Jewry by his first book *Guard your Tongue* as the "Chofetz Chaim".) as taught by his descendants Rabbi Mayer Zaks and Rabbi Aryeh Zaks.

(m) To do all things necessary to the accomplishment of the foregoing purposes, to solicit, raise and borrow funds, to apply for loans, letters of credit and bonds, or use any other means of financing and fund raising, as needed.

(n) To do all things required for the accomplishment of the foregoing stated purposes, to associate itself with other persons and organizations desiring to assist In the effectuation of the purposes herein set forth.

(o) That the proposed corporation is to be a non-profit and charitable corporation, and no part of the net earnings of the corporation shall inure to the benefits of any trustee, officer, member or employee of said corporation except reasonable compensation for the services actually rendered.

(p) The corporation shall not engage in nor permit any of its funds to be used for the purposes of political propaganda.

(q) In the event of dissolution or winding up of the corporation, whether voluntary or involuntary or by operation of law, and subject to the approval of a Justice of the Supreme Court of the State of New York, the property or other assets of the corporation and any proceeds thereof shall be distributed to such non-profit associations which shall have received notice of exemption from Federal Income Taxes under Section 501(c) (3) of the Internal Revenue Code of 1954 (26 U.S.C.A. Sec. 501(c) (3)), or such

corresponding section or sections as may be from time to time in force, as the members of the corporation by majority vote thereof, shall determine; and none of such property, assets or proceeds shall be distributed to, or be divided among any of the members of the corporation.

**THIRD.** The principal place of worship of the said corporation shall be located in the County of Rockland, State of New York, at 82 Highview Rd Suffern NY 10901.

**FOURTH:** That a meeting duly called and notice duly posted conspicuously and held in conformity with Article 10 of the Religious Corporations Law, at Highview Rd Suffern NY 10901, on the 5th day of January 2003, at which a majority of the duly qualified voters, being at least six (6) in number were present., it was duly decided to form this corporation. At said meeting, Rabbi Aryeh Zaks one of the subscribers hereto, was presiding and the following were present and voted thereat,

Berl Shakovin, 7 Kiryas Radin Drive, Ramapo, N. Y., was elected as trustee to the first annual meeting,

Sima Weintraub 10 Arrowhead Lane Suffern, New York, was elected as trustee to the second annual meeting,

Beatrice Waldman 18 Mountain Ave Monsey, NY elected as trustee to the second annual meeting.

Rabbi Mayer Zaks, 97 w Carlton Rd, Suffern, New York, was elected as trustee to the third annual meeting,

Rabbi Aryeh Zaks 1 Kiryas Radin Drive Ramapo, NY elected as trustee to the third annual meeting.

**FIFTH:** That the number of Trustees shall be a minimum of three (3) and a maximum of nine (9). And that said trustees shall elect officers, to hold office on behalf of the corporation, to help further the goals and objectives of the corporation as set forth herein. No officer may serve for a period of more than three (3) years without reelection. The number of officers shall be a minimum of three (3) and a maximum of five (5).

(Page 6 of 7)

**SIXTH: That :**

Rabbi Mayer Zaks of Arrowhead la. Suffern NY was voted as **President** to hold office until the second annual meeting of trustees,

Berl Shakovin of Kiryas Radin Drive. Ramapo NY 10977 was voted **Treasurer** to hold office the first annual meeting. And

Rabbi Aryeh Zaks of Kiryas Radin Drive. Ramapo NY 10977 was voted **Secretary** to hold office until the Third annual meeting of trustees.

**SEVENTH:** That at such meeting, the date for the annual election of Trustees was fixed as the first day of December of each year.

**IN WITNESS WHEREOF,** I the undersigned, have subscribed and acknowledged this certificate this 19th day of January 2003.

_Aryeh Zaks Secretary_

State of New York

County of Rockland        }

On the 19th day of January in the year 2003 Before me, the undersigned, personally appeared Aryeh Zaks Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Signature and Office if individual Taking acknowledgement

EUGEN: TRINKEL
Notary Public, State of New York
No. 24-01FR4814880
Qualified in Rockland County
Commission Expires Aug. 31, 200

File#:200300003157

(A Religious Corporation)

# CERTIFICATE OF INCORPORATION

-of -

## *MOSDOS CHOFETZ CHAIM INC.*

(A Religious Corporation)

(Pursuant to Article 10 of the Religious Corporations law)

**MOSDOS CHOFETZ CHAIM INC**
82 Highview Rd
Suffern NY 10901
(914) 357-9821

**Exhibit H**

**Archive Search  > Buy > Print**

» New Search    » Pricing    » Help    » FAQ

Return to results    Printer Friendly

**Account Information**
You have purchased 2 articles, and you have 1 remaining before the subscription expires on 09/27/2007 1:31 PM.

November 6, 2006
**Section:** NEWS
**Edition:** RK
**Page:** 3A

### Trial set for developer of Ramapo yeshiva housing
*Sulaiman Beg*
*STAFF*

**RAMAPO** - The town is **set** to go to **trial** against the **developer of** a **yeshiva** with adult student **housing** on charges **of** running a preschool out **of** a trailer after settlement discussions broke down.

Town Attorney Michael Klein said the town intended to prosecute Mosdos Chofetz Chaim at 1 p.m. today in front **of** Judge Samuel Colman. The town cited the **developer** in February **for** operating without a site plan and a certificate **of** occupancy.

The **developer** could face a $5,000 fine on each **of** the six counts if found guilty.

"We had discussions and nothing was finalized," Klein said Friday. "We haven't heard back from them. We're ready **for trial**."

Through South Nyack-based attorney Steve Barry, the **developer** pleaded not guilty to the town's charges in May.

In September the town Zoning Board **of** Appeals adjourned a decision on the **developer's** appeal over the town's increased building fees.

Rabbi Aryeh Zaks, a principal with the **developer**, has complained to the board that the building permit fees, based on construction costs, were unfairly raised by more than $20,000. After an initial construction estimate **of** $6 million was raised to $8.4 million, the town raised its fee to $75,617 from $54,046.

Construction on the 60-apartment **yeshiva** on Grandview Avenue site continued Friday, and looked to be near completion.

Richard Ackerson, the deputy town attorney who oversees the Planning and Zoning departments, said the zoning board's decision was adjourned because **of** the possible settlement talks. Klein later added that the application was withdrawn at the **developer's**

http://nl.newsbank.com/nl-search/we/Archives?p_action=doc&p_do...

request.

Both Ackerson and Klein said the project was allowed to continue because the **developer** had already received a building permit and the town's citation did not affect the project's construction.

Klein said since there appears to be no settlement and a **trial** is **set** to begin, the **developer** would not receive a certificate **of** occupancy **for** the project until the balance is paid.

"We expect them to pay," Klein said. "They will not get a (certificate **of** occupancy) **for** the building until the proper building fee is paid in full."

Dennis Lynch, the **developer**'s South Nyack-based attorney, said he would not discuss the details **of** any settlement discussion with the town. He said that if the town wanted to go to **trial**, his firm was ready.

"While we respect the town, we fundamentally disagree with its charges," he said. "We're prepared to settle but not surrender. If an amicable solution can be reached we'll be happy. If we have to try the case we'll be equally as happy."

In addition to the town's citation, the state's Office **of** Children and Family Services had ordered the preschool shut down in March when it appeared the **yeshiva** was operating without a child care license or registration. The **developer** has appealed that decision as well.

Brian Marchetti, a spokesman **for** the state agency, said recently that an administrative hearing against the **developer** has been adjourned as state officials continue to evaluate what services were provided at the site.

A trailer is still at the site, as are children's toys, but Lynch, said the preschool was no longer operating there.

Reach Sulaiman Beg at sbeg@lohud.com or 845-578-2484.

Copyright (c) The Journal News. All rights reserved. Reproduced with the permission **of** Gannett Co., Inc. by NewsBank, inc.

Archive Search  >  Buy  >  Print

» New Search    » Pricing    » Help    » FAQ

Return to results    Printer Friendly

**Account Information**
You have purchased 3 articles, and you have 0 remaining before the subscription expires on 09/27/2007 1:31 PM.

March 16, 2007
**Section:** NEWS
**Edition:** RK
**Page:** 1A

### Ramapo yeshiva housing plan proposes more apartments
*James Walsh*
*STAFF*

RAMAPO - Builders of a housing development connected to a **yeshiva** have sought tenants for apartments larger than those permitted by the town.

**Yeshiva Chofetz Chaim on Grandview Avenue**, the first adult student housing complex to be built in the town, is permitted by Ramapo's zoning code to have apartments with no more than four bedrooms, yet has advertised apartments as large as six bedrooms.

**Yeshiva Chofetz Chaim** solicited tenants for four-, five- and six-bedroom townhouses as well as three-room apartments in August in Hamodia, a weekly Jewish Orthodox newspaper.

Throughout an application process beginning four years ago for zoning and Planning Board approvals, as well as for a building permit, Mosdos **Chofetz Chaim** Inc. sought to build two- and four-bedroom townhouses.

"There have been no approvals for anything more than four-bedroom units," Town Attorney Michael Klein said yesterday. "And there won't be a certificate of occupancy issued if the construction is found not to be in compliance with the approved plan."

Klein said the Building Department was regularly inspecting the construction, which is to be finished this year.

It seemed to Dennis Lynch, a South Nyack attorney representing Mosdos **Chofetz Chaim**, that larger apartments were possible.

"There is clearly no problem in combining units," Lynch said. "If people want a larger apartment, they can combine smaller ones. The market will dictate what the need is."

Lynch said the only mandate was to ensure that the square footage of the buildings was unchanged.

Klein, though, was adamant that only two- and four-bedroom apartments would be permitted, which the Planning Board approved in 2005.

He said Building Department inspections have found no evidence of larger apartments.

"And if they're illegally converted and we find out, there will be prosecutions," Klein said.

As multifamily buildings, they will be subject to annual fire safety inspections.

While inspections for other matters are not made under the guise of fire safety, Klein said, the inspectors would report unrelated violations as well.

The project, which is to include 28 four-bedroom units and 32 two-bedrooms, is being financed with a $12.8 million loan by Citizens Bank.

It's being built **on** 4.7 acres bordering a public school in a single-family neighborhood. The builders have predicted that 230 people would live there.

Some members of the Jewish Orthodox community have seen it as meeting a critical housing need, while providing a place where students could pursue religious studies close to their families.

Other residents, as well as officials of some Ramapo villages, predicted an environmental fallout and saw adult student housing zones as an accommodation to multifamily housing in single-family neighborhoods.

"People buy empty land, build multifamily housing and advertise for people to live in the townhouses," said Robert Rhodes, president of Preserve Ramapo. "The question is are these religious institutions or are they real estate companies?"

In its application to the town, Mosdos **Chofetz Chaim** Inc. said in part that the plan "is not a false attempt or pretense to bypass any general land use limitations, but a genuine need for our religious **Yeshiva** community."

Reach James Walsh at jawalsh@lohud.com or 845-578-2445.

Copyright (c) The Journal News. All rights reserved. Reproduced with the permission of Gannett Co., Inc. by NewsBank, inc.

**Archive Search  > Buy  > Print**

» New Search    » Pricing    » Help    » FAQ

Return to results    Printer Friendly

**Account Information**
You have purchased 1 articles, and you have 2 remaining before the subscription expires on
09/27/2007 1:31 PM.

August 18, 2007
**Section:** NEWS
**Edition:** RK
**Page:** 1A

### Court: Villages can sue Ramapo over religious housing
*James Walsh*
*STAFF*

RAMAPO - A state appeals court has upheld villages' rights to sue the town over
environmental concerns about zoning for multifamily housing connected to religious schools.

The unanimous decision by a four-judge panel of the Appellate Division of the state Supreme
Court is the most recent development in a three-year legal battle launched after Ramapo
created specific zones for the housing.

Some residents and officials of some villages, who expressed concerns about traffic, water
supplies, sewage system capacities and general quality-of-life issues, have seen those four
zones as accommodations to force multifamily housing into single-family neighborhoods.

At one site, a yeshiva with 60 apartments is nearing completion on Grandview Avenue. The
development of a yeshiva with more than 50 apartments is proposed about a mile away off
Route 306, on another of the four sites.

"I think the zoning did not take into consideration the people living near these properties," said
Milton Shapiro, whose home overlooks another of the zoned areas, the 200-acre Patrick Farm
bordering Pomona.

"The zoning could drastically change the character of our neighborhoods," Shapiro said
yesterday, "and the town was absolutely wrong. This zoning is an abuse of the residents who
live there."

Patrick Farm has a capacity for 118 single-family homes and 192 apartments.

Shapiro and his wife, Sonya, joined Chestnut Ridge, Montebello, Pomona and Wesley Hills in
a 2004 lawsuit in which most of their arguments were dismissed a year later by state Supreme
Court Justice Francis Nicolai.

In reversing Nicolai, the appeals court found in part that "the villages have a demonstrated

http://nl.newsbank.com/nl-search/we/Archives/p_action=doc&p_th...

interest in the potential environmental impacts of the adult student housing law, and they therefore have standing to seek judicial review of the (environmental study) process that resulted in its adoption."

When Ramapo created the zones - the fourth is off Highview Road - Supervisor Christopher St. Lawrence said it would avoid federal discrimination lawsuits, such as those brought against New Hempstead and Airmont when they opposed apartments connected to yeshivas in single-family neighborhoods.

Despite outcries at town meetings by residents concerned about environmental fallout from the zones, the Town Board approved them, as some members cited fears of being personally sued by prospective developers.

In the case of the Grandview Avenue project, the Planning Board determined that there would be no adverse environmental impact, so a detailed review of such concerns was unnecessary.

That 4-acre site had been severed from New Hempstead by a federal court and placed in the town's jurisdiction after the village opposed the development.

In the state appeals court's 18-page decision this week, it took notice that the county's sewer district was concerned that Chofetz Chaim's development could lead to overflows.

The court also considered that the county Department of Planning found that the project would have a "significant" impact on the single-family neighborhood near it, and that such projects should be prohibited near municipal boundaries.

St. Lawrence did not return a call seeking comment yesterday. Town Attorney Michael Klein said he would seek permission to go to the Court of Appeals, the state's highest court.

Permission from the appeals court is needed because the Appellate Division's decision was unanimous.

Klein said it seemed that the merits of Ramapo's zoning were not considered.

The town law for the housing has numerous standards that include restrictions on building size and occupancy.

Klein said the Congregation Rabbinical College of Tartikov, a proposed development in the village of Pomona that could eventually have 4,000 or more residents, would not have fit the town's standards.

"I think subsequent events," Klein said in reference to Tartikov, "have vindicated the town's position to establish its zoning and not leave it up to the courts."

The Appellate Division ruling, though, said the town did not exist in a vacuum.

"The decision reinstated the villages' capacity and standing (to sue) because of the environmental impact on the villages," said Susan Sarch, a member of the White Plains law firm Zarin and Steinmetz, which led the appeal.

In part, the appeals court decided that Wesley Hills can sue to seek a complete environmental review of the Grandview Avenue project because the project borders the village. Wesley Hills Mayor Robert Frankl said the village would seek to halt Chofetz Chaim's construction.

"As far as I'm concerned," Frankl said, "not another nail should be put in there. We have a right to have input on a project of that size."

Doris Ulman, attorney for Wesley Hills, said that if the town ultimately lost its case, a court could order Chofetz Chaim's construction dismantled. But the developer's attorney, Dennis Lynch of South Nyack, said that would happen "over my dead body."

Lynch said the appeals court decision "is a lawyer's delight because everyone can sue everybody."

Reach James Walsh at jawalsh@lohud.com or 845-578-2445.

Copyright (c) The Journal News. All rights reserved. Reproduced with the permission of Gannett Co., Inc. by NewsBank, inc.