UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE VILLAGE OF CHESTNUT RIDGE, THE      :
VILLAGE OF MONTEBELLO, THE VILLAGE
OF POMONA, THE VILLAGE OF WESLEY HILLS,   :
MILTON B. SHAPIRO and DR. SONYA SHAPIRO,  :

                  Petitioners/Plaintiffs,   :

           07-CV-9278 (KMK)
    - against -                :

               **ECF CASE**
THE TOWN OF RAMAPO, THE TOWN      :
BOARD OF THE TOWN OF RAMAPO, THE
PLANNING BOARD OF THE TOWN OF    :   **ANSWER TO**
RAMAPO, YESHIVA CHOFETZ CHAIM OF      <u>**COUNTERCLAIMS**</u>
RADIN, SCENIC  DEVELOPMENT, LLC, and THE  :
BOARD OF APPEALS OF THE TOWN OF RAMAPO,
and MOSDOS CHOFETZ CHAIM, INC.,     :

                  Respondents/Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Petitioners/Plaintiffs the Villages of Chestnut Ridge, Montebello, Pomona, and

Wesley Hills (collectively, the "Villages"), and Milton B. Shapiro and Dr. Sonya Shapiro (the

"Shapiros," collectively with the Villages, the "Petitioners"), by their attorneys, Zarin &

Steinmetz, respectfully allege, as follows:

      1.    The allegations contained within Paragraph 310 constitute a legal

conclusion to which no response is required.  To the extent that said allegations do not constitute

a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 310 of

the Respondent/Defendant Mosdos Chofetz Chaim, Inc.'s ("Mosdos") Answer with

Counterclaims, dated October 16, 2007 (the "Answer" or "Counterclaims").

2.    The allegations contained within Paragraph 311 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 310 of the Counterclaims.

3.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 312 of the Counterclaims.

4.    Petitioners deny the allegations contained within Paragraph 313 of the Counterclaims.

5.    Petitioners deny the allegations contained within Paragraph 314 of the Counterclaims.

6.    Petitioners deny the allegations contained within Paragraph 315 of the Counterclaims.

7.    Petitioners deny the allegations contained within Paragraph 316 of the Counterclaims.

8.    Petitioners deny the allegations contained within the first sentence of Paragraph 317 of the Counterclaims. The allegations contained within the remainder of Paragraph 317 constitute legal conclusions to which no response is required.  To the extent that said allegations do not constitute legal conclusions, however, Petitioners deny the allegations contained within Paragraph 317 of the Counterclaims.

9.    Petitioners deny the allegations contained within Paragraph 318 of the Counterclaims.

10.    The allegations contained within Paragraph 319 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute

a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 319 of the Counterclaims.

11.     The allegations contained within Paragraph 320 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 320 of the Counterclaims.

12.     The allegations contained within Paragraph 321 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 321 of the Counterclaims.

13.     The allegations contained within Paragraph 322 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 322 of the Counterclaims.

14.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 323 of the Counterclaims.

15.     Petitioners deny the allegations contained within Paragraph 324 of the Counterclaims.

16.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 325 of the Counterclaims.

17.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 326 of the Counterclaims.

18.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 327 of the Counterclaims.

19.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 328 of the Counterclaims.

20.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 329 of the Counterclaims.

21.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 330 of the Counterclaims.

22.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 331 of the Counterclaims.

23.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 332 of the Counterclaims.

24.    Petitioners deny the allegations contained within the first sentence of Paragraph 333 of the Counterclaims, except admit that the Nike Site is adjacent to the Villages of New Hempstead and Wesley Hills.  Petitioners deny the allegations contained within the second sentence of Paragraph 333 of the Counterclaims, except admit that the Nike Cite is located within the unincorporated Town of Ramapo, and respectfully refer the Court to the Stipulation referred to therein for its terms and contents.

25.    Petitioners deny the allegations contained within Paragraph 334 of the Counterclaims.

26.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 335 of the Counterclaims.

27.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 336 of the Counterclaims.

28.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the first sentence of Paragraph 337 of the Counterclaims.    Petitioners deny the allegations contained within the second sentence of Paragraph 337 of the Counterclaims.

29.    Petitioners deny the allegations contained within Paragraph 338 of the Counterclaims.

30.    Petitioners deny the allegations contained within Paragraph 339 of the Counterclaims, and respectfully refer the Court to the official records of each of the Villages for their respective dates of incorporation.

31.    Petitioners deny the allegations contained within Paragraph 340 of the Counterclaims.

32.    Petitioners deny the allegations contained within Paragraph 341 of the Counterclaims.

33.    Petitioners deny the allegations contained within Paragraph 342 of the Counterclaims.

34.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 343 of the Counterclaims.

35.    Petitioners deny the allegations contained within Paragraph 344 of the Counterclaims.

36.     Petitioners deny the allegations contained within Paragraph 345 of the Counterclaims, except admit that Supervisor Christopher St. Lawrence was initially elected in 2000.

37.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 346 of the Counterclaims.

38.     Petitioners deny the allegations contained within Paragraph 345 of the Counterclaims, and respectfully refer the Court to the Master Plan for its contents.

39.     Petitioners deny the allegations contained within Paragraph 348 of the Counterclaims.

40.     Petitioners deny the allegations contained within Paragraph 349 of the Counterclaims.

41.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 350 of the Counterclaims.

42.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 351 of the Counterclaims.

43.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 352 of the Counterclaims.

44.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 353 of the Counterclaims.

45.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 354 of the Counterclaims.

46.     Petitioners deny the allegations contained within the first sentence of Paragraph 355 of the Counterclaims.  Petitioners are without knowledge or information sufficient

to form a belief as to the truth of the allegations contained within the remainder of Paragraph 355 of the Counterclaims.

47.     Petitioners deny the allegations contained within Paragraph 356 of the Counterclaims, and respectfully refer the Court the GEIS for its contents.

48.     Petitioners deny the allegations contained within Paragraph 357 of the Counterclaims.

49.     Petitioners deny the allegations contained within Paragraph 358 of the Counterclaims.

50.     Petitioners deny the allegations contained within Paragraph 359 of the Counterclaims.

51.     Petitioners deny the allegations contained within Paragraph 360 of the Counterclaims, and respectfully refer the Court to Resolution No. 2004-358 and Local Law #9-2004 for its contents.

52.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 361 of the Counterclaims.

53.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 362 of the Counterclaims.

54.     Petitioners deny the allegations contained within Paragraph 363 of the Counterclaims.

55.     Petitioners deny the allegations contained within Paragraph 364 of the Counterclaims.

56.     Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 365 of the Counterclaims.

57.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 366 of the Counterclaims.

58.    Petitioners are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 367 of the Counterclaims.

59.    Defendants incorporate by reference, as if fully set forth herein, the responses to Paragraphs 1 through 58 in response to Paragraph 368 of the Counterclaims.

60.    The allegations contained within Paragraph 369 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 369 of the Counterclaims.

61.    The allegations contained within Paragraph 370 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 370 of the Counterclaims.

62.    The allegations contained within Paragraph 371 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 371 of the Counterclaims.

63.    Defendants incorporate by reference, as if fully set forth herein, the responses to Paragraphs 1 through 62 in response to Paragraph 372 of the Counterclaims.

64.    The allegations contained within Paragraph 373 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute

a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 373 of the Counterclaims.

65.    The allegations contained within Paragraph 374 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 374 of the Counterclaims.

66.    The allegations contained within Paragraph 375 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 375 of the Counterclaims.

67.    Defendants incorporate by reference, as if fully set forth herein, the responses to Paragraphs 1 through 66 in response to Paragraph 376 of the Counterclaims.

68.    The allegations contained within Paragraph 377 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 377 of the Counterclaims.

69.    The allegations contained within Paragraph 378 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 378 of the Counterclaims.

70.    The allegations contained within Paragraph 379 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute

a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 379 of the Counterclaims.

71.    Defendants incorporate by reference, as if fully set forth herein, the responses to Paragraphs 1 through 70 in response to Paragraph 380 of the Counterclaims.

72.    The allegations contained within Paragraph 381 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 381 of the Counterclaims.

73.    The allegations contained within Paragraph 382 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 382 of the Counterclaims.

74.    The allegations contained within Paragraph 383 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 383 of the Counterclaims.

75.    Defendants incorporate by reference, as if fully set forth herein, the responses to Paragraphs 1 through 74 in response to Paragraph 384 of the Counterclaims.

76.    The allegations contained within Paragraph 385 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 385 of the Counterclaims.

77.    The allegations contained within Paragraph 386 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 386 of the Counterclaims.

78.    The allegations contained within Paragraph 387 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 387 of the Counterclaims.

79.    The allegations contained within Paragraph 388 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 388 of the Counterclaims.

80.    The allegations contained within Paragraph 389 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 389 of the Counterclaims.

81.    Defendants incorporate by reference, as if fully set forth herein, the responses to Paragraphs 1 through 80 in response to Paragraph 390 of the Counterclaims.

82.    The allegations contained within Paragraph 391 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 391 of the Counterclaims.

83.     The allegations contained within Paragraph 392 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 392 of the Counterclaims.

84.     The allegations contained within Paragraph 393 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 393 of the Counterclaims.

85.     The allegations contained within Paragraph 394 constitute a legal conclusion to which no response is required.  To the extent that said allegations do not constitute a legal conclusion, however, Petitioners deny the allegations contained within Paragraph 394 of the Counterclaims.

### FACTS AS TO PETITIONERS' AFFIRMATIVE DEFENSES

86.     Petitioners repeat and reallege, and incorporate by reference herein, the facts and allegations set forth in the Petitioners' Amended Petition/Complaint, dated December 23, 2004, and filed initially in the New York State Supreme Court, Westchester County, Environmental Claims Part (the "Complaint").  (A copy of the Complaint is annexed hereto as Exhibit "A").

**The Matter Is Previously Removed To This Court**
**And Subsequently Remanded Back To State Court**

87.     On November 9, 2004, within 30 days of the filing of the subject Complaint, Respondent/Defendant Yeshiva Chofetz Chaim of Radin ("Yeshiva") removed the instant matter to the United States District Court for the Southern District of New York (the

"SDNY").   See Vill. of Chestnut Ridge, et al. v. Town of Ramapo, et al., 04 CV 8865 (S.D.N.Y.).

88.    A status conference was held on December 2, 2004.

89.    Thereafter, Yeshiva withdrew its Notice of Removal, and consented to the remand back to the Westchester County Supreme Court.

90.    Thus, by Order dated December 10, 2004, and entered on December 13, 2004, this Court "remanded [the matter] in its entirety to the New York Supreme Court, Westchester County," and closed the case in Federal Court.   See Vill. of Chestnut Ridge, 04 CV 8865, slip op. at 2 (S.D.N.Y. Dec. 10, 2004) (SCR) (the "Remand Order").   (A copy of the Remand Order is annexed hereto as Exhibit "B").

91.    Yeshiva further consented not to seek any further remand in this matter. (Remand Order at 2).

**Petitioners Obtain Injunctive Relief**

92.    On January 6, 2005, Petitioners/Plaintiffs moved for a Temporary Restraining Order ("TRO") and Preliminary Injunction, seeking to, *inter alia*, enjoin the Town from implementing the ASHL, and enjoining Yeshiva from commencing any construction activities in connection with the ASHL.

93.    The lower Court granted the TRO on January 18, 2005.

94.    On June 13, 2005, Judge Francis A. Nicolai, presiding justice of the Environmental Claims Part of the Westchester County Supreme Court, granted a preliminary injunction to former Petitioners Rosenstein and Moskowitz (the "2005 Injunction").   (Vill. of Chestnut Ridge, et al. v. Town of Ramapo, et al., Index No. 16876/04, slip op. at 15 (Sup. Ct.

Westchester Cty. June 13, 2005) (Nicolai, J.) ("Ramapo II Decision"), annexed hereto as Exhibit "C").

95.     The Villages, however, were dismissed for lack of capacity and standing, and the Shapiros were dismissed for lack of standing.

96.     The Ramapo II Decision held that Petitioners' claims had a likelihood of success on the merits warranting injunctive relief "because, inter alia, it is not disputed that the Nike site application received a negative declaration under SEQRA, although it was determined to be a Type I action."  (June 2005 Decision at 15).

97.     It also held that Petitioners successfully supported its "contention that the proposed development of the Nike site would be incongruous with the nearby neighborhoods." (Id. at 12).

98.     The State Supreme Court also found that there would be irreparable harm if the 2005 Injunction had not been granted as "the construction planned for the Nike site will likely proceed.  No money damages will be adequate, if the character of the neighborhood is severely damaged."  (Id.).

99.     Furthermore, the Court declared that the equities favored granting the preliminary injunction because "if the status quo is not maintained pending determination of this case on the merits, the changes caused by construction will be irreversible."  (Id. at 16).

100.    The lower Court further conditioned the injunction on Plaintiffs/Petitioners Rosenstein and Moskowitz posting a $50,000.00 bond within 20 days after service of the Order with Notice of Entry.

101.    The lower Court provided no explanation as to why such a large undertaking was required, especially in light of the environmental and public interests relevant to this lawsuit.

102.    Ultimately, Rosenstein and Moskowitz were financially unable to secure the total amount of the undertaking as required by several surety companies.

103.    They made applications to stay posting of the bond or reduce the amount to both the lower Court and to this Court, to no avail.

104.    Rosenstein and Moskowitz subsequently succumbed to the intimidation of the Town and private applicant-developers, and withdrew from the case.

105.    Despite the public environmental purpose at stake and clear, blatant environmental violations of the Town, the preliminary injunction lapsed.

**Petitioners Successfully Appeal The *Ramapo II* Decision**

106.    Petitioners appealed their dismissal from the case and diligently endeavored to preserve the status quo pending their appeal.

107.    On September 9, 2005, Petitioners moved by Order to Show Cause to Second Department to stay posting of bond pending appeal.

108.    On September 26, 2005, Petitioners moved by Order to Show Cause to the lower Court to stay posting of bond pending determination of their September 9th Motion to the Second Department.

109.    On October 14, 2005, the Second Department denied Petitioners' Motion, but granted Petitioners leave to appeal the lower Court Order.

110.    The lower Court granted the Town's Motion to Renew on December 9, 2005, but adheres to original decision, and refuses to modify Preliminary Injunction.

111.    Significantly, on March 9, 2006 – i.e., three (3) months after the purported transfer of the Nike Site to Mosdos, Yeshiva cross-moved for leave to appeal the December 9, 2005 Decision.

112.    Petitioners perfected their Appeal June 5, 2006.

113.    On June 27, 2006, Petitioners moved the Second Department for Calendar Preference and Injunctive Relief.

114.    The Second Department denied Petitioners motion for an injunction on August 22, 2006.

115.    Oral argument was held before the Second Department on January 9, 2007.

116.    On August 14, 2007, the Appellate Division, Second Department, in a seminal 20-page Decision, issued an Opinion and Order ("Second Department Order"), *inter alia*, reinstating all but two Causes of Action in this matter, and remitted it back to the lower Court for a determination on the merits.  See Vill. of Chestnut Ridge v. Town of Ramapo, 45 A.D.3d 74, 841 N.Y.S.2d 321 (2d Dep't 2007).  (A copy of the Second Department Order is annexed hereto as Exhibit "D").

117.    Of significance, the Second Department held that: (i) all of the Villages have standing and capacity to challenge the Adult Student Housing Law (the "ASHL") under the New York State Environmental Quality Review Act ("SEQRA") and General Municipal Law; (ii) the Village of Wesley Hills has standing and capacity to challenge the SEQRA approvals obtained by Yeshiva and/or Mosdos on the Nike Site; and (iii) the Shapiros have standing to challenge the ASHL under SEQRA, Municipal Home Rule Law, and General Municipal Law, as

well as on the grounds that the ASHL constitutes impermissible spot zoning, and the Town Board's actions were *ultra vires*.  See id. at 340-41.

118.    In reinstating the above-referenced claims, the Second Department acknowledged specifically Petitioners' environmental concerns with regard to the potential massive density increase resulting from the implementation of the ASHL, as well as the potential significant impacts on water, sewage capacity and community character.  Vill. of Chestnut Ridge, 841 N.Y.S.2d at 338.

**Petitioners Again Move For Injunctive Relief**

119.    Once the action was reinstated, on September 5, 2007, Petitioners again sought injunctive relief from the State Supreme Court.

120.    On September 11, 2007, following notice and an opportunity for all parties to submit papers, the Supreme Court issued a temporary restraining order, enjoining, *inter alia*, the implementation by the Town of Ramapo Municipal Respondent/Defendants (collectively, the "Town") of the ASHL, the issuance of Certificates of Occupancy for the Nike Site (which is now almost entirely built), and occupation of the Nike Site (the "September 11th TRO").  (A copy of the September 11th TRO is annexed hereto as Exhibit "E").

121.    This TRO is presently still in effect.[1]

122.    On or about September 17, 2007, Yeshiva moved in the Appellate Division, Second Department to stay enforcement of the September 11th TRO, claiming that it

---

[1]       Although an *ex parte* TRO generally expires within ten days, in this case, since there was notice and an opportunity for all parties to be heard, the TRO is, effectively, a preliminary injunction that does not automatically expire, and is treated as such.  See 11A Wright & Miller, Fed. Prac. & Proc. § 2951, citing Schiavone Constr. Co. v. N.Y. City Transit Auth., 593 F. Supp. 1257, 1261 n.10 (S.D.N.Y. 1984) (application for TRO treated as preliminary injunction where opposing parties had notice and opportunity to be heard); see also Lewis v. S. S. Baune, 534 F.2d 1115, 1121 (5th Cir. 1976) ("We note that the TRO here was issued after notice and a brief hearing, and was in effect for approximately one year. It was in substance and effect a preliminary injunction and we therefore view it as such.").

"grants relief regarding real property owned by an entity who is not a party to this proceeding," and seeking leave to appeal on the same basis.

123. Yeshiva claimed that a necessary party was lacking because it had purportedly transferred the Nike Site to a "different" entity – Mosdos – more than a year after the underlying litigation commenced.

124. It is no coincidence that despite repeated motion practice and participation in litigation, it was not until the Second Department Decision and the reinstatement of the TRO that suddenly the subject conveyance was disclosed to the Court and Petitioners. (See Sept. 5, 2007 Transcript (the "Sept. 5 Tr.") at 19-22, 32-33. Relevant portions of the Sept. 5 Tr. are annexed to the Notice of Motion as Exhibit "F").

125. On September 25, 2007, the Second Department denied Yeshiva's Motion. (A copy of the September 25, 2007 Second Department Decision & Order on Motion is annexed hereto as Exhibit "G").

**Mosdos's Acquisition Of The Nike Site**

126. Based upon independent research, it was discerned that prior to the commencement of the instant action, it appears that due to alleged tax issues between the Town and Yeshiva (which are unrelated to the instant action), Yeshiva sought relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), by Petition dated October 27, 2003. See In re Yeshiva Chofetz Chaim Kiryas Radin, Inc., Case No. 03-16729 (Bankr. S.D.N.Y.) (RDD).

127. Yeshiva ultimately submitted to the Bankruptcy Court a Second Amended Plan of Reorganization, as Modified (Nov. 23, 2005) (the "Reorganization Plan").

128.    The Reorganization Plan, which was confirmed by a Bankruptcy Court Order, dated December 13, 2005, required that the Nike Site be transferred to Yeshiva Chofetz Chaim, Inc., an "*affiliate of [Yeshiva]*."  (Reorganization Plan at 10 (emphasis added)).

129.    By Deed dated December 13, 2005, the Nike Site was so transferred.  (A copy of the December 13, 2005 Deed is annexed hereto as Exhibit "H").

130.    The very next day, by Deed dated December 14, 2005, the Nike Site was transferred to Mosdos.  (A copy of the December 14, 2005 Deed is annexed hereto as Exhibit "I"; see also Mosdos's Answer, ¶ 325 ("Mosdos is currently the owner of . . . the Nike Site")).

131.    Yeshiva did not inform Petitioners or the State Court that it no longer held an interest in the Nike Site until almost two years later, as it proceeded to bring multiple motions, and litigate in the State Courts.

**Mosdos Is Added As A Respondent/Defendant To The Action**

132.    Once Yeshiva and Mosdos revealed that Mosdos was the actual owner of the Nike Site, in an attempt to short-circuit the gamesmanship by Yeshiva and Mosdos, Judge Nicolai suggested that for procedural purposes, Petitioners serve an Amended Petition/Complaint, *inter alia*, adding Mosdos as a Respondent/Defendant.

133.    Petitioners served Mosdos on September 26, 2007 with an Amended Summons, Notice of Amended Petition/Complaint, and the Complaint.  (See Exhibit "J").

134.    No other amendments were made to the Complaint.

**Mosdos Files A Notice Of Removal And Petitioners Move To Remand**

135.    After three years of extensive litigation in the State Courts by Yeshiva, and two years after Mosdos acquired the Nike Site, on October 17, 2007, Mosdos filed the subject Notice of Removal.

136.    Mosdos also filed its Answer with Counterclaims, inserting meritless federal claims in a blatant attempt at forum shopping.

137.    On November 2, 2007, at Petitioners' request, the Federal Court held a Pre-Motion Conference in connection with Petitioners' proposed Motion to Remand the action to State Court pursuant to 28 U.S.C.A. Section 1447(c).

138.    On November 30, 2007, pursuant to a Motion Scheduling Order, dated November 2, 2007, Petitioners served their Motion to Remand, which Motion will be fully submitted on December 28, 2007.

<strong>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</strong>

139.    Petitioners repeat and reallege paragraphs 1 through 138 as if fully stated herein.

140.    Mosdos's Counterclaims fail to state a claim upon which relief can be granted.

<strong>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</strong>

141.    Petitioners repeat and reallege paragraphs 1 through 140 as if fully stated herein.

142.    Mosdos's Counterclaims are barred by the doctrine of documentary evidence.

<strong>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</strong>

143.    Petitioners repeat and reallege paragraphs 1 through 142 as if fully stated herein.

144.    Mosdos's Counterclaims are barred by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

145.    Petitioners repeat and reallege paragraphs 1 through 144 as if fully stated herein.

146.    Mosdos's Counterclaims are barred by the doctrine of estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

147.    Petitioners repeat and reallege paragraphs 1 through 146 as if fully stated herein.

148.    Mosdos's Counterclaims are barred pursuant to the doctrine of unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

149.    Petitioners repeat and reallege paragraphs 1 through 148 as if fully stated herein.

150.    Mosdos's Counterclaims are barred by the applicable Statute of Limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

151.    Petitioners repeat and reallege paragraphs 1 through 150 as if fully stated herein.

152.    Mosdos's Counterclaims are barred pursuant to the doctrine of waiver.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

153.    Petitioners repeat and reallege paragraphs 1 through 152 as if fully stated herein.

154.    This Court lacks jurisdiction over the subject matter of Mosdos's Counterclaims.

**WHEREFORE**, Petitioners respectfully request: (i) that Mosdos's Counterclaims

be dismissed with prejudice, with costs assessed against Mosdos; and (ii) that the Court grant

such other and further relief as the Court deems necessary and proper.

Dated: December 28, 2007
      White Plains, New York



Respectfully submitted,

ZARIN & STEINMETZ


By: _____
    Michael D. Zarin (MDZ-6692)
    Daniel M. Richmond (DMR-2652)
    Jody T. Cross (JTC-1433)
    *Attorneys for Petitioners*
    81 Main Street, Suite 415
    White Plains, New York  10601
    (914) 682-7800

23