**Exhibit H**

# WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS THAT:

THIS WARRANTY DEED, executed this 13th day of December, 2005,

by first party,

**YESHIVA CHOFETZ CHAIM KIRYAS RADIN INC,**

a Corporation organized under the laws of the state of NEW YORK (hereinafter referred to as "Grantor") whose post office mailing address is

**1 KIRYAS RADIN DRIVE, RAMAPO NY 10977**

To the second party,

**YESHIVA CHOFETZ CHAIM INC.,**

a Corporation organized under the laws of the state of NEW YORK (hereinafter referred to as "Grantee") whose post office mailing address is

**82 HIGHVIEW RD, SUFFERN, NY 10901.**

WITNESSETH, That the first party, for good consideration of FOUR MILLION DOLLARS $4,000,000.00 and pursuant to a federal court order.
(*see attached*).

and other good and valuable consideration by the said second party, the receipt of which is hereby acknowledged, does hereby grant and release unto the second party and assigns forever, all the estate, rights, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the County of ROCKLAND , State of New York, to wit:

SEE ATTACHED DISCRIPTION (**Attachment A**)

Previously referenced as follows:

**LOT 89/41.20-2-40,** of the Recorder of deeds in the County of Rockland .

SUBJECT TO all easements, rights-of-way, mineral reservations of record and protective covenants, if any.

TO INCLUDE, any and all gas, oil and minerals, all and any other rights under, on or in any way within the boundaries of the above described property.

TO HAVE AND TO HOLD the premises herein granted unto the second party and assigns forever. And said first party covenants as follows:

**First.** That said first party is seized of said premises in fee simple, and has good right to convey the same;

**Second.** That the second party shall quietly enjoy the said premises;

**Third.** That the said premises are free from encumbrances;

**Fourth.** That the first party will execute or procure any further necessary assurance of the title to said premises;

**Fifth.** That said first party will forever warrant the title to said premises.

**IN WITNESS WHEREOF,** The said first party has caused its corporate seal to be hereunto affixed and these presents to be signed by its duly authorized officer the day and year first above written.

Name of Corporation: **YESHIVA CHOFETZ CHAIM KIRYAS RADIN INC.**

BY Authorized Representative

Title _SEC._

CORPORATE SEAL

Print Name: _YESHIVA CHOFETZ CHAIM KIRYOS RADIN INC._
Title: _HERSHY ITZKOWITZ       SEC._

State of NEW YORK County of ROCKLAND
On the _13th_ day of _December 2005_ before me, a Notary Public, appeared _HERSHY ITZKOWITZ_ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

RICHARD D'ANTONO
Notary Public, State of New York
Qualified in Rockland Co. No. 04DA6039231
Commission Expires March 27, 200 6

Signature of Notary   Print Name   (Seal)
My Commission Expires on _3-27-06_

(Attachment A)

**DESCRIPTION OF PROPERTY**
FOR WARRANTY DEED DATED
December 13, 2005

Grantor: **YESHIVA CHOFETZ CHAIM KIRYAS RADIN INC,**
Grantee: **YESHIVA CHOFETZ CHAIM INC.,**

ALL THAT tract or parcel of land situated in the Village of New Hempstead, *TOWN OF RAMAPO* County of Rockland, State of New York, and more particularly described as follows:

Beginning at the point where the centerline of Grandview Avenue at the northwesterly corner of lands of the United States of America, said point being north 84°-51'-02". Proceeding thence:

1.    West along said centerline a distance of 613 .15 feet, from the northwesterly corner of lands of Tosha Samaroff

2.    Thence running south 04°-23'-35" west along said lands of the United States of America, a distance of 425.00 feet;

3.    Thence north *84°—51'-02"* west through lands of the Halloran H. Brown Estate, a distance of 500.00 feet;

4.    Thence north 04°-23 *'-35"* east, still through lands of the Halloran H. Brown Estate, a distance of 425.00 feet to the centerline of Grandview Avenue;

5.    Thence south 84°51'-02" east, along said centerline, a distance of 500.00 feet to a point or place of beginning.

Containing 4.88 acres of land more or less.

Grantor: **YESHIVA CHOFETZ CHAIM KIRYAS RADIN INC,**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

In re:                                          Chapter 11

YESHIVA CHOFETZ CHAIM KIRYAS                    Case No. 03-16729 (RDD)
RADIN, INC.,

                        Debtor.
------------------------------------------------x

## ORDER CONFIRMING SECOND AMENDED PLAN OF
## REORGANIZATION, AS MODIFIED AND FIXING DEADLINES

Upon the Second Amended Plan of Reorganization of Yeshiva Chofetz Chaim Kiryas

Radin, Inc. dated November 23, 2005 (the "Plan")[1]; and upon the Second Amended Disclosure Statement,

As Modified, for the Second Amended Plan of Reorganization, As Modified (the "Disclosure Statement")

dated November 23, 2005; and

Upon this Court's Order (i) Preliminarily Approving Second Amended Disclosure

Statement; (ii) Fixing Date for Hearing to Consider Final Approval of Second Amended Disclosure

Statement and Confirmation of Second Amended Plan; (iii) Fixing Last Date to File Objections to Approval

of Second Amended Disclosure Statement and Confirmation of Second Amended Plan; (iv) Fixing Time

Within Which Creditors May Vote to Accept or Reject Second Amended Plan; (v) Approving the Form

and Manner of notice Thereof; and Granting Related Relief (the "Disclosure Statement Order"); and

---

[1] All capitalized terms if not expressly defined herein, shall have the meaning proscribed in the Plan.
{B0290898.DOC;2}

THE COURT HAVING HELD A HEARING on December 13, 2005, upon notice, as set forth in the Affidavit of Service of Ethel R. Zwerin, dated December 2, 2005, to consider final approval of the Disclosure Statement and confirmation of the Plan; and

IT APPEARING THAT, no objections to the final approval of the Disclosure Statement or confirmation of the Plan have been filed with this Court; and

IT FURTHER APPERING THAT, no further notice is required; it is therefore

IN ACCORDANCE with Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court makes the following findings of fact and conclusions of law which support final approval of the Disclosure Statement and confirmation of the Plan. To the extent any finding of fact contained herein shall later be determined to be a conclusion of law, it shall be so deemed and to the extent any conclusion of law contained herein shall later be determined to be a finding of fact it shall be deemed.

## THE COURT FINDS AND CONCLUDES THAT:

#### JURISDICTION AND VENUE

1.     This civil proceeding arises under Sections 1128 and 1129 of Title 11 of the United States Code and arises in a case under Title 11 of the United States Code.

2.     Jurisdiction over this civil proceeding is vested in the United States District Court for this District pursuant to Section 1334 of Title 28 of the United States Code (the "Judicial Code").

{00290898.DOC; 2}

3.     This civil proceeding arising under Sections 1128 and 1129 of Title 11 of the United States Code and arising in a case under Title 11 of the United States Code has been referred to this Court pursuant to Section 157(a) of the Judicial Code and the *Standing Order of Referral of Cases to Bankruptcy Judges* (S.D.N.Y. July 10, 1984) (Ward, Acting C.J.).

4.     This is a core proceeding arising under Sections 1128 and 1129 of Title 11 of the United States Code and arising in a case under the Bankruptcy Code. *See* 28 U.S.C. §157(b)(1).

5.     This Court may hear and determine this proceeding and enter appropriate orders and judgments pursuant to Section 157(b)(1) of Title 28 of the United States Code. *See* 28 U.S.C. §157(b)(2)(A), (L) and (O).

6.     Venue of this civil proceeding in this district is proper pursuant to Section 1409 of the Judicial Code.

DISCLOSURE STATEMENT

7.     On December 1, 2005, this Court entered the Disclosure Statement Order, *inter alia,* preliminarily approving the Disclosure Statement, setting deadlines for the filing of objections to the Disclosure Statement and the Plan, and approving and directing the form and manner of service of notice thereof.

8.     Additionally the Disclosure Statement Order scheduled the Confirmation Hearing to be held on December 13, 2005 to consider whether to confirm the Plan pursuant to Section 1128 and 1129 of the Bankruptcy Code.

3

{00793899.DOC;2}

SOLICITATION OF BALLOTS; OBJECTIONS

9. As set forth in the Disclosure Statement, the Plan, and the Disclosure Statement Order, notices were served upon all interested parties in the manner required by the Disclosure Statement Order.

10. All persons, Entities and governmental agencies entitled or required to receive notice of the Plan have received due, proper and adequate notice of the hearings on the adequacy of the Disclosure Statement and the confirmation of the Plan.

11. Scott A. Steinberg, Esq. has filed an Attorney's Certification of Acceptances and Rejections of Second Amended Plan of Reorganization, As Modified (the "Ballot Certification"). As set forth in thee Plan and the Ballot Certification, one (1) class of creditors (Class 2) is impaired by the Plan. As set forth in the Ballot Certification, the Plan has been accepted by 100% of the claims voting in Class 2.

CONDITIONS PRECEDENT

12. All of the conditions precedent to Confirmation, if any, set forth in the Plan have been met or waived on the record in open court.

SECTION 1129(a)

13. The Plan complies with the applicable provisions of the Bankruptcy Code.

14. The Plan properly classifies Claims as required by Section 1122 of the Bankruptcy Code.

4

{00290898.DOC;2}

15.     The Claims within each Class designated under the Plan are substantially similar.

16.     The classification of individual claims was properly made and is appropriate in accordance with the terms of the Plan and the requirements of Section 1122 of the Bankruptcy Code for the purposes of tabulating ballots accepting and rejecting the Plan and for the purposes of distribution of the consideration to be distributed to holders of claims under the Plan.

17.     The Plan specifies the classes of Claims that are impaired or not impaired under the Plan, as required by Section 1123(a)(2) of the Bankruptcy Code, and specifies the treatment of each class of Claims that is impaired under the Plan, as required by Section 1123(a)(3) of the Bankruptcy Code.

18.     The Plan provides the same treatment for each Claim of a particular class, unless the holder of a particular Claim agrees to a less favorable treatment, as required by Section 1123(a)(4) of the Bankruptcy Code.

19.     The Debtor, its agents and professionals have acted in good faith for purposes of Section 1125(e) of the Bankruptcy Code, and have complied with all applicable provisions of the Bankruptcy Code.

20.     The Plan does not discriminate unfairly, and is fair and equitable, with respect to each Class of Claims that is impaired under, and has not accepted, the Plan.

21.     The Plan provides adequate, proper and legal means for the Plan's implementation as required by Section 1123(a)(5) of the Bankruptcy Code.

5

IF0290898.DOC;21

22.    The provisions of Article VI of the Plan with respect to the rejection of Executory Contracts and Unexpired Leases are fair and appropriate and are consistent with the provisions of Section 365 of the Bankruptcy Code.

23.    The Plan is consistent with the interests of creditors and with public policy as required by Sections 1123(a)(6) and 1123(a)(7) of the Bankruptcy Code.

24.    The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, and in particular: the Debtor has served copies of the Disclosure Statement, the Plan and the Disclosure Statement Order and Notification of Non-Voting Status, as required by the Disclosure Statement Order.

25.    No creditor has solicited acceptances of the Plan or participated in the offer, issuance, sale or purchase of securities of the Debtor.

26.    The Plan has been proposed in good faith and not by any means forbidden by law and, viewed in the light of the totality of the circumstances surrounding the formulation, submission, distribution, and confirmation of the Plan, the Plan will fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

27.    As required by Section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or will be subject to the approval of, this Court as reasonable.

6

{00240888.DOC;2}

28.    The identity, qualifications and affiliations of the persons proposed to continue to serve, after confirmation of the Plan, as the officers of the Debtor, to the extent known, have been disclosed pursuant to 11 U.S.C. §1129(a)(5)(B) and such disclosure satisfies the requirements of the Bankruptcy Code. *See, In re American Solar King Corp.,* 90 B.R. 808, 814-17 (Bankr. W.D. Tex. 1988).

29.    The provisions for the appointment to, or continuance in office of, each individual proposed to serve as an officer of the Debtor following the Effective Date is consistent with the interests of creditors and interest holders and with public policy.

30.    There are no rate changes provided for in the Plan, with respect to which rates, a governmental regulatory commission has jurisdiction over the Debtor after confirmation.

31.    The Plan has been deemed accepted in accordance with the provisions of Section 1126(f) of the Bankruptcy Code by each Class of Claims under the Plan.

32.    No holder of an allowed secured claim has made an election under Section 1111(b)(2) of the Bankruptcy Code.

33.    Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that as soon as practicable after the Effective Date: (i) the holders of Claims of a kind specified in Section 507(a)(1) of the Bankruptcy Code, will receive on account of such Claims, cash equal to the allowed amount of such Claim, (ii) each holder of a Claim of a kind specified in Section 507(a)(8) of the Bankruptcy Code, will receive payment in Cash in full in equal annual installments over a six year period from the date of assessment, together with applicable statutory interest

7

File#:200500069279

accruing from the Effective Date on the unpaid portion thereof and the holder of each other Claim entitled to Priority pursuant to Section 507(a) shall receive payment  in cash, in full, on the Effective Date.

34.     Pursuant to 11 U.S.C. §1126(f), the Plan has accepted the Plan by all classes.

35.     The Debtor has paid or shall pay on or prior to the Effective Date all amounts due under 28 U.S.C. §1930.

36.     The Debtor does not maintain any Retiree Benefits, as that term is defined in Section 1114(a) of the Bankruptcy Code.

## FEASIBILITY

37.     The Plan is feasible, and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, except to the extent that such liquidation or reorganization is proposed in the Plan.

## TRANSFER TAXES

38.     The making and delivery of any instrument of transfer respecting the transfer of any asset pursuant to or in furtherance of the Plan and any other related instruments contemplated under the Plan (collectively, the "Transfer Documents") constitute "the making and delivery of an instrument of transfer under a plan confirmed under Section 1129" within the meaning of Section 1146(c) of the Bankruptcy Code and will be free of the imposition of taxes of the kind specified in Section 1146(c) of the Bankruptcy

8

Code, including, but not limited to the sale of the Debtor's property located at Kiryas Radin Drive,

Ramapo, New York, in accordance with the provisions of the Plan.

IT IS THEREFORE

### DISCLOSURE STATEMENT

ORDERED, that the Disclosure Statement dated November 23, 2005, be, and the

same hereby is, approved in all respects; and it is further

### CONFIRMATION

ORDERED, that the Plan meets each of the requirements of section 1129(a) of the

Bankruptcy Code; and it is further

ORDERED, that the Plan, is hereby confirmed; and it is further

### VESTING OF ASSETS

ORDERED, that except as provided in the Plan, after the Effective Date all of the assets

and properties of the Debtor's Estate shall vest in the Debtor, free and clear of all Liens, Claims and

encumbrances, and any and all Liens, Claims and encumbrances that have not been expressly preserved

under the Plan shall be deemed extinguished as of such date; and it is further

ORDERED that, upon confirmation of the Plan the Debtor may operate, buy, use, acquire,

and dispose of the assets of the Estate and may settle and compromise any Claims, interests and causes of

action free of any restrictions contained in the Bankruptcy Code or Bankruptcy Rules except as set forth in

9

{00290898.DOC;2}

the Plan; and; it is further

**ORDERED** that, except as otherwise provided herein or in the Plan, as of the Effective

Date, all property of the Debtor shall be free and clear of all Claims of Creditors, except for the obligations

that are imposed by the Plan or by a Final Order of the Bankruptcy Court; and it is further

### DISBURSING AGENT

**ORDERED,** that pursuant to the Plan, the Debtor shall be the Disbursing Agent; and it is

further

### CONSUMMATION OF THE PLAN

**ORDERED,** that the Debtor may enter into such agreements as is deemed necessary to

consummate the Plan without further order of the Court; and it is further

**ORDERED,** that except as specifically provided in the Plan, or this Order, the Debtor is

authorized, directed and empowered to do all things and take all actions reasonably necessary to effectuate

the consummation and implementation of the Plan, including, but not limited to, executing all documents,

filing all requisite documents with appropriate state and local authorities, establishing all accounts, making all

distributions and paying all costs in connection with consummating the Plan; and it is further

**ORDERED,** that any Liens held against the Debtor's Property by any creditor of the

Debtor, must be released to the extent provided in the Plan as a condition to payment of any Allowed Claim

held by such creditor; and it is further

10

{00250698:DOC;2}

ORDERED, that this Order and all related agreements and documents necessary to implement the Plan shall be binding upon and inure to the benefit of any successors and assigns of the Debtor; and it is further

ORDERED, that, in furtherance hereof, and in accordance with Section 1142(b) of the Bankruptcy Code, the Debtor is authorized to execute and file and record any satisfaction of lien necessary to effectuate or consummate the terms of the Plan or this Order, in their own name, in the name of the Debtor, or in the name of any necessary party thereto, and each and every federal, state and local governmental agency or department is hereby directed to accept any such document; and it is further

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

ORDERED, that in accordance with the provisions of Article VI of the Plan, on the Effective Date, all of the Debtor's Executory Contracts and Unexpired Leases shall be deemed assumed; and it is further

11

{00190898.DOC;2}

### TRANSFER TAXES; RECORDING AND FILING DOCUMENTS

ORDERED, that Pursuant to section 1146 of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer in connection with or in furtherance of the Plan (including any instrument executed in furtherance of the transactions provided for thereby within three (3) years from the Effective Date), shall not be subject to tax under any law imposing a stamp tax, Transfer Tax, mortgage recording tax or similar tax, and, to the extent provided by Section 1146, if any, shall not be subject to any state, local or federal law imposing sales tax so long as the transfer is in furtherance of the transfer contemplated under this Plan; and it is further

ORDERED, that from after the Effective Date, pursuant to Section 1146(c) of the Bankruptcy Code, all state and local government agencies, entities or authorities are jointly and severally restrained and enjoined from commencing or continuing any action to collect from the Debtor or its property, any stamp or similar tax within the meaning of Section 1146(c) of the Bankruptcy Code with respect to the transactions contemplated or described in the Plan; and it is further

ORDERED, that the Office of the Clerk of the County of Rockland in Rockland County shall record any recordable document without the payment of any New York State Real Estate Transfer Tax imposed under Article 31 of the New York Tax Law, any real property transfer tax imposed by the County of Rockland or Town of Ramapo and any other tax within the purview of Section 1146(c) of the Bankruptcy Code as set forth in the preceding two decretal paragraphs; and it is further

12

{05298505.DOC;2}

ORDERED, that each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan and this Order; and it is further

ORDERED, that all filing officers are directed to accept for recording or filing and to record or file the transfer documents in connection with the implementation of the Plan immediately upon presentation thereof without payment of such taxes and without the presentation of any affidavits, instruments or returns otherwise required for recording, and the recording officer is directed to comply with the provisions of this Order; and it is further

## RELEASES AND INJUNCTION

ORDERED, that the provisions of the Plan shall bind the Debtor and all creditors of the Debtor; and it is further

ORDERED, that pursuant to Section 1125(e) of the Bankruptcy Code, the Debtor, its employees, attorneys, and other persons who have solicited acceptances of the Plan (or any prior drafts of the Plan), are not liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing solicitation of acceptances of the Plan; and it is further

ORDERED, that, except as otherwise provided in the Plan, this Order, or any other order of the Bankruptcy Court, on and after the Confirmation Date all non-Debtor entities and individuals are

13

{00190898.DOC; 2}

permanently enjoined from commencing or continuing in any manner, or otherwise prosecuting, any action or proceeding, whether directly, derivatively or otherwise, on account of or respecting any claim, debt, right, cause of action, or liability that is released or to be released pursuant to the Plan; and it is further

ORDERED, that, the foregoing injunction shall apply to the holder of a debt, claim or interest, whether or not a proof of claim was filed or deemed filed, whether such claim was allowed, whether or not the holder of such claim accepted the Plan, and whether or not the right to payment was reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; and it is further

ORDERED, that, any person injured by any willful violation of the foregoing injunction may recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages from any willful violator thereof; and it is further

### STATUTORY AND PROFESSIONAL FEES

ORDERED, that the Debtor shall pay any amounts due subsequent to confirmation of the Plan under 28 U.S.C. §1930 in accordance with the terms of that section and shall file all required reports; and it is further

ORDERED, that the Debtor shall be responsible for the payment of any statutory fees due the Office of the United States Trustee for quarterly fees after the Closing until entry of a final decree in this case or until the case is dismissed or converted; and it is further

14

{00290898.DOC;2}

ORDERED, that all applications of Professionals under Sections 330 or 503(b) of the Bankruptcy Code for allowance of compensation and reimbursement of expenses accrued through the Effective Date, must be filed not later than sixty (60) days after the Effective Date, and shall only be paid pursuant to applicable orders of this Court governing payment of professional fees and the applicable provisions of the Plan. Claims for professional fees filed after such date shall automatically be deemed disallowed for all purposes under the Plan unless and until the claimant obtains an order of the Court allowing such Claims. Payment of any Administrative Expense Claim shall be subject to approval by the Bankruptcy Court following a hearing. Objections to requests for payment of Administrative Expense Claims must be filed with the Court, and served on counsel for the Debtor, and the U.S. Trustee, within twenty (20) days of the service of an application requesting such payment; and it is further

## RETENTION OF JURISDICTION

ORDERED, that the Court shall retain jurisdiction of this case with respect to motions pending before this Court on or before the Effective Date and thereafter; matters provided for in the Plan, including, but not limited to the consideration of any objections filed within the time permitted pursuant to the Plan to the allowance of any Claim and such other matters as are provided for in the Plan at Article XII, including the pending claim objection motion; and it is further

15

{00290898.DOC;2}

### NOTICE PROVISIONS AND CLAIMS BAR DATES

**ORDERED,** that notice of the entry of this Order in the form of Exhibit A hereto, which form is hereby approved, shall be mailed by the Debtor to all of its creditors, and such other parties as are entitled to notice, within ten days of the date of this Order; and it is further

**ORDERED,** that any claims of a kind specified in Articles II or VI of the Plan that are not filed on or before the respective deadlines set forth therein shall not participate in any distribution under the Plan and shall be forever barred; neither the Debtor, nor its estate, nor any disbursing agent, nor any employee or professional person employed by any of the foregoing shall have any liability in such capacity therefor or with respect thereto; and any holder of any such claim shall be forever barred from asserting any such claim against the Debtor, the estate, any disbursing agent, any employee or professional person employed by any of the foregoing in such capactiy, or its respective property, whether any such claim is deemed to arise prior to, on or subsequent to the Effective Date; and it is further

**ORDERED,** that, except as otherwise hereafter directed by the Court, notice of all subsequent pleadings in this case shall be limited to (i) the Debtor, (ii) Debtor's counsel, (iii) the United States Trustee, and (iv) any party affected by the relief sought; and it is further

### WAIVER OF TEN DAY STAY

**ORDERED,** that the ten (10) day stay provisions in Bankruptcy Rule 3020(e) be, and hereby are,

16

{50290898.DOC;2}

File#:200500069279

waived and the Debtor is authorized, upon entry of this Order, to implement and effectuate the terms of the

Plan and this Order.

**DATED:**    New York, New York
             December 13, 2005

                              /s/Robert D. Drain
                              Honorable Robert D. Drain
                              United States Bankruptcy Judge

R+R To:
YESHIVA CHOFETZ CHAIM INC.
82 HIGHVIEW RD.
SUFFERN N.Y. 10901

{00260899.DOC;2}