EXHIBIT   A         EXHIBIT A

Joseph J. Haspel
Attorney for Defendant - Mosdos Chofetz Chaim, Inc.
40 Matthews Street, Ste. 201
Goshen, NY 10924
845-294-8950

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                            T

THE VILLAGE OF CHESTNUT RIDGE, THE
VILLAGE OF MONTEBELLO, THE VILLAGE
OF POMONA, THE VILLAGE OF WESTLEY HILLS,        **ANSWER AND**
MILTON B. SHAPIRO and DR. SONYA SHAPIRO,        **COUNTERCLAIMS**

                    Petitioners/Plaintiffs,

        -against-                                Case No.: 07 CIV 9278

THE TOWN OF RAMAPO, THE TOWN
BOARD OF THE TOWN OF RAMAPO, THE
PLANNING BOARD OF THE TOWN OF
RAMAPO, YESHIVA CHOFETZ CHAIM OF
RADIN, SCENIC DEVELOPMENT, LLC and
THE BOARD OF APPEALS OF THE TOWN
OF RAMAPO, and MOSDOS CHOFETZ
CHAIM, INC.

                    Respondents/Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant, Mosdos Chofetz Chaim, Inc. ("Mosdos"), by its attorney, Joseph J. Haspel, as

and for its answer to the Complaint/Petition of Plaintiffs, state as follows:

1.     Insofar as Paragraph 1 of the Complaint is introductory, Mosdos neither admits

nor denies such allegations. To the extent that there are allegations of fact in Paragraph, Mosdos

admits that this is a hybrid action and an attempt to address the constitutionality of actions of

both the Town of Ramapo and Mosdos.

2.     Insofar as Paragraph 2 of the Complaint is introductory, Mosdos neither admits

nor denies such allegations. To the extent that it set forth what Plaintiffs seek, Mosdos denies the stated intention.

3.      Insofar as Paragraph 3 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it set forth what Plaintiffs seek, Mosdos denies the stated intention.

4.      Insofar as Paragraph 4 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it refers to a written document, Mosdos neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

5.      Insofar as Paragraph 5 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it refers to a written document, Mosdos neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

6.      Insofar as Paragraph 6 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it refers to a written document, Mosdos neither admits nor denies such allegations, but refers the Court to the document which speaks for itself.

7.      Insofar as Paragraph 7 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation.

8.      Insofar as Paragraph 8 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation.

9.      Insofar as Paragraph 7 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation. To the extent the

allegations contained in Paragraph 9 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegation, but refers the Court to the document which speaks for itself.

10.     Insofar as Paragraph 10 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies that allegation.

11.     Insofar as Paragraph 11 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation.

12.     Insofar as Paragraph 11 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation.

13.     Insofar as Paragraph 12 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation. To the extent the allegations contained in Paragraph 13 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegation, but refers the Court to the document which speaks for itself.

14.     Insofar as Paragraph 14 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation. To the extent the allegations contained in Paragraph 14 of the Complaint set forth a conclusion of law, Mosdos neither admits nor denies such allegation, but refers the is of law to the Court.

15.    Insofar as Paragraph 15 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation, except to the extent that to the extent that Paragraph 15 of the Complaint represent an admission that Plaintiffs' actions are directed at a pending application by Respondent/Defendant Yeshiva Chofetz Chaim for a housing development, Mosdos admits the allegation.

16.    Insofar as Paragraph 16 of the Complaint is introductory, Mosdos neither admits nor denies such allegations.   To the extent the allegations contained in Paragraph 16 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegation, but refers the Court to the document which speaks for itself.

17.    Insofar as Paragraph 17 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation. To the extent the allegations contained in Paragraph 17 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegation, but refers the Court to the document which speaks for itself.

18.    Insofar as Paragraph 18 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation. To the extent the allegations contained in Paragraph 18 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegation, but refers the Court to the document which speaks for itself.

19.    Insofar as Paragraph 19 of the Complaint is introductory, Mosdos neither admits

nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation. To the extent the allegations contained in Paragraph 19 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegation, but refers the Court to the document which speaks for itself.

20.    Insofar as Paragraph 20 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation. To the extent the allegations contained in Paragraph 20 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegation, but refers the Court to the document which speaks for itself.

21.    Insofar as Paragraph 21 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. To the extent that it sets forth an allegation of fact, Mosdos denies knowledge and information sufficient to form a belief as to that allegation. To the extent the allegations contained in Paragraph 21 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegation, but refers the Court to the document which speaks for itself.

22.    Insofar as Paragraph 22 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. Insofar as the allegations contained in Paragraph 22 of the Complaint set forth a legal conclusion, Mosdos neither admits nor denies such allegation, but refers the issue of law to the Court.

23.    Insofar as Paragraph 23 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. Insofar as the allegations contained in Paragraph 23 of the

Complaint set forth a legal conclusion, Mosdos neither admits nor denies such allegation, but refers the issue of law to the Court.

24.    Insofar as Paragraph 24 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. Insofar as the allegations contained in Paragraph 24 of the Complaint set forth a legal conclusion, Mosdos neither admits nor denies such allegation, but refers the issue of law to the Court. To the extent the allegations contained in Paragraph 24 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegation, but refers the Court to the document which speaks for itself.

25.    Insofar as Paragraph 25 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. Insofar as the allegations contained in Paragraph 25 of the Complaint set forth a legal conclusion, Mosdos neither admits nor denies such allegation, but refers the issue of law to the Court.

26.    Insofar as Paragraph 26 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. Insofar as the allegations contained in Paragraph 26 of the Complaint raise the specter of the constitutional issues of this lawsuit, Mosdos admits that this case presents constitutional issues.

27.    Insofar as Paragraph 27 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. Insofar as the allegations contained in Paragraph 27 of the complaint set forth a legal conclusion, Mosdos neither admits nor denies such allegation, but refers the issue of law to the Court.

28.    Insofar as Paragraph 28 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. Insofar as the allegations contained in Paragraph 28 of the Complaint set forth a legal conclusion, Mosdos neither admits nor denies such allegation, but

refers the issue of law to the Court.

29.    Insofar as Paragraph 29 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. Insofar as the allegations contained in Paragraph 29 of the Complaint set forth a legal conclusion, Mosdos neither admits nor denies such allegation, but refers the issue of law to the Court.

30.    Insofar as Paragraph 30 of the Complaint is introductory, Mosdos neither admits nor denies such allegations. Insofar as the allegations contained in Paragraph 30 of the Complaint set forth a legal conclusion, Mosdos neither admits nor denies such allegation, but refers the issue of law to the Court.

31.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 31 of the Complaint.

32.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the Complaint.

33.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 33 of the Complaint.

34.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the Complaint.

35.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the Complaint.

36.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 36 of the Complaint.

37.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the Complaint.

38.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 38 of the Complaint.

39.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 39 of the Complaint.

40.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 40 of the Complaint.

41.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 41 of the Complaint.

42.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 42 of the Complaint.

43.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 43 of the Complaint.

44.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 44 of the Complaint.

45.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 45 of the Complaint.

46.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 46 of the Complaint.

47.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 31 of the Complaint.

48.     Mosdos denies the allegations set forth in Paragraph 48 of the Complaint, except Mosdos admits that Yeshiva Chofetz Chaim of Radin is located in Suffern, Rockland County, New York.

49.    ??  Mosdos denies the allegations set forth in Paragraph 49.

50.    Mosdos denies the allegations set forth in Paragraph 50, except insofar as the allegations set forth a conclusion of law Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

51.    ??

52.    Mosdos denies the allegations set forth in Paragraph 52 of the Complaint.

53.    Insofar as the allegations contained in Paragraph 53 contain a conclusion of law, Mosdos neither admits nor denies such allegation, but refers the issue of law to the Court.

54.    Insofar as the allegations contained in Paragraph 54 contain a conclusion of law, Mosdos neither admits nor denies such allegation, but refers the issue of law to the Court.

55.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 55 of the Complaint.

56.    Mosdos admits the allegations set forth in Paragraph 56 of the Complaint.

57.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 57 of the Complaint, except Mosdos admits The Town of Ramapo is located in southern Rockland County.

58.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 58 of the Complaint.

59.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 59 of the Complaint.

60.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 60 of the Complaint.

61.    Mosdos denies knowledge and information sufficient to form a belief as to the

allegations set forth in Paragraph 61 of the Complaint.

62.     Insofar as the allegations contained in Paragraph 62 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

63.     Insofar as the allegations contained in Paragraph 62 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

64.     Insofar as the allegations contained in Paragraph 64 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

65.     Insofar as the allegations contained in Paragraph 65 of the Complaint set forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

66.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 66 of the Complaint, except insofar as the allegations contained in Paragraph 66 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

67.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 67 of the Complaint.

68.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 68 of the Complaint.

69.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 68 of the Complaint, except insofar as the allegations contained

in Paragraph 69 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

70.    Insofar as the allegations contained in Paragraph 70 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

71.    Insofar as the allegations contained in Paragraph 71 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

72.    Insofar as the allegations contained in Paragraph 72 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

73.    Insofar as the allegations contained in Paragraph 73 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

74.    Insofar as the allegations contained in Paragraph 74 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

75.    Insofar as the allegations contained in Paragraph 75 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

76.    Insofar as the allegations contained in Paragraph 76 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

77.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 77, except insofar as the allegations contained in Paragraph 77 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

78.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 78, except insofar as the allegations contained in Paragraph 78 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

79.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 79, except insofar as the allegations contained in Paragraph 79 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

80.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 80.

81.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 81, except insofar as the allegations contained in Paragraph 81 of the Complaint set forth a conclusion of law, Mosdos neither admits nor denies such allegations but refers the issue to the Court.

82.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 82, except insofar as the allegations contained in Paragraph 82 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

83.     Mosdos denies knowledge and information sufficient to form a belief as to the

allegations set forth in Paragraph 83, except insofar as the allegations contained in Paragraph 83 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

      84.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 84, except insofar as the allegations contained in Paragraph 84 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

      85.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 85, except insofar as the allegations contained in Paragraph 85 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

      86.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 86, except insofar as the allegations contained in Paragraph 86 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

      87.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 87, except insofar as the allegations contained in Paragraph 87 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

      88.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 88, except insofar as the allegations contained in Paragraph 88 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

89.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 89, except insofar as the allegations contained in Paragraph 89 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

90.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 90, except insofar as the allegations contained in Paragraph 90 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

91.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 91, except insofar as the allegations contained in Paragraph 91 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

92.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 92 of the Complaint .

93.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 93, except insofar as the allegations contained in Paragraph 93 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

94.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 94, except insofar as the allegations contained in Paragraph 94 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

95.    Mosdos denies knowledge and information sufficient to form a belief as to the

allegations set forth in Paragraph 95, except insofar as the allegations contained in Paragraph 95 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

96.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 96 of the Complaint.

97.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 97 of the Complaint, except insofar as the allegations contained in Paragraph 97 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

98.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 98 of the Complaint, except insofar as the allegations contained in Paragraph 98 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

99.     Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 99 of the Complaint, except insofar as the allegations contained in Paragraph 99 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

100.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 100, except insofar as the allegations contained in Paragraph 100 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

101.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 101 of the Complaint, except insofar as the allegations

contained in Paragraph 101 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

102.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 102, except insofar as the allegations contained in Paragraph 102 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

103.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 103 of the Complaint, except insofar as the allegations contained in Paragraph 103 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself, and insofar as the allegations contained in Paragraph 103 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

104.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 104 of the Complaint, except insofar as the allegations contained in Paragraph 104 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself, and insofar as the allegations contained in Paragraph 104 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

105.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 105 of the Complaint, except insofar as the allegations contained in Paragraph 105 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself, and insofar as the allegations contained in Paragraph 105 of the Complaint sets forth a conclusion of

law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

106.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 106 of the Complaint, except insofar as the allegations contained in Paragraph 106 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

107.    Mosdos denies the allegations set forth in Paragraph 107.

108.    Mosdos denies knowledge the allegations set forth in Paragraph 108.

109.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 109, except to the extent that the allegations set forth in Paragraph 109 set for speculative conclusions, Mosdos denies such speculation.

110.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 110, except to the extent that the allegations set forth in Paragraph 110 set for speculative conclusions, Mosdos denies such speculation.

111.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 111.

112.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 112 of the Complaint, except insofar as the allegations contained in Paragraph 112 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

113.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 113 of the Complaint, except insofar as the allegations contained in Paragraph 113 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

114.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 114.

115.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 115.

116.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 116 of the Complaint, except insofar as the allegations contained in Paragraph 116 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

117.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 117 of the Complaint, except insofar as the allegations contained in Paragraph 117 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

118.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 118 of the Complaint, except insofar as the allegations contained in Paragraph 118 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

119.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 119 of the Complaint, except insofar as the allegations contained in Paragraph 119 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

120.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 120 of the Complaint, except insofar as the allegations contained in Paragraph 120 of the Complaint refer to a written document, Mosdos neither admits

nor denies such allegations, but refers the document to the Court which speaks for itself.

121.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 121 of the Complaint, except insofar as the allegations are speculative, Mosdos denies the speculation.

122.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 122 of the Complaint, except insofar as the allegations are speculative, Mosdos denies the speculation. Insofar as the allegations contained in Paragraph 122 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

123.    Insofar as the allegations contained in Paragraph 123 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

124.    ??

125.    ??

126.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 126 of the Complaint, except insofar as the allegations contained in Paragraph 126 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

127.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 127 of the Complaint, except insofar as the allegations contained in Paragraph 127 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

128.    Mosdos denies the allegations set forth in Paragraph 128 of the Complaint.

129.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 128 of the Complaint, except insofar as the allegations contained in Paragraph 128 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

130.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 130 of the Complaint, except insofar as the allegations contained in Paragraph 130 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 130 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

131.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 131 of the Complaint, except insofar as the allegations contained in Paragraph 131 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

132.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 132 of the Complaint, except insofar as the allegations are speculative, Mosdos denies the speculation.

133.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 133 of the Complaint.

134.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 134 of the Complaint, except insofar as the allegations contained in Paragraph 134 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar

as the allegations contained in Paragraph 134 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

135.    ??

136.    Mosdos admits the allegations set forth in Paragraph 136 of the Complaint.

137.    ?? Mosdos denies the allegations set forth in Paragraph 137 of the Complaint.

138.    ?? Mosdos denies the allegations set forth in Paragraph 138 of the Complaint.

139.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 139 of the Complaint, except insofar as the allegations contained in Paragraph 139 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

140.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 140 of the Complaint, except insofar as the allegations contained in Paragraph 140 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

141.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 141 of the Complaint, except insofar as the allegations contained in Paragraph 141 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

142.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 142 of the Complaint.

143.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 143 of the Complaint, except insofar as the allegations contained in Paragraph 143 of the Complaint refer to a written document, Mosdos neither admits

nor denies such allegations, but refers the document to the Court which speaks for itself.

144.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 144 of the Complaint, except insofar as the allegations are speculative, Mosdos denies the speculation.

145.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 145 of the Complaint, except insofar as the allegations are speculative, Mosdos denies the speculation.

146.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 146 of the Complaint, except insofar as the allegations are speculative, Mosdos denies the speculation.

147.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 147 of the Complaint, except insofar as the allegations contained in Paragraph 147 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

148.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 148 of the Complaint, except insofar as the allegations contained in Paragraph 148 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 148 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

149.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 149 of the Complaint, except insofar as the allegations contained in Paragraph 149 of the Complaint refer to a written document, Mosdos neither admits

nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 149 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

150.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 150 of the Complaint, except insofar as the allegations contained in Paragraph 150 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 150 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

151.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 151 of the Complaint, except insofar as the allegations contained in Paragraph 151 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 151 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

152.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 152 of the Complaint, except insofar as the allegations contained in Paragraph 152 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 152 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

153.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 153 of the Complaint, except insofar as the allegations

contained in Paragraph 153 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 153 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

154.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 154 of the Complaint, except insofar as the allegations contained in Paragraph 154 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 154 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court. Mosdos admits that RLUIPA confers it, as a religious institution, certain rights with respect to land use issues.

155.    Insofar as the allegations contained in Paragraph 155 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

156.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 156 of the Complaint.

157.    Insofar as the allegations contained in Paragraph 157 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

158.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 158 of the Complaint, except insofar as the allegations contained in Paragraph 158 of the Complaint refer to a written document, Mosdos neither admits

nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 158 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

159.    Insofar as the allegations contained in Paragraph 159 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

160.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 160 of the Complaint, except insofar as the allegations contained in Paragraph 160 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

161.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 161 of the Complaint, except insofar as the allegations contained in Paragraph 161 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

162.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 162 of the Complaint, except insofar as the allegations contained in Paragraph 162 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 162 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

163.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 163 of the Complaint, except insofar as the allegations contained in Paragraph 163 of the Complaint refer to a written document, Mosdos neither admits

nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 163 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

164.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 164 of the Complaint, except insofar as the allegations contained in Paragraph 164 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 164 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

165.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 165 of the Complaint, except insofar as the allegations contained in Paragraph 165 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 165 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

166.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 166 of the Complaint, except insofar as the allegations contained in Paragraph 166 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 166 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

167.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 167 of the Complaint, except insofar as the allegations

contained in Paragraph 167 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

168.    ??

169.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 169 of the Complaint, except insofar as the allegations contained in Paragraph 169 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

170.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 170 of the Complaint, except insofar as the allegations contained in Paragraph 170 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

171.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 171 of the Complaint, except insofar as the allegations contained in Paragraph 171 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

172.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 172 of the Complaint, except insofar as the allegations contained in Paragraph 172 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

173.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 173 of the Complaint, except insofar as the allegations contained in Paragraph 173 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

174.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 174 of the Complaint, except insofar as the allegations contained in Paragraph 174 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

175.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 175 of the Complaint, except insofar as the allegations contained in Paragraph 175 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

176.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 176 of the Complaint, except insofar as the allegations contained in Paragraph 176 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 176 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

177.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 177 of the Complaint, except insofar as the allegations contained in Paragraph 177 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 177 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

178.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 178 of the Complaint, except insofar as the allegations contained in Paragraph 178 of the Complaint refer to a written document, Mosdos neither admits

nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 178 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

179.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 179 of the Complaint, except insofar as the allegations contained in Paragraph 179 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

180.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 180 of the Complaint.

181.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 181 of the Complaint, except insofar as the allegations contained in Paragraph 181 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

182.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 182 of the Complaint, except insofar as the allegations contained in Paragraph 182 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

183.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 183 of the Complaint, except insofar as the allegations contained in Paragraph 183 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

184.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 184 of the Complaint, except insofar as the allegations

contained in Paragraph 184 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

185.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 185 of the Complaint, except insofar as the allegations contained in Paragraph 185 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 185 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

186.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 186 of the Complaint, except insofar as the allegations contained in Paragraph 186 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

187.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 187 of the Complaint, except insofar as the allegations contained in Paragraph 187 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 187 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

188.    Mosdos denies the allegations set forth in Paragraph 188 of the Complaint.

189.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 189 of the Complaint, except insofar as the allegations contained in Paragraph 189 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

190.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 190 of the Complaint, except insofar as the allegations contained in Paragraph 190 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

191.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 191 of the Complaint, except insofar as the allegations contained in Paragraph 189 of the Complaint refer to a written document.

192.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 192 of the Complaint, except insofar as the allegations contained in Paragraph 192 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 192 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

193.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 193 of the Complaint, except insofar as the allegations contained in Paragraph 193 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar as the allegations contained in Paragraph 193 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

194.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 194 of the Complaint, except insofar as the allegations contained in Paragraph 194 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself. Insofar

as the allegations contained in Paragraph 194 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

195.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 195 of the Complaint, except insofar as the allegations contained in Paragraph 195 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

196.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 196 of the Complaint, except insofar as the allegations contained in Paragraph 196 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

197.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 196 of the Complaint, except insofar as the allegations contained in Paragraph 196 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

198.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 195 of the Complaint.

199.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 199 of the Complaint, except insofar as the allegations contained in Paragraph 199 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

200.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 200 of the Complaint, except insofar as the allegations contained in Paragraph 200 of the Complaint sets forth a conclusion of law, Mosdos neither

admits nor denies such allegations, but refers the issue of law to the Court.

201.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 201 of the Complaint, except insofar as the allegations contained in Paragraph 201 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

202.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 202 of the Complaint, except insofar as the allegations contained in Paragraph 202 of the Complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

203.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 203 of the Complaint, except insofar as the allegations contained in Paragraph 203 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

204.    ?? Mosdos denies the allegations contained in Paragraph 204 of the Complaint.

205.    Mosdos denies the allegations contained in Paragraph 205 of the Complaint.

206.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 206 of the Complaint, except insofar as the allegations contained in Paragraph 206 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations, but refers the document to the Court which speaks for itself.

207.    With respect to the allegations set forth in Paragraph 207 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 206.

208.    Mosdos denies the allegations contained in Paragraph 208 of the Complaint, except insofar as the allegations contained in Paragraph 208 of the complaint sets forth a

conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

209.    Mosdos denies the allegations contained in Paragraph 209 of the Complaint, Insofar as the allegations contained in Paragraph 209 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

210.    Mosdos denies the allegations contained in Paragraph 210 of the Complaint, Insofar as the allegations contained in Paragraph 210 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

211.    Mosdos denies the allegations contained in Paragraph 211 of the Complaint, Insofar as the allegations contained in Paragraph 211 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

212.    Mosdos denies the allegations contained in Paragraph 212 of the Complaint, Insofar as the allegations contained in Paragraph 212 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

213.    Mosdos denies the allegations contained in Paragraph 213 of the Complaint, Insofar as the allegations contained in Paragraph 213 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

214.    With respect to the allegations set forth in Paragraph 214 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 213.

215.    Mosdos denies the allegations contained in Paragraph 215 of the Complaint, Insofar as the allegations contained in Paragraph 215 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

216.    Mosdos denies the allegations contained in Paragraph 216 of the Complaint,

Insofar as the allegations contained in Paragraph 216 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

217.    Mosdos denies the allegations contained in Paragraph 217 of the Complaint, Insofar as the allegations contained in Paragraph 217 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

218.    With respect to the allegations set forth in Paragraph 218 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 217.

219.    Mosdos denies the allegations contained in Paragraph 219 of the Complaint, Insofar as the allegations contained in Paragraph 219 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

220.    Mosdos denies the allegations contained in Paragraph 220 of the Complaint, Insofar as the allegations contained in Paragraph 220 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

221.    Mosdos denies the allegations contained in Paragraph 221 of the Complaint, Insofar as the allegations contained in Paragraph 221 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

222.    Mosdos denies the allegations contained in Paragraph 222 of the Complaint, Insofar as the allegations contained in Paragraph 222 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

223.    Mosdos denies the allegations contained in Paragraph 223 of the Complaint, Insofar as the allegations contained in Paragraph 223 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

224.    Mosdos denies the allegations contained in Paragraph 224 of the Complaint,

Insofar as the allegations contained in Paragraph 224 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

225.    Mosdos denies the allegations contained in Paragraph 225 of the Complaint, Insofar as the allegations contained in Paragraph 225 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

226.    Mosdos denies the allegations contained in Paragraph 226 of the Complaint, Insofar as the allegations contained in Paragraph 226 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

227.    With respect to the allegations set forth in Paragraph 227 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 226.

228.    Mosdos denies the allegations contained in Paragraph 228 of the Complaint, except insofar as the allegations contained in Paragraph 228 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

229.    Mosdos denies the allegations contained in Paragraph 229 of the Complaint, except insofar as the allegations contained in Paragraph 229 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

230.    Mosdos denies the allegations contained in Paragraph 230 of the Complaint, except insofar as the allegations contained in Paragraph 230 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

231.    Mosdos denies the allegations contained in Paragraph 231 of the Complaint,

except insofar as the allegations contained in Paragraph 231 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

232.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 232 of the Complaint, except insofar as the allegations contained in Paragraph 232 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

233.    Mosdos denies the allegations contained in Paragraph 233 of the Complaint, except insofar as the allegations contained in Paragraph 233 of the Complaint set forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

234.    Mosdos denies the allegations contained in Paragraph 234 of the Complaint, except insofar as the allegations contained in Paragraph 234 of the Complaint set forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

235.    With respect to the allegations set forth in Paragraph 235 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 234.

236.    Mosdos denies the allegations contained in Paragraph 236 of the Complaint, except insofar as the allegations contained in Paragraph 236 of the Complaint refer to a written document, Mosdos neither admits nor denies such allegations but refers the Court to the document which speaks for itself, and except insofar as the allegations contained in Paragraph 236 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

237.    Mosdos denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 237 of the Complaint.

238.    Mosdos denies the allegations contained in Paragraph 238 of the Complaint, except insofar as the allegations contained in Paragraph 238 of the Complaint refer to a written document , Mosdos neither admits nor denies such allegations but refers the Court to the document which speaks for itself, and except insofar as the allegations contained in Paragraph 238 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

239.    Mosdos denies knowledge and information sufficient to respond to the allegations contained in Paragraph 239 of the Complaint, except insofar as the allegations contained in Paragraph 239 of the Complaint refer to a written document , Mosdos neither admits nor denies such allegations but refers the Court to the document which speaks for itself, and  except insofar as the allegations contained in Paragraph 239 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

240.    Mosdos denies knowledge and information sufficient to respond to the allegations contained in Paragraph 240 of the Complaint, except insofar as the allegations contained in Paragraph 240 of the Complaint refer to a written document , Mosdos neither admits nor denies such allegations but refers the Court to the document which speaks for itself, and  except insofar as the allegations contained in Paragraph 240 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

241.    Mosdos denies knowledge and information sufficient to respond to the allegations contained in Paragraph 241 of the Complaint, except insofar as the allegations contained in Paragraph 241 of the Complaint refer to a written document , Mosdos neither admits nor denies

such allegations but refers the Court to the document which speaks for itself, and except insofar as the allegations contained in Paragraph 241 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

242. Mosdos denies knowledge and information sufficient to respond to the allegations contained in Paragraph 242 of the Complaint, except insofar as the allegations contained in Paragraph 242 of the Complaint refer to a written document , Mosdos neither admits nor denies such allegations but refers the Court to the document which speaks for itself, and except insofar as the allegations contained in Paragraph 242 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

243. Mosdos denies the allegations contained in Paragraph 243 of the Complaint, except insofar as the allegations contained in Paragraph 243 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

244. Mosdos denies the allegations contained in Paragraph 244 of the Complaint, except insofar as the allegations contained in Paragraph 244 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

245. With respect to the allegations set forth in Paragraph 245 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 244.

246. Mosdos denies the allegations contained in Paragraph 246 of the Complaint, except insofar as the allegations contained in Paragraph 246 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

247.    Mosdos denies the allegations contained in Paragraph 247 of the Complaint, except insofar as the allegations contained in Paragraph 247 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

248.    Mosdos denies the allegations contained in Paragraph 248 of the Complaint, except insofar as the allegations contained in Paragraph 248 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

249.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 249 of the Complaint.

250.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 250 of the Complaint.

251.    Mosdos denies the allegations contained in Paragraph 251 of the Complaint, except insofar as the allegations contained in Paragraph 251 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

252.    With respect to the allegations set forth in Paragraph 252 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 251.

253.    Insofar as the allegations contained in Paragraph 253 of the Complaint refer to a written document , Mosdos neither admits nor denies such allegations but refers the Court to the document which speaks for itself.

254.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 254 of the Complaint, except insofar as the allegations

contained in Paragraph 254 of the Complaint refer to a written document , Mosdos neither admits nor denies such allegations but refers the Court to the document which speaks for itself.

255.  ??

256.  Mosdos denies the allegations contained in Paragraph 256 of the Complaint, except insofar as the allegations contained in Paragraph 256 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

257.  Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 257 of the Complaint, except insofar as the allegations contained in Paragraph 257 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

258.  Mosdos denies the allegations contained in Paragraph 258 of the Complaint, except insofar as the allegations contained in Paragraph 258 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

259.  With respect to the allegations set forth in Paragraph 259 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 258.

260.  Mosdos denies the allegations contained in Paragraph 260 of the Complaint, except insofar as the allegations contained in Paragraph 260 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

261.  Mosdos denies the allegations contained in Paragraph 261 of the Complaint, except insofar as the allegations contained in Paragraph 261 of the complaint sets forth a

conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

262.    Mosdos denies the allegations contained in Paragraph 262 of the Complaint, except insofar as the allegations contained in Paragraph 262 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

263.    Mosdos denies the allegations contained in Paragraph 263 of the Complaint, except insofar as the allegations contained in Paragraph 263 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

264.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 264 of the Complaint.

265.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 265 of the Complaint.

266.    Mosdos denies the allegations contained in Paragraph 266 of the Complaint, except insofar as the allegations contained in Paragraph 266 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

267.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 267 of the Complaint.

268.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 268 of the Complaint.

269.    Mosdos denies knowledge and information sufficient to form a belief as to the

allegations contained in Paragraph 269 of the Complaint.

270.    Mosdos denies the allegations contained in Paragraph 270 of the Complaint, except insofar as the allegations contained in Paragraph 270 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

271.    With respect to the allegations set forth in Paragraph 271 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 270.

272.    Mosdos denies the allegations contained in Paragraph 272 of the Complaint, except insofar as the allegations contained in Paragraph 272 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

273.    Mosdos denies the allegations contained in Paragraph 273 of the Complaint, except insofar as the allegations contained in Paragraph 273 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

274.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 274 of the Complaint.

275.    Mosdos denies the allegations contained in Paragraph 275 of the Complaint, except insofar as the allegations contained in Paragraph 275 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

276.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 276 of the Complaint.

277.    Mosdos denies the allegations contained in Paragraph 277 of the Complaint, except insofar as the allegations contained in Paragraph 277 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

278.    With respect to the allegations set forth in Paragraph 278 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 277.

279.    Mosdos denies the allegations contained in Paragraph 279 of the Complaint, except insofar as the allegations contained in Paragraph 279 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

280.    Mosdos denies the allegations contained in Paragraph 280 of the Complaint, except insofar as the allegations contained in Paragraph 280 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

281.    Mosdos denies the allegations contained in Paragraph 281 of the Complaint, except insofar as the allegations contained in Paragraph 281 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

282.    Mosdos denies the allegations contained in Paragraph 282 of the Complaint, except insofar as the allegations contained in Paragraph 282 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

283.    Mosdos denies the allegations contained in Paragraph 283 of the Complaint,

except insofar as the allegations contained in Paragraph 283 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

284. With respect to the allegations set forth in Paragraph 284 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 283.

285. Mosdos denies the allegations contained in Paragraph 285 of the Complaint, except insofar as the allegations contained in Paragraph 285 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

286. Mosdos denies the allegations contained in Paragraph 286 of the Complaint, except insofar as the allegations contained in Paragraph 286 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

287. Mosdos denies the allegations contained in Paragraph 287 of the Complaint, except insofar as the allegations contained in Paragraph 287 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

288. Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 288 of the Complaint.

289. Mosdos denies the allegations contained in Paragraph 289 of the Complaint.

290. Mosdos denies the allegations contained in Paragraph 290 of the Complaint, except insofar as the allegations contained in Paragraph 290 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law

to the Court.

291.    With respect to the allegations set forth in Paragraph 291 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 290.

292.    Mosdos denies the allegations contained in Paragraph 292 of the Complaint, except insofar as the allegations contained in Paragraph 292 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

293.    Mosdos denies the allegations contained in Paragraph 293 of the Complaint, except insofar as the allegations contained in Paragraph 293 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

294.    Mosdos denies the allegations contained in Paragraph 294 of the Complaint, except insofar as the allegations contained in Paragraph 294 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

295.    Mosdos denies the allegations contained in Paragraph 295 of the Complaint, except insofar as the allegations contained in Paragraph 295 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

296.    Mosdos denies the allegations contained in Paragraph 296 of the Complaint, except insofar as the allegations contained in Paragraph 296 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

297.    Mosdos denies the allegations contained in Paragraph 297 of the Complaint, except insofar as the allegations contained in Paragraph 297 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

298.    Mosdos denies the allegations contained in Paragraph 298 of the Complaint, except insofar as the allegations contained in Paragraph 298 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

299.    Mosdos denies the allegations contained in Paragraph 299 of the Complaint, except insofar as the allegations contained in Paragraph 299 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

300.    Mosdos denies the allegations contained in Paragraph 300 of the Complaint, except insofar as the allegations contained in Paragraph 300 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

301.    Mosdos denies the allegations contained in Paragraph 301 of the Complaint, except insofar as the allegations contained in Paragraph 301 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

302.    With respect to the allegations set forth in Paragraph 302 of the Complaint, Mosdos repeats its answers as set forth in Paragraphs 1 through 301.

303.    Mosdos denies the allegations contained in Paragraph 303 of the Complaint,

except insofar as the allegations contained in Paragraph 303 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

304.    Mosdos denies the allegations contained in Paragraph 304 of the Complaint, except insofar as the allegations contained in Paragraph 304 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

305.    Mosdos denies the allegations contained in Paragraph 305 of the Complaint, except insofar as the allegations contained in Paragraph 305 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

306.    Mosdos denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 306 of the Complaint.

307.    Mosdos denies the allegations contained in Paragraph 228 of the Complaint, except insofar as the allegations contained in Paragraph 228 of the complaint sets forth a conclusion of law, Mosdos neither admits nor denies such allegations, but refers the issue of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

308.

309.

310.    As a result of the foregoing, DD is entitled to an equitable offset of all or part of the monies allegedly due and owing.

## AS AND FOR THE FIRST COUNTERCLAIM

311. This counterclaim is being interposed by Mosdos to redress violations of the their civil rights—as protected by the United States and New York Constitutions, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq. ("RLUIPA"), and the Fair Housing Act, 42 U.S.C. § 3601 et seq., - at the hands of Plaintiffs. The violations have been caused by the Defendants' burdensome, discriminatory and intentional conduct which have prohibited and continue to prohibit Mosdos from completing the building and operating its Yeshiva and religious learning community that will include places of worship, religious educational facilities, religious courts, libraries of Jewish texts, and accessory student housing dedicated solely to its full-time rabbinical students, lecturers and their families (the "Yeshiva").

312. This counterclaim seeks relief from the clear and purposeful deprivation of the Plaintiffs' rights to freedom of religion, speech, assembly, due process, and equal protection of the laws by the Defendants acting under the color of state law.

313. Mosdos is a non-for-profit religious corporation which owns and has developed a center of higher learning.

314. Plaintiffs underlying lawsuit, including their requests for injunctive relief, is a continuation of policy to stop the spread of orthodox jewry into the backyards of certain neighborhoods in Rockland County.

315. This NIMBY ("Not in My Back Yard") policy has manifested itself in the recent movement of certain neighborhoods to secede from the Town of Ramapo and incorporate villages, including each of the villages which is a plaintiff in this lawsuit.

316. The stated purpose of the village incorporation movement was to be able to exercise more local control of zoning and land use issues.

317. The unstated purpose was to violate the civil rights of orthodox and

Hasidic jews by imposing barriers to the growth of their respective communities.

318.    Not content with the exclusion they have imposed on the orthodox jewish community from their respective villages, the Plaintiffs have continually attempted to subvert the political process in the Town government for the primary purpose of invidious discrimination. The discriminatory, disparate and selective treatment by the Plaintiff has both the purpose and effect of directly depriving members of the Orthodox and Hasidic communities of their constitutional and statutory rights under the 1st Amendment to the U.S. Constitution, the 14th Amendment to the U.S. Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 2000cc, 42 U.S.C. § 3604, NEW YORK CONST. Art. I, § 3, NEW YORK CONST. Art. I, § 11, NY STATUTES, Chap. 6, Art. 4, § 40, § 40-C of the New York Civil Rights Law; and § 291 of the New York Executive Laws.

319.    The Plaintiffs have targeted the Orthodox and/or Hasidic communities for years, which has resulted in fierce anti-Orthodox and anti-Hasidic animus in the local community.

320.    In preventing Mosdos from using the Subject Property for its

321.        protected religious and expressive activity along with its housing availability, the Plaintiffs  and their officials continue their civil rights violations by substantially burdening Mosdos' religious exercise and expression without a compelling governmental interest, or without using the least restrictive means of achieving any compelling governmental interest and  by denying or otherwise making residential housing unavailable.

## JURISDICTION

322.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

1343(3), (4), 42 U.S.C. § 2000cc *et seq.,* 42 U.S.C. § 3613(a), *et seq.,* and 42 U.S.C. § 1983, which confer original jurisdiction on federal district courts in suits to redress the deprivation of rights, privileges and immunities secured by the laws and Constitution of the United States, particularly the First and Fourteenth Amendments to the Constitution of the United States, and the Religious Land Use and Institutionalized Persons Act of 2000 and the Fair Housing Act.

323.    The removal of this action is property since the underlying State Court action was nothing more than a vehicle to further deprive Mosdos, and those similarly situated, of its civil rights.

324.    This Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## MOSDOS CHOFETZ CHAIM, INC.

325.    Mosdos is a religious corporation having its principal place of business located at Kiryas Radin Drive, Spring Valley NY, Town of Ramapo, County of Rockland State of New York. Plaintiff is the owner of certain real property (the Kiryas Radin Campus) located in the Town of Ramapo, County of Rockland, State of New York also known as Section 9, Lot No. 718 and intends to provide housing for Orthodox Jewish Families at its premises.

326.    The Plaintiffs are the associated villages engaged in governmental exclusion and conspiracies to prevent Orthodox Jews from developing their property.

## FACTUAL BACKGROUND - THE ORTHODOX JEWISH COMMUNITY

327.    Mosdos is currently the owner of the certain real properties known as the Nike Site and the Highview Road Site.  It is on the Nike site that Mosdos has been the subject of religious discrimination in the past.  It is the Highview Road Site that Mosdos is

currently attempting to develop into a center of advanced learning.

328.     Yeshiva Chofetz Chaim Kiryas Radin, and Kiryas Radin, are a singular religious community designed to include the housing of scholars, students, and others who follow the teachings of the Torah and Talmud as taught by their founder, Rabbi Israel Mayer Kagan.

329.     Rabbi Kagan founded the Yeshiva in Radin, Belarus[1] in 1864 and led it until his death in 1933. Rabbi Kagan was recognized worldwide as the leader of world Jewry. The Yeshiva in Radin was a Torah learning community and a communal center for religious students with over 400 students. Except for a short period of time during the Holocaust, the Yeshiva Chofetz Chaim has been continuously serving the local Jewish community.

330.     In the 1920's Rabbi Mendel Zaks married the daughter of Rabbi Kagan and joined the Rabbi Kagan as primary leader of the Yeshiva and in all other communal affairs.   Rabbi Zaks incredible knowledge of the Talmud coupled with a photographic memory attracted more students to the Yeshiva and grew it greatly.

331.     The Yeshiva first incorporated in the United States in 1925. That year, the Yeshiva sent emissaries to the United States to raise money for the operation of the Yeshiva and its multiple missions; which by this time had grown to include a Free Loan Fund, a Study Program for Young Married Adults (Kolel Kodoshim), a Charity Fund for the Poor, a Burial Society, a Marriage Assistance Fund, a Publication Fund, Day Schools, and many other community based programs.

332.     Upon Rabbi Kagan's death in 1933 Rabbi Mendel Zaks began leadership of the Yeshiva. He continued Rabbi Kagan's record of training up the best and brightest

---

[1] When the Yeshiva was founded, Radin was part of Poland, but the territory is now part of Belarus.

Jewish scholars: scholars who founded well-respected Yeshivas elsewhere across the world. But like many other times in the life of the Jewish people, the Yeshiva was forced to flee.

333.    In 1941, the Yeshiva was closed and its members forced to flee the town of Radin. Rabbi Zaks escaped to the United States and restarted the Chofetz Chaim Yeshiva in Suffern, New York by gathering survivors of the Holocaust who came to the United States shores (to escape persecution). In 1950, Rabbi Mendel Zaks' son, Rabbi Gershon Zaks—who also survived the war—joined his father in the United States. A kolel and school were reestablished. Together, the two managed to raise up the Yeshiva and restore some of its prior prominence.

334.    The Yeshiva moved to Suffern, New York in the 1960's and settled in its current 14 acre location. The Yeshiva flourished at its location. However, nearly fifty years have passed at the present site and growth must be accommodated. The current needs of the Plaintiffs outstrip the ability of the Yeshivas to deliver, and thus it needs to expand.

335.    The Kiryas Radin Campus (the "Nike Site") is a Yeshiva physically located near the boundaries of the Village of New Hempstead, New York, though not a part of the incorporated Village. It was assumed back into the unincorporated Town of Ramapo (Town) pursuant to agreement and stipulation between the Village, the Town, and the Yeshiva.

336.    The Nike site is critical to the continued religious practice of the Plaintiffs. The plan calls for a synagogue, a prayer/study hall, classrooms, a library/Talmudic research center, kitchen/dining facilities, living facilities, and a Mikvah. The residential facilities will consist of two-story attached units utilized in two-bedroom and four-bedroom layouts. The entire site will be enclosed with fencing gates, and partition walls.    Furthermore, the

Plaintiffs will provide visually pleasing buffers to improve and enhance the beauty of the proposed site.

337.     The plan calls for an almost entirely self-sufficient facility. The sites are designed with full automatic fire sprinkler systems. The Plaintiffs will provide for their own sanitation, and will be responsible for all road maintenance, snow removal, and upkeep of the facilities. Additionally, over one hundred children will be living in the site premises. The education for these children is provided on-site at the Yeshiva. Therefore, the children will place no strain on the public school system.

338.     This proposed development is in keeping with their religious teachings. Jewish religion and custom teaches that Yeshivas are a necessary and vital part of the Jewish life. Yeshivas serve as communities of learning for intense Torah study, charitable works, outreach, and continuous religious practice. According to the Plaintiffs' beliefs, everyone in the learning community, from spouses to children, benefits from the intense religious atmosphere. The creation of a Yeshiva and its communal setting furthers the teachings of the Torah, the goals of the Jewish religion, and it is central to the religious vision of the Plaintiffs. The Jewish Holy laws do not allow Orthodox Jews to carry objects outside of an enclosed area on the Holy Sabbath.

## THE TOWN AND THE VILLAGES

339.     The Town of Ramapo's Jewish population including Orthodox Jews has grown substantially and now represents approximately 50% of the population of the unincorporated Town of Ramapo. While the Town of Ramapo has attempted to work with the growth and expansion of the Orthodox and Hasidic Jewish communities, the Villages have consistently acted to restrain their growth.

340.    Within the Town of Ramapo in the County of Rockland, a 'village incorporation movement' began in the late 1970's, when orthodox and Hasidic Jewish families began to reside in the Town of Ramapo in increasing numbers.

341.    In opposition to the influx of Orthodox and Hasidic Jews within the Town of Ramapo, residents began to establish villages for the purpose of controlling who resided within each village.  Within the Town of Ramapo, the Villages of Pomona, Montebello, Chestnut Ridge, Wesley Hills and New Hempstead were formed in the past decade.

342.    The purpose of the village formation movement was to exercise control over zoning and planning and not accommodate influx of people the local villages deemed undesirable.

343.    The attitude towards the Orthodox and Hasidic Jewish communities in the area has been the platform of the local politician who have run their campaigns on platforms of containing the spread of the Orthodox and/or Hasidic Jewish communities.

344.    Reflecting the anti-orthodox and Hasidic views, the Town historically adopted a zoning plan which failed to accommodate the needs of the Orthodox and Hasidic Jewish residents.  This zoning plan stayed in place until 2004.

345.    Recognizing the need to undertake a review of the Master Plan, so that sustained growth could continue, the Town of Ramapo initiated a review of its Master Plan.

346.    When the Town of Ramapo indicated its desire to begin a revision of the Master Plan the Villages took their position  that no new construction could take place in the Town without a corresponding comprehensive review.  They asserted that infrastructure and open-space concerns were the reasons behind their moratorium on construction.

347.    In 2000, a new supervisor was elected who undertook a reevaluation of the

needs of the Town. The Supervisor, Christopher St. Lawrence, helped to craft a Master Plan that addressed the needs of the growing community and its surrounding regions. Much to the delight of the needy population that cannot afford housing in this area, the new plan was a welcome change. However, to the horror of the surrounding Villages this Master Plan allowed for the inclusion of multi-family zones and accessory apartments.

348.    During its Master Plan review, the Town of Ramapo learned that there is a distinct population in the jurisdiction that are in need for adequate housing. Many of them are married and single students of the several large religious educational centers in the Town of Ramapo. These are Jewish students who continue their religious studies after marriage. As married couples studying Jewish teachings full-time, these students do not have much income. The Yeshivas wanted to build adequate living quarters for these students on their campuses. However, there were no Town codes available to set guidelines for this type of construction. In order to accommodate any expansion of the Yeshivas, either a variance had to be granted or the zoning code had to be amended to allow multi-family housing to be built in the Town of Ramapo.

349.    This Master Plan draft was initially promulgated in 2001 to address the needs of the entire Town of Ramapo, including those people who struggle economically. Multi-family zones and accessory apartments—necessary for poor and low-income families—were only allowed, but only in areas far from any villages. These multi-family zones and accessory apartments were only located near main roads so that it would not infringe on any of the Villages quality of life. One large area initially zoned for single-family homes on two acres was rezoned to one acre zoning so as to be in conformance with the surrounding areas. Over one thousand acres of land were set aside as open space and

park areas. The Town adopted a new comprehensive plan following completion of an environmental review on or about January 29, 2004.

350.    The approval of the Comprehensive Plan did not make any actual zoning changes in any area of the town. The Comprehensive Plan is simply a policy statement about goals, plans, etc. The areas selected for Multi-Family District zoning were recommended because they contain characteristics that make them suitable for such zoning (e.g., easy access to major roads). Because most of the land in the Town of Ramapo falls into either dedicated parkland or one of the incorporated villages, the Town only has zoning control for less than 30% of the land in the entire town lands.

351.    During this period of review and comment on the Comprehensive Plan, the s Villages who complained about the lack of resources still approved the development of over one thousand multi-family, high-density units in their own respective villages without any alarm over infrastructure or sewer capacity. In addition, an additional 1,200 units north of the Town of Ramapo are being, or have been connected to the town's infrastructure. In addition, over eighty senior units were approved by the Villages throughout Ramapo without any opposition. These newly approved projects were not a concern to the Villages, as they are not for Orthodox or Hasidic Jews.

352.    Mosdos approached the town with a site plan for approval on the Yeshiva campus at the former Nike missile base in 2001. The Plaintiff asked the Town for its opinion in allowing expansion of the religious Yeshiva Campus pursuant to the then newly passed RLUIPA legislation. After much delay Mosdos was told that the town would accept the proposed project under RLUIPA provided that the development could be reconciled with all Federal, State and Local Law.

353.     In September of 2002, the current Ramapo Town Attorney sent Rabbi Zaks a letter that recapped the property history and approved Mosdos' proposed yeshiva project: "The proposed plan as projected is a genuine religious project in furtherance of religious goals and as such would meet all the requirements for such religious land use."

354.     Based upon the recommendation given by the Town of Ramapo's Attorney, a site plan under the R15 zoning bulk table was submitted. The proposed site plan contained a unit count less than what was permitted under R15 zoning for seniors, which was the most generous zoning in the Town at that time. After submitting the plans for review the Town Attorney's office and the building department requested that the project be redesigned to fit within the dormitory zoning code.

355.     At great expense and delay, Mosdos redesigned the site to accommodate the Town's requests. Only after submitting their redesigned Yeshiva site plans did the Community Design Review Committee (CDRC) inform Mosdos that the dormitory zoning ordinance does not fit housing for married students.

356.     Mosdos's plans included spaces for married students, and single students. According to the Chofetz Chaim's teachings, life at the Yeshiva is central to the student's religious experience and includes many rituals and constant religious practice in the home areas for the students, their spouses, and their children. This religious community would be free from the outside secular influence of mass media, such as television, and had been deemed permissible by the town attorney.

357.     Inclusion of the "Adult Married Student" housing classification in the Town's Comprehensive Plan, notwithstanding its limited extent, met with vehement opposition from Villages.

358.    The Town used a Generic Environmental Impact Statement (GEIS) in preparation of putting together a Comprehensive Plan. Pursuant to the GEIS, public opinions (including those from the Villages) were thoroughly solicited and considered over the course of three years.

359.    The Villages, realizing that the Master Plan allowed for the growth of the Orthodox and Hasidic communities, started an organized campaign to defeat and block the Master Plan and the Adult Student Housing law from adoption.

360.    Defendants used racist remarks and racial stereotyping to install fear and misinformation in regards to the passage of the Master Plan. Articles were written and speeches were given, deriding the Orthodox and Hasidic Communities, including Chofetz Chaim, because of their religious beliefs and religious mode of dress. These articles and statements were made by officials of the Villags acting individually and in their official capacity.

361.    The Villages mounted a concerted effort to subvert and dominate the Town of Ramapo meetings, in their opposition to passage of the new Comprehensive Plan.

362.    On June 15, 2004 at a special meeting, Town adopted Resolution No. 2004-358, finding no significant adverse impact on the environment in permitting Adult Student Housing, and issued a Negative Declaration. The Town subsequently amended the zoning code to permit Adult Student Housing as a conditional use, to be known as Local Law #9-2004.

363.    The Town passed the Adult Student Housing law to address the need for a guidepost and planning tool for secular educational institutions and religious institutions in planning campus development. The law was passed with the understanding that the law will

not address all religious needs and some religious institutions will need to obtain variances from the Town zoning board for any deviations from this zoning law.

364.    Subsequently, Mosdos redesigned the project to conform to this new student housing code. The Plaintiff submitted its revised plans to the town for site plan approval. Included with this plan was a list of several matters requiring zoning board variances.

365.    Once the Villages learned that Mosdos intended to utilize the law (including RLUIPA) to build housing for its students, the Villages filed suit to stop the promulgation of the law. Although the pretext of the lawsuit is environmental concerns, the goal of the Village is to prevent the spread of the Orthodox and Hasidic communities through intimidation.

366.    The Villages have continually attempted to block any attempts of the Yeshiva to improve its Nike Site campus according to their religious beliefs. The Villages have gone so far as to contact federal and state agencies with contrived environmental concerns. When the federal agencies dismissed those complaints, the Villages continued to assert environmental problems, with no basis in fact or law.

367.    Prior to the events which are at the center of Plaintiffs' instant lawsuit, *i.e.* the enactment of the Adult Student Housing Law and the modifications of the Town of Ramapo's comprehensive plan (collectively, the "Town's Recent Enactments"), Mosdos maintained that it should be permitted to build its Yeshiva and associated housing under RLUIPA.

368.    Subsequent to the Town's Recent Enactments, Mosdos has maintained that the Town's Recent Enactments are not critical upon its ability to build its Yeshiva and

associated housing under RLUIPA.

369.    The Villages' challenge to the Town's Recent Enactments, which are set forth in the instant lawsuit, was designed to create a forum to impede the development of Mosdos's Real Property through the use of the judicial process.

## AS A FIRST COUNTERCLAIM
### Free Exercise Clause
### United States Constitution,
### First and Fourteenth Amendments
### 42 U.S.C. § 1983

370.    Plaintiffs repeat and reallege paragraphs    through    as if fully set forth herein.

371.    The Villages and actions deprived and continue to deprive the Plaintiffs of their right to free exercise of religion, as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment, (1) by substantially burdening Mosdos's religious exercise without a compelling governmental interest; (2) by discriminating against and Mosdos for disfavor; and (3) by treating religious assemblics and institutions on less than equal terms as nonreligious assemblics and institutions.

372.    Mosdos has no adequate remedy at law for the harm and damage caused by Defendants' violation of its constitutional rights.

373.    Defendants have caused the Plaintiffs to suffer, and to continue to suffer, irreparable harm, damage and injury. The Plaintiffs will continue to suffer such damages unless the Village's acts and conduct complained of are permanently enjoined.

## AS A SECOND COUNTERCLAIM
### Free Speech Clause
### United States Constitution,
### First and Fourteenth Amendments
### 42 U.S.C. § 1983

374.    Plaintiffs repeat and reallege paragraphs    through    as if fully set forth herein.

375.    Defendants' laws and actions deprived and continue to deprive the Plaintiffs of their right to free speech and freedom of association, as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment, by (1) prohibiting the Plaintiffs' protected expressive activity completely from the Village's jurisdiction; (2) by treating religious expressive activity on less than equal terms as nonreligious expressive activity; (3) by regulating expression and expressive conduct on the basis of the character of the speaker; (4) by failing to be content-neutral; (5) by failing to leave open any alternative channels of communication; and (6) by enforcing regulations against expressive activity that are not narrowly tailored to serve a legitimated governmental objective.

376.    Mosdos has no adequate remedy at law for the harm and damage caused by Defendants' violation of its constitutional rights.

377.    The Villages have caused Mosdos to suffer, and to continue to suffer, irreparable harm, damage and injury. The Plaintiffs will continue to suffer such damages unless the Village's acts and conduct complained of are permanently enjoined

## AS A FIFTH CAUSE OF ACTION
### "Substantial Burdens"
### Religious Land Use and Institutionalized Persons Act of 2000
### 42 U.S.C. § 2000cc(2)(a)

378.    Mosdos repeats and realleges paragraphs "" through "??" as if fully set forth herein.

379.    Mosdos has been deprived and continues to be deprived of its right to the free exercise of religion, as secured by the Religious Land Use and Institutionalized Persons Act, by imposing and implementing a land use regulation in a manner that places a substantial burden on the Plaintiffs' religious exercise without any compelling interest, and without using the least restrictive means of furthering any compelling interest.

380.    Mosdos has no adequate remedy at law for the harm and damage caused by Defendants' violation of its rights.

381.    The Villages have caused Mosdos to suffer, and to continue to suffer, irreparable harm, damage and injury. The Plaintiffs will continue to suffer such damages unless the Village's acts and conduct complained of are permanently enjoined.

## AS A SIXTH CAUSE OF ACTION
### "Nondiscrimination"
## Religious Land Use and Institutionalized Persons Act of 2000
### 42 U.S.C. § 2000cc(2)(b)(2)

382.    Mosdos repeats and realleges paragraphs    through    as if fully set forth herein

383.    The Villages actions deprived and continue to deprive the Congregation of its right to free exercise of religion, as secured by the Religious Land Use and Institutionalized Persons Act, by imposing and implementing a land use regulation that discriminates against the Plaintiffs on the basis of religion.

384.    Mosdos has no adequate remedy at law for the harm and damage caused

by Defendants' violations of its rights.

385.    The Villages have caused Mosdos to suffer, and to continue to suffer, irreparable harm, damage and injury. The Plaintiffs will continue to suffer such damages unless the Village's acts and conduct complained of are permanently enjoined.

## AS A TWELFTH CAUSE OF ACTION
### Fair Housing Act
### 42 U.S.C. § 3604

386.    Mosdos repeats and reallege paragraphs ?? through ?? as if fully set forth herein.

387.    The Villages, by their conduct, have discriminated against the Mosdos by making residential student housing "unavailable" because of religion in violation of 42 U.S.C. § 3604(a).

388.    The Villages actions discriminate against Mosdos based on religion, in violation of 42 U.S.C. § 3604(a).

389.    Mosdos is an aggrieved persons as that term is defined in the Fair Housing Act, 42 U.S.C. § 3602(i) and it has suffered damages as a result of the Villages conduct.

390.    Mosdos has no adequate remedy at law for the harm and damage caused by Defendants' violations of its rights.

391.    The Villages have caused Mosdos to suffer, and to continue to suffer, irreparable harm, damage and injury. The Plaintiffs will continue to suffer such damages unless the Village's acts and conduct complained of are permanently enjoined.

392.

## AS A TWELFTH CAUSE OF ACTION

## Fair Housing Act

### 42 U.S.C. § 3617

393.     Mosdos repeats and reallege paragraphs ??  through ?? as if fully set forth herein.

394.     The Villages by their conduct, acts and legislative enactments, have interfered with the Plaintiffs' exercise or enjoyment of obtaining available housing within the Village of Pomona in violation of 42 U.S.C. § 3617.

395.     Mosdos is an aggrieved persons as that term is defined in the Fair Housing Act, 42 U.S.C. § 3602(i) and it has suffered damages as a result of the Villages' conduct.

396.     Mosdos has no adequate remedy at law for the harm and damage caused by Defendants' violations of its rights.

397.     The Villages have caused Mosdos to suffer, and to continue to suffer, irreparable harm, damage and injury. The Plaintiffs will continue to suffer such damages unless the Village's acts and conduct complained of are permanently enjoined.

## RELIEF SOUGHT

WHEREFORE, plaintiffs demand Judgment on each of the Counterclaims a permanent injunction enjoining the Plaintiffs from interfering with Mosdos' civil rights; Declaratory judgment declaring that the Mosdos' use of its Property as a Yeshiva with housing is permitted, subject to legitimate health and safety review.

Respectfully submitted,

Joseph J. Haspel
*Attorney for Defendants DD*
40 Matthews Street
Suite 201
Goshen, New York 10924
845-294-8950