UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

| | |
|---|---|
| THE VILLAGE OF CHESTNUT RIDGE, THE VILLAGE OF MONTEBELLO, THE VILLAGE OF POMONA, THE VILLAGE OF WESTLEY HILLS, MILTON B. SHAPIRO and DR. SONYA SHAPIRO, | Case No.: 07 CIV 9278 (KMK) |

                            Petitioners/Plaintiffs,

   -against-

THE TOWN OF RAMAPO, THE TOWN BOARD OF
THE TOWN OF RAMAPO, THE PLANNING BOARD
OF THE TOWN OF RAMAPO, YESHIVA CHOFETZ
CHAIM OF RADIN, SCENIC DEVELOPMENT, LLC
and THE BOARD OF APPEALS OF THE TOWN OF
RAMAPO, and MOSDOS CHOFETZ CHAIM, INC.

                          Respondents/Defendants.
-------------------------------------------------------x

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

      Defendant, Mosdos Chofetz Chaim, Inc. ("Mosdos") by its attorney, Joseph J. Haspel, Esq., Joseph J. Haspel, Esq., and Arnold & Porter, submits this supplemental memorandum of law pursuant to the Court's request for additional briefing on the issue of the Court's discretionary authority to remand the state claims set forth in the Complaint.

      Initially, Petitioners/Plaintiffs' motion focused upon Mosdos's ability to remove this case based upon its civil rights claims set forth in its counterclaims. At oral argument, the Court recognized the fact that Petitioners/Plaintiffs' Complaint contained a federal constitutional claim which remains viable (the "Federal Claim"), and that cause of action, in and of itself, supports removal. In response, counsel for the Petitioner/Plaintiffs raised the idea of bifurcating the Complaint so as to keep the Federal Claim in the District Court, with the Complaint's state court claims being remanded back to State Court pursuant to the Court's discretionary authority expressed in 28 U.S.C. §1441(c).

Mosdos assumes the Court's familiarity with the background facts of this case and in the interest of brevity will not repeat the facts in detail here. Rather, Mosdos will discuss specific facts of the case only insofar as they relate to the remand issue.

As will be shown below, because all of the claims in this action arise out of a common nucleus of operative facts, they are not separate and independent, but interrelated, and therefore the Court's decision whether to remand any of the state claims asserted is not governed by 28 U.S.C. §1441(c), but must comply with the exceptions to supplemental jurisdiction set forth in 28 U.S.C. § 1367(c). Consideration of these exceptions demonstrates that remand is not appropriate in this case.

**Federal Jurisdiction**

Before discussing the Court's authority to remand any state claims removed to federal, it is necessary to briefly review federal court jurisdiction, since such jurisdiction impacts upon a court's authority to remand a particular state claim. Federal courts enjoy jurisdiction of claims involving federal questions under 28 U.S.C. §§ 1331 (federal question); 1332 (diversity); and under other specific jurisdictional statutes, such as RICO, 18 U.S.C. § 1962, *et seq.;* Civil Rights Cases, 28 U.S.C. § 1443; ERISA, 29 U.S.C. § 1002, *et seq.;* and FELA, 45 U.S.C. §§ 51-60.

In addition, pursuant to 28 U.S.C. § 1367, federal courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Thus § 1367 provides federal courts with statutory authority to hear a claim that lacks an independent basis for federal subject matter jurisdiction "when it is joined with a related federal claim, the two arising out of the same event or connected series of events." *Seigel, Commentary*, 28 U.S.C. § 1367.

**Removal**

Cases begun in state court over which a federal court may also have jurisdiction can be removed by the defendants under 28 U.S.C. § 1441 ("Actions removable generally"). Section 1441(a) reads in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus, Section 1441(a) permits the removal of *any* case to federal court as long as the federal court would have had jurisdiction if brought there originally. This includes removal of state claims that arise out of the same or connected facts as federal claims under supplemental (formerly "pendent") jurisdiction under section 1367.

In addition, 28 U.S.C. § 1441(c) goes even further and permits removal of an entire action consisting of unrelated "separate and independent" state claims (over which there would be no supplemental jurisdiction under 1367) as long as the action contains a claim that comes within federal jurisdiction under section 1331. The Section provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction of 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

**Remand**

    A.  **28 U.S.C. § 1441(c) Authorizes Remand Only When
The State Claims are Separate and Independent from Federal Claims**

Section 1441(c) by its very terms only addresses removal and remand of actions involving state claims that are "separate and independent" from federal claims asserted in the same action. Thus, in situations where the state claims fall within the Court's supplemental

jurisdiction, Section 1441(c) has no relevance because in those cases the state claims are not "separate and independent" but rather are related to the federal claim in that they arise out of the same or interconnected facts. As the Third Circuit held in *Borough of West Mifflin v. Evan*, 45 F.3d 780, 786 (3rd Cir. 1995):

> Thus, § 1441(c) provides for removal or remand *only* where the federal question claims are "separate and independent" from the state law claims with which they are joined in the complaint. However, where there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of events or transactions, there is no separate or independent claim or cause of action under § 1441(c). *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Suits involving pendent (now "supplemental") state claims that "derive from a common nucleus of operative fact", *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), do not fall within the scope of § 1441(c), since pendent claims are not "separate and independent". *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 354, 108 S.Ct. 614, 621, 98 L.Ed.2d 720 (1988).

Similarly, in *Nelson v. City of Rochester*, 492 F.Supp.2d 282 (W.D.N.Y. 2007) the Court stated:

> [T]here is substantial authority, with which I agree, that § 1441(c) does not apply to cases that have been properly removed under § 1441(a). *See, e.g., Dunlop v. City of New York*, No. 06- CV-433, 2006 WL 2853972, at 4 (S.D.N.Y. Oct. 4, 2006) (where action was remanded pursuant to § 1441(a), "analysis of remand under section 1441(c) in inappropriate"); *Surprise v. GTE Serv. Corp.*, 47 F.Supp.2d 240, 242 (D.Conn.1999) (reviewing motion for remand under § 1441(a) where action was removed pursuant to that section, even though plaintiff erroneously argued for remand pursuant to section 1441(c)); *Padilla v. City of Saginaw*, 867 F.Supp. 1309, 1315 (E.D.Mich.1994) ("As this court interprets § 1441(c), that section applies only where the state and federal claims in a single suit do not derive from a common nucleus of operative fact and, thus, where the suit is not removable under §§ 1441(a) or (b) because the court lacks any basis for jurisdiction over the state law claims").
>
> \* \* \*
>
> In other words, § 1441(c) permits *removal* of state law claims that are joined in the same lawsuit as federal claims, even though the

> state and federal claims are "separate and independent" from each other. Section 1441(c) also permits remand of "all matters in which State law predominates" in such cases. Where § 1441(c) applies, then, the district court may remand "separate and independent" state law claims, but not the federal claims. *Id. at 787* ("the district court's discretion to remand under § 1441(c) can pertain only to those *state law claims* which the district court could decline to hear under 28 U.S.C. § 1367"). If the state and federal claims are not separate and independent from each other, however, § 1441(c) simply has no bearing on the issue of removal or remand. *Hinson v. Norwest Fin. South Carolina, Inc.*, 239 F.3d 611, 616 (4th Cir.2001); *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir.1996). Since plaintiffs' federal and state claims in the case at bar all arise out of a common nucleus of operative facts, plaintiffs' reliance on § 1441(c) is misplaced.

*See also, Dunlop v. City of New York*, 2006 U.S.Dist. LEXIS 72315 (S.D.N.Y. 2006); *Snakepit Automotive, Inc. v. Superperformance Intern., LLC*, 489 F.Supp.2d 196 (E.D.N.Y. 2007)(where a single cause of action stems from facts that are complex, from an interlocked series of transactions, or where liability lies among several parties, there are no "separate and independent" claims within the meaning of statute governing removability of actions. 28 U.S.C.A. § 1441(c)).

      B.    **Courts May Remand Removed State Claims Subject to Supplemental Jurisdiction Only Pursuant to the Criteria Listed in 28 U.S.C. § 1367(c) For Declining Supplemental Jurisdiction**

Absent any other statute authorizing remand of removed state law claims that fall under federal supplemental jurisdiction, the decision to remand should be guided by the criteria listed in 28 U.S.C. § 1367(c), under which courts may decline to exercise supplemental jurisdiction. *Dunlop v. City of New York, supra. See, e.g., Borough of West Mifflin v. Evan*, 45 F.3d 780, 787 (3rd Cir. 1995) ("§ 1367(c) is potentially applicable in a removed case involving federal claims and state claims over which the district court has supplemental jurisdiction"); *Nelson v. City of Rochester*, 492 F.Supp.2d 282 (W.D.N.Y. 2007)(determining remand motion under section 1367(c)).

In *Itar-Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442 (2d Cir.1998), the Second Circuit held that under 28 U.S.C. § 1367(c) a court's "discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection of 1367(c)." *Id.* at 448. Thus, the four circumstances under which supplemental jurisdiction over a state law claim may be declined are: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. § 1367(c). The Second Circuit went on to state that declining jurisdiction should only occur in extraordinary circumstances. *Id.* at 448 ("federal courts 'must insure that the reasons identified as "compelling" are not deployed in circumstances that threaten this principle.' [*Executive Software,* 24 F.3d at 1558]"). Each of these criterium is discussed further below.

Accordingly, if the state law claims do not fall into any of the four categories listed, the court does not have discretion to remand.

### C. The State Claims Set Forth in the Complaint Arise From the Same Set of Operative Facts and are Subject to Supplemental Jurisdiction; None of the 1367(c) Criteria Permit Remand of the State Law Claims

The Town of Ramapo's enactment of its Adult Student Housing Law ("ASHL") presents the single set of operative facts upon which Petitioners/Plaintiffs' lawsuit is based. Indeed, the relationship between Petitioners/Plaintiffs' Federal Claim and the remainder of their Petition/Complaint is best summed up in their pleading:

> 1. Petitioners/Plaintiffs bring this hybrid action against the Town of Ramapo ... to have the Town's recently enacted Adult Student Housing Law declared void and unconstitutional.
>
> * * *
>
> 12. In its haste to enact the Adult Student Housing Law, as well as expedite higher density development proposals already pending before the Law was even enacted, the Town simply ignored and failed to examine

adequately any of the obvious potential environmental impacts the Law would have on Petitioners/Plaintiffs and their related communities.

Thus, it is clear that both the State and Federal Claims set forth in the Petitioners/Plaintiffs' pleading are based upon and emanate from a single nucleus of fact - the Town of Ramapo's enactment of the ASHL. From the perspective of the Petitioner/Plaintiffs, this case is first and foremost about permanently voiding the Town's ASHL. This can only be accomplished by attacking the constitutionality of the ordinance. Indeed, attacking the ordinance upon environmental grounds under the State Environmental Quality Review Act ("SEQRA") may result in a determination that the Town did not engage all of the necessary procedures in its adoption of the ASHL, but if the law were avoided on this procedural ground, the Town could reenact it provided that it properly followed the SEQRA procedural requirements. This may lead to mitigation of environmental impacts, but not a wholesale declaration that the ASHL is void and unconstitutional.[1]

Simply stated, without rewriting Petitioner/Plaintiffs' pleading, the State Court claims are not only based upon a common set of operative facts with the Federal Claim, but they are inextricably intertwined. While there may be more State Law claims, the Federal Claim is a substantial aspect of Petitioners/Plaintiffs' pleading.

Of course, Mosdos continues to maintain that the Civil Rights claims set forth in its counterclaim independently support the removal without remand, which was fully addressed in Mosdos's prior submissions.

---

[1] It seems apparent that Petitioners/Plaintiffs added their SEQRA claims in order to forum shop. By asserting SEQRA claims, Petitioners/Plaintiffs were able to institute their lawsuit not in the Supreme Court - Rockland County, but in the "Environmental Part" created in New York's Ninth Judicial District, which is the Part where the Ninth District's Administrative Judge Nicolai sits. This Part sits in the Supreme Court - Westchester County. Interestingly, at the website of Michael Zarin, Esq., Petitioners/Plaintiffs' counsel, it is stated: "He [Zarin] also assisted the Chief Administrative Judge [Nicolai] for the Ninth Judicial District in the formation of a Special Environmental Part for the District." www.zarin-steinmetz.net/attorney_profiles/zarin_michael.html.

The State Court claims are neither novel nor complex. Most of Petitioner/Plaintiffs' State Law causes of action are grounded in SEQRA. It is respectfully submitted that the proliferation of SEQRA litigation in New York demonstrates that it is not novel. Inded, a LEXIS search of reported SEQRA cases since 1995 yielded over five-hundred decisions. Most of these cases present the similar uncomplicated issues set forth in Petitioners/Plaintiffs' pleading, *i.e.* whether the municipal body took the requisite "hard look" at the facts, or whether the municipal body was acting in an arbitrary and capricious manner in making its determination, or whether the SEQRA prescribed procedure was followed.

Likewise, the other State Law issues (spot zoning, Municipal Home Rule Law and General Municipal Law) are neither novel nor complex. Indeed, it seems that most SEQRA cases have these issues as the obligatory tag along causes of action. Spot zoning refers to "the process of singling out a small parcel of land for a use classification totally different from that of the surrounding are for the benefit of the owner ... to the detriment of other owners." *Boyles v Town Bd. of Town of Bethlehem*, 278 A.D.2d 688, 690, 718 N.Y.S.2d 430 (3rd Dep't 2000). The Municipal Home Rule Law and the General Municipal Law causes of action assert simple procedural deficiencies.

It is respectfully submitted that the State Law claims in this case are straightforward and the relevant facts are easily determined. Certainly, they are not the type which warrants remand of this removed case.

The third factor for review - the district court has dismissed all claims over which it has original jurisdiction - is not applicable and does not need to be addressed.

With respect to the final factor - other compelling reasons for declining jurisdiction - Mosdos cannot fathom any compelling reasons which would outweigh the benefit

of this Federal District Court from hearing all the constitutional and civil rights claims presented by this case.

For all the foregoing reasons, it is respectfully submitted that remand is both inappropriate and unwarranted.

Dated: July 14, 2008
     New York, NY

*Respectfully submitted,*

Reuben S. Koolyk
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
212-715-1000

Joseph F. Haspel
40 Matthews Street
Suite 201
Goshen, New York 10924
(845) 294-8950

Attorneys for
Mosdos Chofetz Chaim, Inc.