UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| THE VILLAGE OF CHESTNUT RIDGE, THE | : |
| VILLAGE OF MONTEBELLO, THE VILLAGE | |
| OF POMONA, THE VILLAGE OF WESLEY HILLS, | : |
| MILTON B. SHAPIRO and DR. SONYA SHAPIRO, | : |
| | |
| Petitioners/Plaintiffs, | : |
| | |
| - against - | : |
| | |
| THE TOWN OF RAMAPO, THE TOWN | : |
| BOARD OF THE TOWN OF RAMAPO, THE | |
| PLANNING BOARD OF THE TOWN OF | : |
| RAMAPO, YESHIVA CHOFETZ CHAIM OF | |
| RADIN, SCENIC  DEVELOPMENT, LLC, and THE | : |
| BOARD OF APPEALS OF THE TOWN OF RAMAPO, | |
| and MOSDOS CHOFETZ CHAIM, INC., | : |
| | |
| Respondents/Defendants. | : |

07-CV-9278 (KMK)

**ECF CASE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER
SUPPORT OF PETITIONERS' MOTION TO REMAND**

ZARIN & STEINMETZ
81 MAIN STREET, SUITE 415
WHITE PLAINS, NEW YORK 10601
(914) 682-7800

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT .............................................................................  1

ARGUMENT...................................................................................................  2

I.      NO FEDERAL CLAIMS REMAIN IN THE PETITION/COMPLAINT ...............  2

II.     EVEN IF FEDERAL CLAIMS SURVIVED RESPONDENTS'
        MOTION TO DISMISS, THE CLAIMS HAVE BEEN ABANDONED................  4

III.    EVEN IF THERE ARE FEDERAL CLAIMS IN THE
        PETITION/COMPLAINT, THE NOVEL AND COMPLEX STATE
        CLAIMS SHOULD BE REMANDED TO STATE COURT ..................................  7

CONCLUSION................................................................................................  10

CERTIFICATION ...........................................................................................  11

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

<u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780 (3d Cir. 1995)...................................... 8

<u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 108 S. Ct. 614 (1988)...................5, 6, 9, 10

<u>City of New Rochelle v. Town of Mamaroneck</u>,
    111 F. Supp. 2d 353 (S.D.N.Y. 2000)................................................... 6, 7, 8, 9

<u>Dunlop v. City of New York</u>, 2006 WL 2853972 (S.D.N.Y. Oct. 4, 2006)...................1, 6, 8, 9, 10

<u>Eastern States Health & Welfare Fund v. Philip Morris, Inc.</u>,
    11 F. Supp. 2d 384 (S.D.N.Y. 1998)............................................................ 5

<u>McConnell v. ABC Amega, Inc.</u>, 2008 WL 1840762 (W.D.N.Y. Apr. 23, 2008) ............ 4, 5, 6, 7

<u>Nelson v. The City of Rochester</u>, 492 F. Supp. 2d 282 (W.D.N.Y. 2007) ........................... 1, 8, 9

<u>New York v. Phillip Morris Inc.</u>, 1998 WL 2574 (S.D.N.Y. Jan. 5, 1998)........................... 8

<u>Spehar v. Fuchs</u>, 2003 WL 23353308 (S.D.N.Y. June 18, 2003)......................................... 6

<u>Travelers Indem. Co. v. Sarkisian</u>, 794 F.2d 754 (2d Cir. 1986).......................................... 6

<u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 86 S. Ct. 1130 (1966)...................... 5, 10

<u>Valencia ex rel. Franco v. Lee</u>, 316 F.3d 299 (2d Cir. 2003) ................................................ 7

<u>Vasura v. Acands</u>, 84 F. Supp. 2d 531 (S.D.N.Y. 2000) ...................................................... 6

<u>Vill. of Chestnut Ridge v. Town of Ramapo</u>,
    45 A.D.3d 74, 841 N.Y.S.2d 321 (2d Dep't 2007).................................................. 2, 3, 4

<u>Vill. of Chestnut Ridge, et al. v. Town of Ramapo, et al.</u>, Index No. 16876/04,
    slip op. (Sup. Ct. Westchester Cty. June 13, 2005) ..................................................... 2

<u>Westhab, Inc. v. City of New Rochelle</u>, 2004 WL 1171400 (S.D.N.Y. May 3, 2004) ......... 10

<u>Young v. New York City Transit Auth.</u>, 903 F.2d 146 (2d Cir. 1990)................................. 10

**<u>FEDERAL STATUTES</u>**

28 U.S.C. § 1367 ........................................................................................................... 1

28 U.S.C. § 1367(c) ..................................................................................................... 7

28 U.S.C. § 1367(c)(1) ........................................................................................ 7, 8, 10

28 U.S.C. § 1367(c)(2) ............................................................................................. 8, 10

28 U.S.C. § 1367(c)(3) ............................................................................................. 7, 10

28 U.S.C. § 1441(a) .................................................................................................. 1, 5

28 U.S.C. § 1441(b) .................................................................................................... 1

28 U.S.C. § 1441(c) .................................................................................................... 1

28 U.S.C. 1443 ......................................................................................................... 1, 6

**<u>MISCELLANEOUS</u>**

16 <u>Moore's Federal Practice</u> § 107.14[3][b][ii] (3d ed. 1999) ............................................ 6

Environmental Claims Part Rules § 2 (Sup. Ct. Westchester Cty.) ....................................... 9

Petitioners/Plaintiffs ("Petitioners"), by their attorneys, Zarin & Steinmetz, submit this Brief in further support of their Motion to Remand.

## PRELIMINARY STATEMENT

The Court has raised the question of whether the existence of Federal Constitutional claims on the face of Petitioners' Amended Petition/Complaint (the "Petition/Complaint"),[1] provided the Court with original jurisdiction over this case, rendering the argument concerning removal under 28 U.S.C. Section 1443 academic.

The Petition/Complaint alleged thirteen causes of action – eleven under New York State law (the "State Claims"), and two under Federal law (the "Federal Claims"). Of relevance here, the Tenth Cause of Action alleged that the Town of Ramapo's Adult Student Housing Law (the "ASHL") on its face violated the Fourteenth Amendment of the U.S. Constitution. The Eleventh Cause of Action alleged that the ASHL on its face violated the Establishment Clause of the First Amendment of the U.S. Constitution.[2]

Apparently, there has been confusion here. Actually, no Federal Claims remain in the Complaint/Petition. The lower State Court dismissed both of the Federal Claims. There

---

[1]    The "Amended Petition/Complaint" is dated December 23, 2004. The *caption* of the Amended Petition/Complaint was revised on September 26, 2007, to add Respondent/Defendant Mosdos Chofetz Chaim, Inc ("Mosdos"). Mosdos was served with an Amended Summons and Amended Notice of Petition, each dated September 26, 2007.

[2]    Although the Court specifically requested that the parties address Section 1441(c), respectfully, it appears the relevant section, if the Federal Claims existed at the time of removal, would actually be Section 1367 (Supplemental Jurisdiction). The distinction is that the Federal Claims and the State Claims all arose out of "a common nucleus of operative facts" – i.e., the adoption of the ASHL and the subsequent approval of the Nike Site project thereunder. See Dunlop v. City of New York, 2006 WL 2853972, *4 (S.D.N.Y. Oct. 4, 2006) (Karas, J.). Thus, if, in fact, there was a Federal Claim at the time of removal, this Court would have had original jurisdiction over those claims, and removal would have been effectuated pursuant to Section 1441(a). This Court has expressly held that Section 1441(c) is inapplicable to cases removed pursuant to Section 1441(a) or (b). Dunlop, 2006 WL 2853972, *4; see also Nelson v. The City of Rochester, 492 F. Supp. 2d 282, 287 (W.D.N.Y. 2007). Regardless, the outcome under either section would be the same – in the first instance, there were no Federal Claims in the Petition/Complaint at the time of removal, and even if there were, this Court should, respectfully, exercise its discretion to, at a minimum, remand the State Claims back to State Court.

seems to have been a typographical error in the Second Department's Decision in <u>Village of Chestnut Ridge v. Town of Ramapo</u>, 45 A.D.3d 74, 841 N.Y.S.2d 321 (2d Dep't 2007) ("<u>Chestnut Ridge</u>").  Moreover, the Decision cited to the Federal Claims even though Petitioners had not appealed their dismissal by the lower State Court.[3]  Even if the Federal Claims had survived the Motion to Dismiss, Petitioners have demonstrated a desire to abandon them, thus leaving *only* the pendant State Claims, which, respectfully, should be decided by the State Court.  Alternatively, this Court may retain jurisdiction over any remaining Federal Claims, and remand the unique and novel State Claims back to the State Court where they, respectfully, belong.

## ARGUMENT

## POINT I.

## NO FEDERAL CLAIMS REMAIN IN THE PETITION/COMPLAINT

The lower State Court dismissed Petitioners' Federal Claims.[4]  The Second Department thereafter upheld the dismissal of the Federal Claims:

> The ***appellants' constitutional claims, however, were properly dismissed, since none of the appellants have standing to raise them***.  Whether a municipality is or is not a person for the purpose of asserting a violation of the Fourteenth Amendment of the United States Constitution . . . it must still have a personal stake in the outcome of the litigation in order to have standing to raise an equal protection or due process claim . . . . The Villages have no such stake in either of the constitutional claims. Similarly, the Shapiros, as a married couple, have no personal interest in the Town's alleged discrimination against the unmarried. While the Shapiros may have an abstract interest in whether the Town is impermissibly discriminating in favor of a particular religion, they

---

[3]     The Respondents' Motion to Dismiss was initially decided by Judge Francis A. Nicolai, presiding Justice of the Environmental Claims Part of the Westchester County Supreme Court, by Decision, dated June 13, 2005.  The Decision was subsequently appealed by Petitioners to the Appellate Division, Second Department, resulting in the Decision and Order in <u>Chestnut Ridge</u>.

[4]     <u>See Vill. of Chestnut Ridge, et al. v. Town of Ramapo, et al.</u>, Index No. 16876/04, slip op. at 10 (Sup. Ct. Westchester Cty. June 13, 2005) (Nicolai, J.) ("That the village petitioners are alleging constitutional due process and establishment causes of action (causes of action numbers 10 and 11) makes no difference.  There is no basis to find certain provisions of the ASHL . . . are inflicting any direct injury on the village petitioners or any resident thereof.").

> have failed to allege any injury as a result of the allegedly
> unconstitutional conduct, as they are required to do . . . . ***The
> Supreme Court therefore properly dismissed, for lack of
> standing, the tenth and eleventh causes of action insofar as
> asserted by all of the appellants***.

<u>Chestnut Ridge</u>, 841 N.Y.S.2d at 335 (citations omitted) (emphasis added).

The inclusion of the Eleventh Cause of Action in the later decretal paragraphs in the Appellate Decision is a typographical error, and the cause of the confusion here. The decretal paragraphs themselves are self-contradictory, first omitting the Eleventh Cause of Action, in particular, from the enumerated reinstated causes of action, and then, for some reason, remitting the Eleventh Cause of Action back to the trial Court for further proceedings:

> ORDERED that the order and judgment is modified, on the law . . .
> (2) by deleting the provisions thereof granting those branches of
> the respondents/defendants' cross motions which were to dismiss
> the ***first, second, third, fourth, fifth, sixth, seventh, eighth, ninth,
> and twelfth causes of action*** insofar as asserted by the
> petitioners/plaintiffs Milton B. Shapiro and Sonya Shapiro, and
> substituting therefor provisions denying those branches of the cross
> motions. . . . [T]he ***first, second, third, fourth, fifth, sixth, seventh,
> eighth, ninth, and twelfth causes*** of action insofar as asserted by
> the petitioners/plaintiffs Milton B. Shapiro and Sonya Shapiro . . .
> ***are reinstated***, and the matter is remitted to the Supreme Court,
> Westchester County . . . for further proceedings in connection with
> the ***seventh, eleventh, and twelfth causes of action*** insofar as
> asserted by the petitioners/plaintiffs Milton B. Shapiro and Sonya
> Shapiro.

<u>Chestnut Ridge</u>, 841 N.Y.S.2d at 340-41.[5]

Following the <u>Chestnut Ridge</u> decision, Petitioners moved in the lower State Court to reinstate the temporary restraining order and preliminary injunction. In an Affirmation submitted in support of that Motion, Petitioners' counsel, recognized explicitly the dismissal of Petitioners' Federal Claims by the lower Court, as upheld by the Second Department:[6]

---

[5]    The Tenth Cause of Action was not referenced in the decretal paragraphs.

[6]    Petitioners did not appeal the lower Court's dismissal of the Constitutional claims. The Second Department opined on the issues *sua sponte*.

3

> The Court reinstated all but two Causes of Action in this matter, and remitted it back to this Court for a determination on the merits. . . .
>
> The Second Department held dismissal was warranted as to all Petitioners only in connection with the Tenth and Eleventh Causes of Action, which were Constitutional challenges under the First and Fourteenth Amendments.  See  Vill. of Chestnut Ridge, 2007 WL 2317416, at *7, 9.

(Affirmation of Michael D. Zarin, dated Sept. 5, 2007 (the "Zarin Aff."), ¶ 2 & n.2.  A copy of the relevant pages of the Zarin Aff. are annexed as Exhibit "A").

Accordingly, even though Petitioners initially pleaded Federal Claims in the Petition/Complaint, those claims had already been dismissed by the State Courts prior to the time Defendants removed this action to Federal Court.[7]

## POINT II.

### EVEN IF FEDERAL CLAIMS SURVIVED RESPONDENTS' MOTION TO DISMISS, THE CLAIMS HAVE BEEN ABANDONED

Even assuming, *arguendo*, that the Federal Claims somehow were not dismissed, Petitioners expressly indicated to the Court that such claims should be abandoned.

In McConnell v. ABC Amega, Inc., 2008 WL 1840762 (W.D.N.Y. Apr. 23, 2008), a case very recently decided by a sister District Court, for example, plaintiff commenced an action in State Court alleging violations under both New York State law and the United States Constitution.  Defendants subsequently removed the case to Federal Court.  Plaintiff's counsel expressly stated to the Federal Court that there "was no intention of asserting federal

---

[7]    To explain why the Federal Claims still remain on the face of the Petition/Complaint, on September 26, 2007, Mosdos requested to be added to this action.  The State Court directed Petitioners, as a purely procedural matter, to serve Mosdos with all papers previously served in the matter, with an amended caption adding Mosdos as a party.  (See September 26, 2007 Transcript, the relevant pages of which have been annexed as Exhibit "B").  Petitioners served the Petition/Complaint upon Mosdos on the very same day as the Court directed.  Petitioners purposely did not seek to amend the Petition/Complaint substantively, nor were they directed to do so by the State Court.  Petitioners also served Mosdos copies of both the lower State Court and Appellate decisions. (A copy of the September 26, 2007 transmittal letter to counsel for Mosdos indicating same is annexed as Exhibit "C").

constitutional claims in this case," and that there was "no federal question raised in the complaint [and] the claims asserted are not federal claims." Id. at *2. The Court accordingly held that no Federal questions remained, since it "construe[d] this [counsel's statements] as a withdrawal and abandonment of the claims in the Complaint arising under the . . . Constitution." Id.

Similarly, in Carnegie-Mellon University v. Cohill, 484 U.S. 343, 108 S. Ct. 614 (1988), the United State Supreme Court addressed the issue of "whether a federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendant state law claims remain." Carnegie-Mellon, 108 S. Ct. 616. Much like the instant case, plaintiffs in Carnegie-Mellon commenced an action in State Court, which "stated a single federal-law claim and a number of state-law claims." Id. at 619. Defendants removed the case to Federal Court pursuant to 28 U.S.C. Section 1441(a). Id. at 618. The plaintiffs thereafter sought to amend the complaint in Federal District Court to remove the Federal claim on the grounds that plaintiff no longer believed it to be tenable. The District Court granted the Motion to Amend, and remanded the remaining claims back to State Court. Id. at 617.

The Supreme Court held that "[w]hen the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction." Id. at 619, citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130 (1966), accord Eastern States Health & Welfare Fund v. Philip Morris, Inc., 11 F. Supp. 2d 384, 394 (S.D.N.Y.). The Court thus found that the District Court properly exercised its discretion in remanding the case to State Court.

At the July 2, 2008 Oral Argument, Counsel for Petitioners similarly offered to stipulate to abandoning any Federal claims to the extent they remained in the

Petition/Complaint.[8]  Moreover, Petitioners made previously known its intent to abandon the Federal Claims.  As stated, *supra*, Petitioners did not seek to appeal the lower State Court's dismissal of such claims. Petitioners' counsel also indicated a belief that the Federal Claims were dismissed in his Affirmation to the lower State Court. (See Exhibit "A").  See Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 758 (2d Cir. 1986) ("[T]he party who brings a suit is master to decide what law he will rely upon."); McConnell, 2008 WL 1840762, at *2 (holding that "plaintiff is considered the master of her complaint, even when it comes to considerations of whether a case must be remanded for lack of jurisdiction." (citation omitted)); see also Vasura v. Acands, 84 F. Supp. 2d 531 n.3 (S.D.N.Y. 2000), quoting 16 Moore's Federal Practice § 107.14[3][b][ii], at 107.86-86.1 (3d ed. 1999) (A "plaintiff may dismiss [its] federal claims on removal and then move to remand."); cf. Spehar v. Fuchs, 2003 WL 23353308, *7 (S.D.N.Y. June 18, 2003) ("[W]hen plaintiffs drop their federal claims, federal courts have the discretion to determine whether to remand the state claims.").

　　　　Respectfully, for the reasons set forth in Point III, *infra*, this Court should exercise its discretion and remand the State Claims back to State Court.  See McConnell, 2008 WL

---

[8]　　　Petitioners acknowledge that if, in fact, a Federal claim remained in the Petition/Complaint at the time of removal, removal on that basis alone would have been proper without the Court having to reach the question of whether removal was proper under 28 U.S.C. Section 1443. See Dunlop v. City of New York, 2006 WL 2853972, *3 (S.D.N.Y. Oct. 4, 2006) (Karas, J.), citing Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 758 (2d Cir. 1986). Petitioners further acknowledge the Court's position at Oral Argument that since Federal Court jurisdiction is based upon the Complaint at the time of removal, Petitioners should not now argue that they can amend the Petition/Complaint to eliminate the Federal Claims. Respectfully, it appears that this Court, as well as the United States Supreme Court, has sanctioned this practice where Petitioners, such as in the instant case, no longer wish to pursue their Federal claims.  See, e.g., Carnegie-Mellon 108 S. Ct. at 617; Spehar v. Fuchs, 2003 WL 23353308, *8 (S.D.N.Y. June 18, 2003) ("[D]istrict courts have discretion as to whether to retain supplemental jurisdiction over state law claims after a complaint has been amended to remove the federal causes of action."); Vasura v. Acands, 84 F. Supp. 2d 531, 535 n.3 (S.D.N.Y. 2000); City of New Rochelle v. Town of Mamaroneck, 111 F. Supp. 2d 353, 373 (S.D.N.Y. 2000) ("[I]f Plaintiffs are now of the view that the state law claims so predominate in the case as to render the remaining [Federal] claim inconsequential to the outcome, they may dismiss that claim on their own motion.").

1840762, at *2 (citations omitted); 28 U.S.C. § 1367(c)(3) (District Court may remand State

Claims where "the district court has dismissed all claims over which it has original jurisdiction").

### POINT III.

### EVEN IF THERE ARE FEDERAL CLAIMS IN THE PETITION/COMPLAINT, THE NOVEL AND COMPLEX STATE CLAIMS SHOULD BE REMANDED TO STATE COURT

Once again, assuming, *arguendo*, that the Federal Claims were not dismissed or

abandoned, this Court may retain jurisdiction over the Federal Claims, and remand the State

Claims in accordance with 28 U.S.C. Section 1367(c).  This is precisely the determination of

Judge McMahon in City of New Rochelle v. Town of Mamaroneck, 111 F. Supp. 2d 353

(S.D.N.Y. 2000), a case almost squarely on point.

In  New Rochelle, Plaintiffs raised eight causes of action, four of which were

Federal claims, alleging civil rights and Constitutional violations.  The remaining four claims

included, similar to the instant case, allegations of violations of SEQRA, and New York State

Municipal Home Rule Law.  New Rochelle, 111 F. Supp. 2d at 370.  Directly on point here,

Judge McMahon determined that remand to State Court would be proper under 28 U.S.C.

Section 1367(c)(1):

> The New York State law claims in the case are *exemplars of the type of novel and complex state law issues which federal courts have no business decidin*g, especially on a matter of first impression. Plaintiff's claims go the very heart of New York's constitutional jurisprudence and interpretation of the State Municipal Home Rule Law and SEQRA-the two State statutes that form the foundation of municipal power over zoning, development and protection of the environment. The Second Circuit has noted that "it is fundamental that '*needless decision of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law*.'"

Id. (emphasis added) (numerous citations omitted); accord Valencia ex rel. Franco v. Lee, 316

F.3d 299, 302, 308 (2d Cir. 2003) (holding retention by the District Court of pendant State

claims was an abuse of discretion when the Federal claims were abandoned prior to trial, leaving only State claims, which were "fundamental and complex questions involving the balancing of important policies of state government, and the resolution of the unsettled questions of this type is best left to the courts of the state when the early disposition of all federal claims makes the federal court's resolution of such state-law claims unnecessary."); Nelson, 492 F. Supp. 2d at 288 (remand of State claims held "permissible and appropriate" where they "all raise[d] novel and unsettled questions of state law that would more appropriately be heard in the courts of New York State in the first instance").

In addition, Judge McMahon found separate grounds to decline jurisdiction over the State Claims pursuant to 28 U.S.C. Section 1367(c)(2) ("the [pendant State] claim substantially predominates over the claim or claims over which the district court has original jurisdiction"):

> Where the state claims "constitute the real body of a case" to which federal claims are "an appendage," declining jurisdiction under this provision is appropriate to prevent a situation wherein "permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog."

New Rochelle, 111 F. Supp. 2d at 371, citing New York v. Phillip Morris Inc., 1998 WL 2574, at *2 (S.D.N.Y. Jan. 5, 1998), quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995); see also Dunlop, 2006 WL 2853972, *5 ("[S]tate law claims predominate when the federal law claims are merely peripheral or cover a much narrower issue than the state law claims, or where the factual or legal analysis of the claims are unrelated.").

Accordingly, Judge McMahon, citing 28 U.S.C. Section 1367(c)(1) and (2), declined to exercise supplemental jurisdiction over the State issues, remanded them back to State Court, retained jurisdiction over the Federal claim, and held it in abeyance pending the resolution

of the State action.  <u>New Rochelle</u>, 111 F. Supp. 2d at 373; <u>see also</u> <u>Nelson</u>, 492 F. Supp. 2d at

288 (retaining jurisdiction over Federal claims and remanding State claims).

      Similarly here, the underlying case involves complex issues under SEQRA,

including, *inter alia*, a municipality's duty under SEQRA to take a hard look at, and mitigate, the

potential significant environmental impacts of an action on the community character and shared

infrastructure of *immediately abutting neighboring municipalities*. This is a novel issue in

SEQRA law as evidenced by the unusual length and breadth of the Second Department's

decision. This case also addresses the procedural requirements for promulgating a Local Law

under the New York Municipal Home Rule Law and New York General Municipal Law.  In fact,

the case had been before the Environmental Claims Part (the "ECP") of the Westchester County

Supreme Court.[9]  The ECP is particularly and uniquely suited to determine the State Claims in

the Petition/Complaint.  Moreover, the State Claims here clearly and "substantially predominate"

over the Federal Claims in the Petition/Complaint.  <u>See</u>, <u>e.g.</u>, <u>Dunlop</u>, 2006 WL 2853972, *6.

      Finally, in determining whether to exercise jurisdiction over pendant State

Claims, the Supreme Court has held:

> [A] federal court should consider and weigh in each case, and at
> every stage of the litigation, the values of *judicial economy,
> convenience, fairness, and comity* in order to decide whether to
> exercise jurisdiction over a case brought in that court involving
> pendent state-law claims. When the balance of these factors
> indicates that a case properly belongs in state court, *as when the
> federal-law claims have dropped out of the lawsuit in its early
> stages and only state-law claims remain*, the federal court *should
> decline the exercise of jurisdiction* by dismissing the case without
> prejudice.

---

[9]    In order for a case to be accepted by the ECP, Petitioners demonstrated to Chief Administrative
Judge Nicolai that the "predominant claims involve the adjudication of potential impact to the
environment, including but not limited to, potential impacts to the . . . water, traffic and transportation . . .
patterns of population concentrations, distribution or growth, existing community neighborhood character
and human health."  ECP Rules § 2.

Carnegie-Mellon, 108 S. Ct. at 619, citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130, 1139 (1966); see also Westhab, Inc. v. City of New Rochelle, 2004 WL 1171400, *17 (S.D.N.Y. May 3, 2004), quoting Young v. New York City Transit Auth., 903 F.2d 146, 164 (2d Cir. 1990) ("A district court ought not 'reach out for . . . issues, thereby depriving state courts of opportunities to develop and apply state law.'"); Dunlop, 2006 WL 2853972, *5.[10]

Here, on balance, the State Claims unquestionably properly belong in State Court. Accordingly, the State Claims should be remanded pursuant to 28 U.S.C. Section 1367(1), (2) and/or (3). This Court may, of course, retain any Federal Claims, if such claims exist, and hold them in abeyance pending the outcome of the State Proceeding.

## CONCLUSION

Based on the forgoing, and upon the papers previously submitted herein, Petitioners respectfully seek an Order (i) remanding the action back to the New York State Supreme Court, Westchester County, and (ii) granting such other relief as this Court deems just and proper.

Dated:  July 14, 2008
        White Plains, New York

                                        ZARIN & STEINMETZ

                        By:    S/ _____
                                        Michael D. Zarin (MDZ-6692)
                                        Jody T. Cross (JTC-1433)
                                        *Attorneys for Petitioners*
                                        81 Main Street, Suite 415
                                        White Plains, New York 10601
                                        (914) 682-7800

---

[10]    Unlike in the instant case, the claims in Gibbs were initiated in Federal Court. Since the case here was commenced in State Court, if this Court declines jurisdiction – and Petitioners maintain it should – the matter would be remitted back to State Court pursuant to Carnegie-Mellon. See Carnegie-Mellon, 108 S. Ct. at 619-20.

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum Of Law In Support Of Defendants' Motion To Dismiss was served or caused by be served by overnight mail, on July 14, 2008, upon the following:

Terry A. Rice, Esq.
Rice & Amon
4 Executive Boulevard
Suffern, NY 10901

Patrick Sweeney, Esq.
Holland & Knight LLP
195 Broadway, 24th Floor
New York, NY 10007-3189

Dennis E. A. Lynch, Esq.
Feerick, Lynch & MacCartney PLLC
96 South Broadway
South Nyack, NY 10960

Stephen J. Polter, Esq.
Polter & Stern, LLP
266 Broadway
Suite 404
Brooklyn, NY 11211

Joseph J. Haspel, Esq.
Joseph J. Haspel, PLLC
40 Mathews Street, Suite 201
Goshen, New York 10924

Andrew J. Romanow, Esq.
Buchanan Ingersoll, PC
268 Main Street, Suite 201
Buffalo, NY 14202

Reuben S. Koolyk, Esq.
Arnold & Porter, LLP
399 Park Avenue
New York, NY 10022

By:    S/ _____
Michael D. Zarin (MDZ-6692)
Zarin & Steinmetz
81 Main Street, Suite 415
White Plains, New York 10601
(914) 682-7800