SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------x
THE VILLAGE OF CHESTNUT RIDGE, THE
VILLAGE OF MONTEBELLO, THE VILLAGE     Index No. 04-16876
OF POMONA, THE VILLAGE OF WESLEY HILLS,
MILTON B. SHAPIRO and DR. SONYA SHAPIRO,     Assigned Judge:
    Hon. Francis A. Nicolai
                Petitioners/Plaintiffs,

      - against -     **AFFIRMATION OF**
    **MICHAEL D. ZARIN**
THE TOWN OF RAMAPO, THE TOWN     **TO REINSTATE**
BOARD OF THE TOWN OF RAMAPO, THE     **TEMPORARY**
PLANNING BOARD OF THE TOWN OF     **RESTRAINING ORDER**
RAMAPO, YESHIVA CHOFETZ CHAIM OF     **AND PRELIMINARY**
RADIN, SCENIC DEVELOPMENT, LLC and     **INJUNCTION**
THE BOARD OF APPEALS OF THE TOWN OF
RAMAPO,

                Respondents/Defendants.
---------------------------------------------x

MICHAEL D. ZARIN, an attorney duly admitted to practice law in the State of New York, affirms the following under the penalties of perjury:

1. I am a member of the law firm of Zarin & Steinmetz, attorneys for the Petitioners/Plaintiffs Village of Chestnut Ridge, the Village of Montebello, the Village of Pomona, and the Village of Wesley Hills (collectively, the "Villages"), and Petitioners/Plaintiffs Milton B. Shapiro and Dr. Sonya Shapiro (the "Shapiros," collectively with the Villages, the "Petitioners").[1]

---

[1] When this action was initially commenced on or about October 13, 2004, the Villages were represented by Zarin & Steinmetz. The Individual Petitioners, were represented by the law firm Ross & Gess, Attorneys, P.C., including, the Shapiros, Jay B. Rosenstein and Robert Moskowitz, On or about June 19, 2006, a Stipulation of Discontinuance as to Messrs. Rosenstein and Moskowitz was filed in the Office of the Westchester County Clerk. Concurrently, a Consent to Change Attorney was filed on behalf of the Shapiros, who are now under a retainer agreement with Zarin & Steinmetz in connection with this proceeding.

**Summary**

2. As this Court might be aware, on August 14, 2007, the Appellate Division, Second Department, in a seminal 18-page decision, issued an Opinion and Order ("Second Department Order"), *inter alia*, modifying in part this Court's Order and Judgment, dated August 2, 2005 (August 2005 Order). The Court reinstated all but two Causes of Action in this matter,[2] and remitted it back to this Court for a determination on the merits. See Vill. of Chestnut Ridge v. Town of Ramapo, __ N.Y.S.2d __, 2007 WL 2317416, *14 (2d Dep't 2007) (A copy of the Second Department Order is annexed hereto as Exhibit "A"; a copy of the August 2005 Order is annexed hereto as Exhibit "B").

3. Of significance, the Second Department held that:

(i) all of the Villages have standing and capacity to challenge the Town of Ramapo's (the "Town") Adult Student Housing Law (the "ASHL") under the New York State Environmental Quality Review Act ("SEQRA") and General Municipal Law;

(ii) the Village of Wesley Hills has standing and capacity to challenge the SEQRA approvals obtained by Respondent/Defendant Yeshiva Chofetz Chaim of Radin ("Chofetz Chaim") on the so-called Nike Site; and

(iii) the Shapiros have standing to challenge the ASHL under SEQRA, Municipal Home Rule Law, and General Municipal Law, as well as on the grounds that the ASHL constitutes impermissible spot zoning, and the Town Board's actions were *ultra vires*.

See id. at *7, 14.

4. In reinstating the above-referenced claims, the Second Department, much like this Court in its decision, dated June 13, 2005, and entered June 16, 2005 (the "June 2005 Decision"), specifically acknowledged Petitioners' environmental concerns with regard to the potential massive density increase resulting from the implementation of the ASHL, as well as the potential significant impacts on water, sewage capacity and community character. Vill. of

---

[2] The Second Department held dismissal was warranted as to all Petitioners only in connection with the Tenth and Eleventh Causes of Action, which were Constitutional challenges under the First and Fourteenth Amendments. See Vill. of Chestnut Ridge, 2007 WL 2317416, at *7, 9.

**Exhibit B**

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------x
THE VILLAGE OF CHESTNUT RIDGE, THE VILLAGE OF
MONTEBELLO, THE VILLAGE OF POMONA, THE VILLAGE OF
WESLEY HILLS, MILTON B. SHAPIRO and DR. SONYA
SHAPIRO,
                    Petitioners/Plaintiffs,

     -against-                     Index No.
                                   04-16876


THE TOWN OF RAMAPO, THE TOWN BOARD OF THE TOWN OF
RAMAPO, THE PLANNING BOARD OF THE TOWN OF RAMAPO,
YESHIVA CHOFETZ CHAIM OF RADIN, SCENIC
DEVELOPMENT, LLC and THE BOARD OF APPEALS OF THE
TOWN OF RAMAPO,
                    Respondents/Defendants.
------------------------------------------x
                    PROCEEDINGS

          Westchester County Courthouse
          111 Dr. M.L.K., Jr. Blvd
          White Plains, New York 10601
          September 26, 2007


BEFORE:    HON. FRANCIS A. NICOLAI
           Supreme Court Justice



APPEARANCES:

ZARIN & STEINMETZ, ESQS.
Attorneys for the Plaintiffs
81 Main Street, Suite 415
White Plains, New York 10601
BY:  MICHAEL D. ZARIN, ESQ.
BY:  JODY T. CROSS, ESQ.

HOLLAND & KNIGHT, ESQS.
Attorney for the Defendant
195 Broadway, 24th Floor
New York, NY 10007-3189
BY:  JOHN M. TORIELLO, ESQ.
BY:  PATRICK SWEENEY, ESQ.

(Continued on next page)



              Gina Landi, Sr. Court Reporter
                    (914) 824-5766
```

```
 1
 2
 3   FEERICK, LYNCH & MACCARTNEY, PLLC
     Attorneys for Yeshiva Chofetz Chaim of Radin
     96 South Broadway
 4   South Nyack, New York 10960
     BY:   DONALD J. FEERICK, JR.
 5
 6
 7   JOSEPH HASPEL, ESQ.
     Attorney for Mosdos Chofetz Chaim - nonparty
 8   40 Matthews Street, Suite 201
     Goshen, New York 10924
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

but the Court has no jurisdiction over us. If the Court directs Counsel to join us as it is indicated --

THE COURT: Counsel, you're standing here. Don't play games with me, please. I insist on that, all right? I can see you're playing games with me.

Do you want time to receive the papers to review them and to be able to submit answering papers? I'll give you whatever time you feel is appropriate, but don't tell me you're standing here and I don't have jurisdiction over you. I have jurisdiction over you. You're standing in front me.

MR. HASPEL: Your Honor, with all due respect, you have no jurisdiction over us.

THE COURT: We have a difference. I believe the Appellate Division ordered we can go forward with this case with or without you. Now, if you want an adjournment, I'm prepared to give you the time to receive the documents that were served here and to give you time to answer whatever you deem is necessary to protect

Proceedings

1    your clients.
2        MR. HASPEL:  Your Honor, without being
3    served a summons and complaint in this
4    action and without the Court obtaining
5    jurisdiction, I cannot go forward.  If
6    your Honor believes we need more time, I
7    will be glad to suggest --
8        THE COURT:  What I expect you to do as
9    an attorney, as a member of the
10   profession, is to say, Judge, I may not
11   have been served, but I'm here now, I'm
12   prepared to accept whatever papers I need
13   to adequately defend and represent my
14   client.  That's what I expect you to do as
15   an attorney.  Not waltz things around,
16   serve me with a response and complaint and
17   this other thing.
18       We have to move forward here.  There's
19   very, very important issues affecting a
20   lot of people here and particularly
21   affecting those individuals who have
22   invested significant sums in developing
23   and building these structures.  With bad
24   weather and winter approaching, we have to
25   make some very important decisions on

Proceedings

1  that.

2  Mr. Zarin, confer with Mr. Haspel and
3  determine whatever documents have been
4  served. The other town, Mr. Toriello,
5  Mr. Feerick, confer with Mr. Haspel,
6  advise him whatever documents and papers
7  you've submitted in this case and serve
8  him with the necessary papers.

9  MR. HASPEL: With all due respect,
10  your Honor, notwithstanding your Honor's
11  volume of your statement, I cannot be
12  directed to be under the jurisdiction of a
13  Court that I am not under the jurisdiction
14  of. If he chooses to serve a summons and
15  complaint at this moment, I will accept it
16  on behalf of my client. But short of
17  that, this Court has no jurisdiction, and
18  you may think it's playing games, but
19  jurisdiction is an important part of juris
20  prudence in this state and this country,
21  and without jurisdiction, your Court does
22  not --

23  THE COURT: What is the purpose of
24  obtaining jurisdiction over an individual?
25  MR. HASPEL: To allow this Court to

Proceedings

1  make orders affecting my client.
2     THE COURT: No. The purpose is, A, to
3  give notice to the person that there's a
4  proceeding, and secondly, to give an
5  opportunity to that person to be heard.
6  That is the crux of what jurisdiction is
7  all about. Because unless the Court
8  obtains jurisdiction, the person doesn't
9  know what's going on, doesn't have a
10 chance to address the Court, can't
11 properly represent their client.
12    All of those functions and derivatives
13 of jurisdiction are here present. All
14 that's missing is the piece of paper.
15 That's all that's missing, and I don't
16 allow things to be held up because a piece
17 of paper is missing.
18    Now, Mr. Zarin, serve Mr. Haspel. My
19 TRO remains in effect. I'm going to
20 adjourn this case for one week to serve
21 Mr. Haspel --
22    MR. HASPEL: -- with the complaint,
23 your Honor?
24    THE COURT: Well, was there a
25 complaint? There wasn't a complaint.

```
 1   There was a --
 2        MR. ZARIN:  A petition.
 3        THE COURT:  An order to show cause and
 4   petition in this case.
 5        MR. HASPEL:  With an amended caption
 6   naming my client, I will be glad to accept
 7   it on behalf of my client.
 8        THE COURT:  If you're requesting that
 9   your client be added to the caption, we'll
10   amend the caption at this time to include
11   Mosdos Chofetz -- what's the third one?
12        MR. HASPEL:  Chaim.
13        THE COURT:  Thank you.
14        MR. HASPEL:  And I'll be glad to
15   accept it on behalf of my client.
16        THE COURT:  I'm going to adjourn the
17   case for one week so Mr. Haspel can
18   receive these papers, and there's no need
19   to come back in a week unless, Mr. Haspel,
20   you've had sufficient time to accomplish
21   what it is you want to accomplish.
22        If you need some additional time,
23   rather than bring everybody back for the
24   sole purpose of you telling me that you
25   need some additional time, confer with
```

Proceedings

1  your colleagues and your adversaries in
2  this case and arrive at a date when all
3  the papers will be submitted and the Court
4  can review them.
5      MR. HASPEL:  Thank you, your Honor.
6      MR. ZARIN:  Your Honor, I think the
7  only thing that maybe needs to be worked
8  out is a briefing schedule on the papers
9  on the preliminary injunction.
10     We've received today from the Town and
11 Mr. Toriello his memorandum of law and
12 opposition for the application for
13 preliminary injunction, and I guess he did
14 it pursuant to the order which it seemed
15 to imply that the return date would be the
16 time to do that.  We would request, your
17 Honor, an opportunity to respond, to
18 reply.
19     THE COURT:  You will have an
20 opportunity.  The briefing schedule is now
21 determinative by what time Mr. Haspel
22 needs because he's being added at this
23 point.  He has to be served with all the
24 necessary papers.  He has to have an
25 opportunity to review these papers and

16

Proceedings

      1   make some kind of decisions as to how he

      2   wants to answer them and how much time he

      3   needs to answer them. So I can't give you

      4   a briefing schedule today, but you should

      5   be working on your brief and getting it

      6   ready.

      7       MR. ZARIN: We shall. So we would

      8   come back on the return date in a week and

      9   receive a briefing schedule?

     10       THE COURT: Yes, if Mr. Haspel is

     11   ready at that time. He may request some

     12   additional time, which I'm not granting

     13   the time today, but I'm just telling

     14   everybody I'm inclined to grant him some

     15   additional time in the event he's not

     16   ready to make time commitments in one

     17   week.

     18       MR. ZARIN: Thank you, your Honor.

     19       THE COURT: The papers here are

     20   voluminous. It's the first time he's

     21   getting them and he has to be given an

     22   opportunity to review them.

     23       MR. ZARIN: That's fine, your Honor.

     24       MR. HASPEL: And your Honor, one

     25   housekeeping matter. Is it the Court's

Proceedings

1   understanding that the order to show
2   cause, the decretal paragraphs of the
3   order to show cause affect a party to whom
4   this Court has no jurisdiction?
5       THE COURT: Yes, I believe that the
6   Appellate Division addressed that issue
7   and indicated the matter can go on without
8   a particular party being included when
9   there's been a transfer of interest, and
10  based on that, my TRO was not stayed by
11  the Appellate Division and I'm stating
12  that's still in effect.
13      MR. HASPEL: I'm asking -- if I can,
14  your Honor -- Mr. Zarin, has the Appellate
15  Division issued an order to that effect or
16  is that not going to happen because the
17  order to show cause was not accepted?
18      MR. ZARIN: No, the Court issued an
19  order.
20      MR. HASPEL: I don't have it.
21      THE COURT: There is an order.
22      MR. ZARIN: Here's a copy.
23      (Whereupon, a document was handed to
24  Counsel.)
25      THE COURT: So we're on for 10:00

on --

MR. HASPEL: Your Honor, if I may, this order is not directed at my client and I suspect since I wasn't there, it wasn't my client who appeared before the Appellate Division.

This order is directed at Yeshiva Chofetz Chaim of Radin, which is not my client, and I think, so the record is clear, there is no indication anywhere that any order or any Court has obtained jurisdiction over Mosdos Chofetz Chaim. So it's our position at this point in time that there cannot be an order of this Court which affects Mosdos Chofetz Chaim.

THE COURT: I disagree with your position.

MR. HASPEL: I understand.

THE COURT: And if actions are taken contrary to my order, there may be consequences in that, depending on where we go with this.

We're adjourned until October 3rd at 10:00, subject to Mr. Haspel being prepared on that day to advise us what his

Proceedings 19

briefing schedule will be for the issues raised or whether he needs a further brief adjournment.

MR. HASPEL: Thank you.

THE COURT: Anything else? Court is in recess.

MR. ZARIN: Thank you, your Honor.

MR. FEERICK: Thank you, your Honor.

C E R T I F I C A T I O N

Certified to be a true and accurate transcript of the aforesaid proceeding.

*Gina Landi*
Gina Landi

**Exhibit C**

## ZARIN & STEINMETZ
ATTORNEYS AT LAW
81 MAIN STREET
SUITE 415
WHITE PLAINS, NEW YORK 10601

TELEPHONE: (914) 682-7800
FACSIMILE: (914) 683-5490
WEBSITE: WWW.ZARIN-STEINMETZ.NET

September 26, 2007

DAVID S. STEINMETZ*
MICHAEL D. ZARIN
DANIEL M. RICHMOND

* ALSO ADMITTED IN D.C.
• ALSO ADMITTED IN CT.
∆ ALSO ADMITTED IN N.J.

DAVID J. COOPER
JODY T. CROSS •
JILLIAN K. MOONEY ∆
KEBRA A. RHEDRICK
BRAD K. SCHWARTZ

MARSHA RUBIN GOLDSTEIN
HELEN COLLIER MAUCH ∆
SUSAN H. SARCH *
LISA F. SMITH •
OF COUNSEL

<u>Via Overnight Mail & Facsimile</u>

Joseph Haspel, Esq.
40 Matthews Street, Suite 201
Goshen, NY 10924

Re:   <u>Village of Chestnut Ridge, et al. v. Town of Ramapo, et al.</u>
      Index No. 04-16876

Dear Mr. Haspel:

      Enclosed please find for service upon you a copy of the Amended Petition and Complaint in the above-referenced action, dated December 23, 2004, together with supporting Affidavits and Exhibits, and Petitioners' Memorandum of Law in support of the Article 78 Petition. As directed by the Court in its discretion pursuant to CPLR Section 1018, the Caption has been amended to add Mosdos Chofetz Chaim, Inc. ("Mosdos") as a Respondent/Defendant. We also took this opportunity to revise the caption to reflect the withdrawal of Jay B. Rosenstein and Robert Moskowitz as Petitioners/Plaintiffs, as noticed to the Court on June 19, 2006.

      The moving papers in connection with the pending Motion for a Preliminary Injunction have been previously personally served upon Mosdos, as well as upon Rochelle Inger PLLC as attorney for Mosdos, pursuant to the Court's Order, dated September 11, 2007, as amended September 13, 2007.

      We also enclose as a courtesy Judge Nicolai's June 13, 2005 Decision, his August 2, 2005 Order and Judgment, and the Second Department's Opinion and Order, dated August 14, 2007.

      By copy of this letter, we are providing opposing counsel, as well as the Court, with a copy of the first page of the Amended Petition and Complaint, reflecting the revised caption. If the Court requires anything further, we will, of course, be happy to oblige.

Joseph Haspel, Esq.
September 26, 2007
Page 2

      If you have any questions, please do not hesitate to contact me.

                                            Very truly yours,

                                            Michael D. Zarin

cc:    (via facsimile)
       Hon. Francis A. Nicolai
       Feerick Lynch MacCartney
       Rice & Amon
       Holland & Knight, LLP