UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE VILLAGE OF CHESTNUT RIDGE, THE VILLAGE OF MONTEBELLO, THE VILLAGE OF POMONA, THE VILLAGE OF WESLEY HILLS, MILTON B. SHAPIRO, and DR. SONYA SHAPIRO,<br><br>                Plaintiffs,<br><br>- against -<br><br>THE TOWN OF RAMAPO, THE TOWN BOARD OF RAMAPO, THE PLANNING BOARD OF THE TOWN OF RAMAPO, YESHIVA CHOFETZ CHAIM OF RADIN, SCENIC DEVELOPMENT, LLC, THE BOARD OF APPEAL OF THE TOWN OF RAMAPO, and MOSDOS CHOFETZ CHAIM INC.,<br><br>                Defendants. | Index No.: 07-cv-09278 (KMK) |

## THE TOWN OF RAMAPO'S SUPPLEMENTAL BRIEF
## IN OPPOSITION TO MOTION TO REMAND

John M. Toriello
Patrick J. Sweeney
HOLLAND & KNIGHT LLP
195 Broadway, 24th Floor
New York, NY 10007

**PRELIMINARY STATEMENT**

Despite any protestations to the contrary, this case centers on one fundamental question: May the Town of Ramapo (the "Town") accommodate the religious exercise of Hasidic Jews, a distinct minority population within its own jurisdiction. The Town submits this memorandum in response to the Court's July 2, 2008 order directing supplemental briefing "on the question of whether, if the Court finds the case properly removed on federal question grounds, the Court should sever the otherwise non-removable claims and remand all matter in which State law predominates pursuant to 28 U.S.C. § 1441(c)." The Town respectfully responds that 28 U.S.C. § 1441(c) does not apply to the claims at issue since they are not "separate and independent" but rather are all derived from a "common nucleus of operative fact," and moreover that the fundamental legal interests implicated by this common nucleus of facts are primarily federal interests instead of state or local interests, such that 28 U.S.C. § 1367 should guide the Court's decision. Furthermore, upon consideration of the factors enumerated in Section 1367, the Court should not remand any of the state law claims in light of the special circumstances presented by the federal counterclaims of co-Respondent Mosdos Chofetz Chaim ("Mosdos").

Significantly, in addition to the plaintiffs' federal claim on which removal is proper on federal question grounds—that the Adult Student Housing violates the Establishment Clause of the United States Constitution[1]—Mosdos has asserted several counterclaims over which the Court has original jurisdiction. More specifically, Mosdos has counterclaimed that the several Village Plaintiffs have violated their rights secured by the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Fair Housing Act ("FHA"). As discussed below, while the federal counterclaims would not necessarily serve as grounds for removal jurisdiction, the Court must exercise its original jurisdiction over those claims. As such,

---

[1] Count 11 of the Amended Verified Petition and Complaint ("Am. Compl.")

they should be considered to the extent the Court has discretion to remand the state law claims. The Court should not accept the Plaintiffs' suggestion that this case is merely about concerns with certain administrative procedural requirements not being followed, but rather is an effort to prevent the accommodation of the religious practices of the Hasidic Jewish faith. As the legislative history of RLUIPA notes, "often, discrimination lurks behind such vague and universally applicable reasons as traffic, aesthetics, or 'not consistent with the city's land use plan.'" Joint Statement of Senator Hatch and Senator Kennedy on the Religious Land Use and Institutionalized Persons Act of 2000, 146 CONG. REC. S7774 (July 27, 2000).[2] Plaintiffs' suit is yet another example of this phenomenon.

## ARGUMENT

**1. The State Law Claims Are Not "Separate and Independent" And, Therefore, Section 1441(c) Does Not Apply.**

Section 1441(c) provides for remand of "matters in which State law predominates" when (1) "a separate and independent claim or cause of action" that is removable is joined with an otherwise non-removable claim or cause of action and (2) the entire case is removed. That section does not, however, apply when pendent claims are involved, because "pendent claims are not 'separate and independent' within the meaning of the removal statute." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 354 (1988).

The Supreme Court has held that there is no separate and independent claim or cause of action under § 1441(c), "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951). Rather, the correct analysis for such claims is found by reference to 28 U.S.C. §

---

[2] Moreover, Congress intended that RLUIPA be construed to broadly protect religious exercise "to the maximum extent permitted by the terms of this Act and the Constitution." 42 U.S.C. 2000cc-5(g).

1367 which provides:

> The district court shall have supplemental jurisdiction over all other claim that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under article III of the United States Constitution.

Section 1367 (codifying the principle of pendant jurisdiction). Stated differently, "a federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon University*, 484 U.S. at 349 (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Accordingly, claims are part of the same case or controversy for the purposes of supplemental jurisdiction if they "derive from a common nucleus of operative facts." *SAT Int'l Corp. v. Great White Fleet (US) Ltd.*, No. 103 Civ. 7481, 2006 WL 661042, at *5 (S.D.N.Y. March 16, 2006) (exercising supplemental jurisdiction over state law claims where federal jurisdiction existed over admiralty claim and all state claims were related to plaintiff's misdelivered property and resulting loss).

In our case, there is the removable federal claim—claiming that the Adult Student Housing Law violates the Establishment Clause of the U.S. Constitution (Count 11)—and the otherwise non-removable state claims—alleging violation of the State Environmental Quality Review Act (Counts 1-6, 13), the Municipal Home Rule Law (Count 8), the General Municipal Law (Count 9), and alleging the Town Board's Actions were *Ultra Vires* and Void (Count 12). All of the claims derive from a common nucleus of operative facts. All of these claims arise out of the Town's efforts to accommodate religious exercise in its jurisdiction through the passage of the Adult Student Housing Law, the subsequent issuance of a building permit for the same purpose, and the now-stayed issuance of a certificate of occupancy for a completed but vacant set

4

of buildings intended to be used for the exercise of religion. The object of the federal claim dovetails with the object of the state law claims, namely, the nullification of the Adult Student Housing Law. The commonality of the factual predicate for the claims is also evidenced by "the fact that the federal law causes of action incorporate by reference the same paragraphs upon which the state causes of action are based." *See Dunlop v. City of New York*, No. 06 Civ. 433(KMK), 2006 WL 2853972, at *4 (S.D.N.Y. Oct. 4, 2006) (denying motion to remand). Moreover, all causes of action are linked by the evidentiary record relied upon to establish each claim, namely, the entire legislative record of the Adult Student Housing Law. In the federal claim, the plaintiffs expressly allege that "the legislative history shows that the Adult Student Housing Law is drawn to secure for one religious community a unique and significant zoning benefit as it is drafted to benefit four specific properties." Am. Compl. ¶ 288. Correspondingly, throughout the state law claims there are allegations of misfeasance and nonfeasance on behalf of the Town with respect to the passage of the Adult Student Housing Law which will necessarily require reference to the entire legislative history of the law.

Since plaintiffs' federal and state claims in the case at bar all arise out of a common nucleus of operative facts, plaintiffs' reliance on § 1441(c) is misplaced.

### 2. Applying the Section 1367 Test, The Court Should Not Remand The Supplemental State Law Claims.

Under § 1367, a district court may also have discretion to decline to exercise supplemental jurisdiction under certain circumstances, but should not do so here in light of the serious issues presented by principles of judicial economy, convenience, fairness, and comity. To the extent section 1367 provides discretion to direct a remand, the currently pending federal counterclaims militate against directing a remand, since resolution of those counterclaims would potentially bar any further prosecution of the state court action.

Section 1367 provides that the court may only decline supplemental jurisdiction over a claim (and, in this case, remand a claim) if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). After identifying a factual predicate corresponding to one of the categories of section 1367(c), the court may exercise its discretion, based on considerations of "judicial economy, convenience, fairness, and comity." *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 456 (S.D.N.Y. 2003) (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998)).

In our case, the state claim does not predominate over the serious federal issues raised by both the federal claim and counterclaims. *See SST Global Tech.*, 270 F. Supp. 2d at 456-58 (finding that state law did not predominate where there was "substantial interplay" between the federal and state law claims). Moreover, the Court still has jurisdiction over the federal claim and counterclaims and there are no exceptional circumstances which would otherwise militate against the exercise of supplemental jurisdiction. As for the existence of novel and complex State law issues, the claims based on SEQRA and state procedural requirements are anything but novel. Rather, the response to these claims is premised upon numerous, well-established precedents. So too, these State law claims are not complex, since the standards for review of the Town's legislative function as questioned in this case are straightforward.

To the extent that discretion exists under Section 1367, the Court must also consider questions of judicial economy, convenience, fairness, and comity. *SST Global Tech., LLC*, 270 F. Supp. 2d at 444. In this case, those considerations weigh heavily in favor of exercising

6

supplemental jurisdiction over the state law claims and denying any request for remand. Thus, the federal counterclaims could moot the state court claims and render any further proceedings on these claims unnecessary and a waste of judicial resources. Mosdos has interposed several counterclaims over which this Court has jurisdiction and over which it must exercise jurisdiction notwithstanding the fate of the federal claim in plaintiffs' Verified Complaint. *See National Research Bureau v. Bartholomew*, 482 F.2d 386, 389 (3d Cir. 1973) ("where . . . jurisdiction is independent, the counterclaim must be allowed to proceed without regard to the fate of the original claim ...").[3] As such, the existence of these counterclaims must be taken into account when considering the discretion afforded the Court regarding supplemental jurisdiction over the state law claims. Specifically, it must be noted that the relief sought through those counterclaims includes an injunction against the prosecution of at least some of the state law claims as well as a declaration that Mosdos be permitted to use the Nike Site property.[4] As such, a resolution of the federal claims in Mosdos' favor would moot the state court proceedings, while an immediate remand could result in duplicative and possibly conflicting results. Necessitating even a third round of litigation, Mosdos and the Town could reserve its federal rights for adjudication in this Court subsequent to the state court resolution under the doctrine enunciated in *England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 428 (1964).

Conversely, the Court would be free to revisit its exercise of supplemental jurisdiction in the event the federal claims are dismissed from the case. *See* 28 U.S.C. § 1367(c) (permitting remand of remaining state court claims after federal claims have been dismissed). These issues

---

[3] Notably, Mosdos's counterclaims are compulsory in nature since they "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13(a).

[4] Congress has declared a specific intent in providing a federal forum to enforce rights provided under RLUIPA. *See* 42 U.S.C. § 2000cc-2(c) ("Adjudication of a claim of a violation of section 2 in a non-Federal forum shall not be entitled to full faith and credit in a Federal court unless the claimant had a full and fair adjudication of that claim in the non-Federal forum.").

of judicial economy must guide the Court's discretion. *See Graf v. Elgin, Joliet and eastern Ry. Co.*, 790 F.2d 1341, 1347-49 (7th Cir. 1986) (Posner, J.) (noting judicial economy as the essential policy behind pendant jurisdiction, holding that district court should be allowed to resolve the case, "at least if the case can be resolved now by a ruling on an issue of federal law").

## CONCLUSION

The federal claim and counterclaims which are within this courts original jurisdiction are not merely peripheral to the state claims. Rather, they present serious allegations of constitutional violations that are properly addressed in federal court. Moreover, all of Plaintiffs' claims arise out of a series of events that are interrelated. Therefore, remanding the state law claims would result in duplicative work for the parties and the State and Federal court systems. Moreover, the federal counterclaims should be addressed prior to any decision to remand the state court claims since they could entirely moot the need for any further state court proceedings.

In 1952, the Supreme Court stated that "[w]hen the state encourages religious instruction or cooperates with religious authorities . . . , it follows the best of our traditions ... [by] respect[ing] the religious nature of our people and accommodat[ing] the public service to their spiritual needs." *Zorach v. Clauson*, 343 U.S. 306, 313-24 (1952). Congress has done so by enacting RLUIPA, and the Town strives to continue this tradition of religious freedom by accommodating the religious exercise of a targeted minority population within its own jurisdiction. The Plaintiffs' circuitous attempt to deprive Mosdos (and others similarly situated) of their right to religious instruction and the free exercise of their religion should not be sanctioned. This ongoing conflict is about religious freedom, and not a sincere concern about whether certain procedural requirements were observed. Accordingly, the Town respectfully submits that the Court should not sever the otherwise non-removable claims and remand all

8

matter in which State law predominates pursuant to 28 U.S.C. § 1441(c).

Dated: New York, New York
      July 14, 2008

Respectfully Submitted,

HOLLAND & KNIGHT LLP

By: _____
    John M. Toriello
    Patrick J. Sweeney
195 Broadway, Floor 24
New York, NY 10007
(212) 513-3200
(212) 385-9010 (facsimile)

Attorneys for Defendants The Town of Ramapo, The Town Board of the Town of Ramapo, The Planning Board of The Town of Ramapo, and The Board of Appeals of The Town of Ramapo.

# 5463469_v4